FILED

Wolfgang W. Halbig, Pro Se
25526 Hawks Run Lane
Sorrento, Florida 32776
Phone: 352-729-2559
Email: Wolfgang.halbig@comcast.net

2022 FEB 25   AM 10: 51

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

## UNITED STATES DISTRICT COURT
## OCALA DIVISION | MIDDLE DISTRICT OF FLORIDA

WOLFGANG W. HALBIG

Plaintiff,

vs.

LAKE COUNTY, FLORIDA,
THE LAKE COUNTY, FLORIDA SHERIFF,
ELLORY OSTERBERG- FORMER DEPUTY
(NO LONGER EMPLOYED BY LCSO)
COREY WINGO- DEPUTY
TODD ENGLISH- MAJOR
DAN CONLEE- DEPUTY
DANIEL MORALES- MASTER DEPUTY
MICHAEL MORRIS- DEPUTY
JONAH DEMKO- MASTER DEPUTY
DARREL THOMAS- CORPORAL
ERICA RODRIGUEZ- CORPORAL
JOSEPH SCHLABACH- SERGEANT
THE LAKE COUNTY DISTRICT ATTORNEY,
THE FLORIDA STATE ATTORNEY FOR SAO5,
ASSISTANT STATE ATTORNEY
STEPHANIE MAHANEY
ALL IN THEIR INDIVIDUAL, PERSONAL AND
OFFICIAL CAPACITIES AS SWORN OFFICERS
AND EMPLOYEES OF LAKE COUNTY,
FLORIDA, OR THE STATE OF FLORIDA, USA.

Defendants

Docket Number:  S:22 cv-106-JA-PRC

**DEMAND FOR JURY TRIAL**

## COMPLAINT

1.    Plaintiff Wolfgang W. Halbig, age 75, in the first and third-person Pro Se, sues the listed

Defendants all in their individual, personal, and official capacities and, for his Complaint with this,

alleges the following upon information and belief.

## PRELIMINARY STATEMENT

2.     This action is a civil rights and RICO complaint. I seek compensatory relief for violations of my civil rights secured by 42 USC § 1983, 1988, the First, Fourth, Fifth, and Fourteenth amendments to the United States Constitution.

3.     This action further asserts violations of federal statutes 18 USC § 241-242 Conspiracy against rights and deprivation of rights under color of law and 18 US Code § 4 - Misprision of felony wherein I am reporting such violations and seek Defendants' referral to proper Federal investigators and prosecutors.

4.     Defendants conspired, planned, and designed their actions to embarrass me publicly, damage me economically, silence my FOIA (Freedom of Information Act) inquiries and investigations directed to official government agencies.

5.     This action is also a Racketeer Influenced and Corrupt Organizations Act ("RICO") Complaint brought under 18 US C. § 1961, et. seq. I ground my Complaint on violations of federal law prohibiting the Obstruction of justice (section 1503), prohibiting the Obstruction of criminal investigations (section 1510), and denying the Obstruction of State or local law enforcement (section 1511).

6.     This claim arises from my arrest on January 27, 2020. Officers of the Lake County, Florida Sheriff's Office ("LCSO"), acting under the color of state law, intentionally, willfully, and wantonly subjected me to excessive, unnecessary force, illegal and false arrest, false imprisonment, and public humiliation. In Florida, it is unlawful to issue a warrant for a misdemeanor unless someone's already failed to appear or it's been established that there's a likelihood they won't appear in Court.

7.      The LCSO, the LCDA, and SAO5 employees would not ordinarily undertake such interest and control in their ordinary course of business and acted to cause harm to me unrelated to any legitimate law enforcement objective.

8.      I incurred attorney fees, suffered the loss of income, damage to my business properties and operations, False light presumptions and assumptions, endured physical pain and extreme mental and emotional anguish because of Defendants' wrongdoing then and by Defendants' practices and misconduct in the past.

9.      I am seeking special, compensatory, and punitive damages against the defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems proper.

## JURISDICTION

10.     Plaintiff brings this action under 28 USC § 1331, 42 USC § 1983, and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

11.     This action is also a Racketeer Influenced and Corrupt Organizations Act ("RICO") Complaint brought under 18 US C. § 1961, et. seq.

12.     I ground my Complaint on violations of federal law prohibiting the Obstruction of justice (section 1503), prohibiting the Obstruction of criminal investigations (section 1510), and denying the Obstruction of State or local law enforcement (section 1511).

13.     The amount in controversy exceeds $75,000.00.

## VENUE

14.     The United States District Court for the Ocala Division | Middle District of Florida contains the same venue as the Defendants Lake County location. The employees named in this complaint work within the Ocala Division. Additionally, a substantial part of the events giving rise to this claim occurred within the Ocala Division | Middle District of Florida.

**PARTIES**

15.     Plaintiff, Wolfgang W. Halbig, is a United States citizen and at all periods herein relevant resides in Lake County, City of Sorrento, and the State of Florida.

16.     The Office of the State Attorney for the Fifth Judicial Circuit (SAO5) is an official Florida State Government office.  It serves more than 1.2 million people and encompasses five counties, including Citrus, Hernando, **Lake**, Marion, and Sumter.  The Office of the State Attorney for Marion County Judicial Center (SAO5) has its principal place of business located at 110 NW 1 Ave, Suite 5000, Ocala, FL 34475.  Its employee and Defendant Stephanie Mahaney conducted operations from that location for the relevant periods.

17.     The County of Lake ("Lake County") is Lake County, Florida, a political subdivision of the State of Florida (Lake County), organized under the laws of the State of Florida with its principal place of business located at Lake County Board of County Commissioners, 315 West Main Street, PO Box 7800 Tavares, Florida 32778.

18.     Defendants Lake County, the Lake County Sheriff (LCSO), Lake County District Attorney (LCDA), State Attorney (SAO5), and certain employees thereof acted through the Lake County Sheriff's Office (LCSO), Lake County District Attorney (LCDA), and the State Attorney (SAO5 at all times relevant hereto. The respective individual names and positions of such defendants are in the list of Defendants contained within this Complaint.

19.     Upon information and belief, Lake County was responsible for the appointment, training, supervision, implementation, and conduct of all LCSO and LCDA matters.  Defendant County was also responsible for selecting, disciplining, retaining, and behavior of all LCSO and LCDA personnel.

20.     With periods always relevant, Defendant County was responsible for the LCSO and LCDA, ensuring that the LCSO and LCDA personnel obey the United States and the State of Florida laws.

21.     At periods always relevant, the listed defendants were Sworn-Officers, Deputy Sheriffs, or civilian employees of the LCSO, the LCDA, or SAO5.  Such employees acted as agents, servants, and employees of the County of Lake or the State of Florida.

22.     On information and belief and always relevant hereto, Sworn Officer, Deputy Sheriff Corey Wingo was Plaintiff's arresting Officer and a County or State employee.  The Officers present during the arrest were under the supervision and command of LCSO.

23.     All other individual Defendants, including individuals whose names are currently unknown to me, are or were employees of or were in collaboration with employees of the Lake County, Florida Sheriff's Office (LCSO), the Lake County, Florida District Attorney's office (LCDA), or The Florida State Attorney's Office (SAO5).

24.     Plaintiff Halbig sues each in their individual, personal and official capacities.

25.     Upon information and belief, the County of Lake, Florida owned, operated, controlled, and maintained the Lake County Sheriff's Office by charter, or by law, under the provisions of the State of Florida, USA.

26.     Upon information and belief, and always from now on, Defendant Sworn Officers Corey Wingo, Ellory Osterberg, and other unknown arresting officers were Lake County Deputy Sheriffs and Sworn Officers employed with the Lake County, Florida Sheriff's Office the date of this incident.

27.     Upon information and belief, and always from now on mentioned, all Defendant Sworn Officers contained within the list of Defendants were Lake County Deputy Sheriffs and Sworn Officers employed with the Lake County, Florida Sheriff's Office the date of this incident.

28.     At all times here, mentioned Defendants acted under the color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of Lake County, Florida, and the State of Florida.

29.     Upon information and belief, the Office of the State Attorney for the Fifth Judicial Circuit (SAO5) is an official Florida State Government office.

30.     Upon information and belief, SAO5 employees collaborate, conspire, and cooperate with the Lake County District Attorney (LCDA), the District Attorneys' Office ["DA"] employees, Assistant District Attorneys of Lake County, Florida ["ADAs"] and LCSO.

31.     The District Attorney ["DA"] and Assistant District Attorneys of Lake County, Florida ["ADAs"] are agents and employees of Lake County, Florida, with offices in Lake County, a political subdivision of the State of Florida Attn: County Attorney 315 W. Main Street, Suite 335 PO Box 7800 Tavares, FL 32778.

32.     Upon information and belief, the Lake County, Florida USA District Attorney is responsible Under Florida State law for making policy in the County of Lake and the Cities contained therein. Therefore, the Lake County, Florida District Attorney is a policymaker for the County of Lake and its conduct.

## NOTICE OF CITIZEN'S COMPLAINT

33.     Preceding the arrest incident, Plaintiff filed a written Notice of Liability and Citizens Complaint with the LCSO. Over four years have elapsed since the notice's filing, and the LCSO has not settled or otherwise disposed of this matter to date. (**See Exhibit 1** annexed hereto)

## STATEMENT OF FACTS

34.    On January 27, 2020, in the early morning hour of approximately 1:30 AM, no fewer than four armed Officers of the Lake County Florida Sheriff's Office surrounded my residence in a gated community in the City of Sorrento.

35.    Some Officers hid in the bushes while apparently, one knocked on my home's front door, disturbing my pet dog. I awoke from deep sleep to the unusual sound of the dog and went to the door. I opened the door, looked out, and momentarily attempted to assess the cause of the dog's disturbance.

36.    To my surprise, deputies put me under arrest, handcuffed me, and proceeded to march me across a golf course in short pants and undershirt to a waiting patrol car.

37.    Officers pushed me into the back seat of this small patrol vehicle in a sideways laying position such that I could not use the seat belt, kept me handcuffed with my hands behind my back, and face down to the seat.

38.    During the previous eight (8) years, several responsible parties conducted actions victimizing me, including individuals from the following public offices,

39.    1__The office of the Lake County Florida Sheriff (LCSO), and

40.    2__the office of the Lake County Florida District Attorney (LCDA).

41.    As proven by documents, affidavits, and witness' testimony, Defendant's actions constitute wanton police misconduct, illegal and false arrest, conspiracy,  prosecutorial misconduct, and racketeering, all having little or no legitimate law enforcement objectives.

## PLAINTIFF'S CLAIM

42.    With premeditation, Defendants designed and planned to stop my questioning of Defendants and deprive me of my Constitutional rights to speak freely. Also, restrict my freedom

of association, limit my FOIA inquiries regarding public documents, and ruin me financially by damaging my business properties and operations.

43.    The sole purpose of the defendants' conspiracy actions was to silence me.

44.    Upon information and belief, employees of the Lake County Sheriff's Office (LCSO) and the Lake County DA's office (LCDA) possessed exculpatory material regarding my arrest. Defendants purposely concealed such exculpatory evidence or failed to recognize such material promptly.

45.    The failure to turn over "Brady" exculpatory material was more than wrongful conduct by one ADA. [Brady v. Maryland, 373 US 83 (1963)] It had to be perpetuated and ratified by high-level officials in the Lake County District Attorney's Office (LCDA), the Lake County Sheriff's Office (LCSO), and specific Florida State Attorney's Office (SAO5) employees.

46.    I allege all Defendants tried to cover up their misconduct and, failing that, withheld, or ignored exculpatory evidence.

47.    Because the Lake County District Attorney is a policymaker for the County of Lake concerning the administration of that office, the unlawful policies and practices complained of and tolerating such misconduct was the moving force and proximate cause of my arrest. Therefore, Lake County is liable to me according to Monell v. City of New York, 84 A.D.2d 717 and 42 USC § 1983.

## FIRST CAUSE OF ACTION
### (False Arrest, False Imprisonment, Excessive Force, & Civil Rights Violations)

48.    Plaintiff restates and re-alleges Paragraphs 1-47 set forth herein.

49.     Upon information and belief, the actions taken as aforesaid by Defendant Sworn Officers Ellory Osterberg and Corey Wingo were an unreasonable use of force, deprivation of my liberty, an attack upon my business properties, and my reputation without due process of law in violation of the Fourth Amendment.

50.     Their actions violated Florida law regarding an arrest for a misdemeanor.

51.     Defendants easily could have telephoned me and asked me to come to the Lake County Sheriff's office to answer their Complaint and submit to arrest during regular business hours but chose not to.  Defendants could have issued a notice to appear but decided not to.

52.     Instead, the named Defendants and other Sworn Officers acted with actual malice toward me with willful and wanton indifference and deliberate disregard for my statutory and constitutional rights. Cir. 2017). "[O]fficers have a duty to independently evaluate a situation when they arrive if they have an opportunity to do so." *Rice v. Morehouse*, 989 F.3d 1112, 1122 (9th Cir. 2021) (citing *Deorle v. Rutherford*, 272 F.3d 1272, 1277 (9th Cir. 2001)).  Therefore, Defendants violated my fourteenth Amendment Rights under the "class-of-one" doctrine whereby (1) the officers treated me differently from other similarly situated persons; (2) the difference in treatment was intentional; and (3) the difference in treatment was not rationally related to any legitimate law enforcement purpose.

53.     Solely because of Defendants' actions, I sustained severe nervous shock, intrusion, mental anguish, physical pain, emotional upset, extraordinary financial costs, public humiliation, and false light exposure highly offensive or embarrassing to a reasonable person of ordinary sensibilities.

54.     My injuries include humiliating national news coverage caused by defendant officers marching me across a golf course in shorts and undershirt and false light lies conveyed to the Media.  Such lies, presumptions, assumptions, and characterization directly impacted my business

properties and personal reputation within my community and on a national level. The false light lies have destroyed my national school safety consulting business and my Childrens' Safety Institute company.

55.     One obscure false light lie is contained within the LCSO Case Report for Incident 160122274, which depicts me as a "Mental Patient." Such reporting is untrue, malicious, and defamatory. The LCSO provides no medical basis for such reporting and refuses to give its source. Still, it has been available to any law officer for any reason at any time. (**See Exhibit 2**)

56.     Additionally, officers caused my Neck, Shoulder, and Back pain by stuffing me sideways, in a laying position, into the backseat of a patrol car, face down with my hands cuffed behind my back.

57.     I could not anticipate nor expect such behaviors from any law enforcement agency. I was then age 74, a former Florida Highway Patrol Officer, US Customs Agent, public School administrator, and self-employed School Safety Expert, including instructing the US Department of Justice "Cops in Schools" program.

58.     And, of most importance, I had at that time separate written communications in progress with the office of the Lake County Sheriff (LCSO), The office of the Lake County District Attorney (LCDA), the office of the Florida State Attorney, the Federal Bureau of Investigation (FBI) and contacts within the US Department of Justice.

59.     All these communications were unanswered and NOT yet settled or disposed of but with full expectation, belief, and the reasons that said entities would provide responsive and meaningful return communications.

60.     Viewing and comprehending the original arrest warrant shows it is for a misdemeanor. Still, the document in the arresting officers' possession at the time of my arrest is marked as a

felony. Upon my attorney's demand for exculpatory evidence, the charge was reduced to the original misdemeanor and assigned to a traffic Court Judge.

61.    Therefore, Defendants presented false and misleading testimony and argument against me in arranging my arrest and failed to correct testimony and statements of complainant Pozner.

62.    Defendants could have known and should have known that complainant Pozner was a vexatious litigant and unreliable source of information. Defendants are well aware the word of an unreliable civilian complainant should not serve as probable cause to arrest. This duty is especially true where the accused and the complainant knew each other before the alleged incident. See Mistretta, 5 F. Supp. 2d at 133 (*"The most common situation in which such doubts arise is when there exists a prior relationship between the victim and the accused that gives rise to a motive for a false accusation."*).

63.    In the previous five years, complainant Pozner had brought similar privacy complaints against the City of Del Ray Beach, one of its employees, the Tampa Office of Alcohol, Tobacco and Firearms, and one of its employees.

64.    The most apparent incidents are my trespassing complaint against Pozner handled by LCSO and Pozner's self-terminated 2016 civil lawsuit perpetrated against me for two and one-half years, then withdrawn when ordered that he sit for a video deposition.

65.    Simple research reveals three separate photographs supposedly of complainant Pozner, who depict different individuals.

66.    Complainant Pozner's identity must be verified thoroughly, and defendants must explain the inconsistencies regarding the three photographs. Pozner's identity should be verified to an appropriate extent to the Court and all parties.

67.     At this juncture, complainant Pozner seems to be a manufactured composite, not a natural person.

68.     I believe the LCSO and LCDA employees cannot physically produce this person to the Court nor provide a fingerprint, driver's license, passport, photographic, Social Security, birth certificate, or any other generally accepted means of identifying this person.

69.     In media generally available to the public, complainant Pozner has been shown only from the waist down.  To my knowledge, he has never physically appeared at any of the civil actions mentioned supra.

70.     Defendant Officers Ellory Osterberg, Corey Wingo, and their supervisors failed to identify complainant Pozner correctly and individuals acting on behalf of LCSO, the Lake County Florida District Attorney LCDA, and its ADAs withheld favorable material evidence from my attorney and me after my arrest.

71.     Perpetuating and ratifying such misconduct extended my Court procedures.   More precisely, Defendants lied by the omission of material evidence, dramatized the arrest, and lengthened the Judicial process with the intent of bankrupting me, silencing my inquiries, damaging my business properties, and infringing on my First Amendment Rights to speak and associate freely.

72.     Upon information and belief, certain SAO5 employees, the Lake County District Attorney, and his Assistant District Attorneys have furthered and implemented this policy by maintaining a review system of its ADA's conduct and that of LCSO.

73.     Defendants had been notified of complaints but repeatedly failed to investigate charges that employees were violating my constitutional rights.  (**See Exhibit 1** annexed hereto)

74.     The response policy is untimely, cursory, and ineffective, which permits and tolerates the withholding of Brady Material, violations of the Constitution, and deprivations of liberty without due process of law.

75.     At all times pertinent hereto, the ADA's prosecuting me were acting within the scope of their employment and according to the policies mentioned above and practices of the Lake County District Attorney's office and SAO5.

76.     The forgoing systemic policies and practices enforced by the Lake County District Attorney's office and SAO5 employees were the moving force, proximate cause, and the affirmative link behind the conduct of the Lake County Employees.

77.     Such wanton conduct caused Brady material withholding, resulting in my illegal and false arrest, physical injuries, incarceration, public humiliation, delayed judicial proceedings, damage to my business properties and operations, and bankrupting legal defense costs.

78.     Therefore, certain employees of SAO5 and the County of Lake are liable for violating my constitutional rights through the District Attorney of Lake County, personally through his authorized ADAs and the LCSO.

79.     Because of the preceding, Defendants damaged me in an amount that exceeds all lower courts' jurisdictional limits, which would otherwise have jurisdiction in the amount of THIRTY MILLION [$30,000,000.00] DOLLARS.

## SECOND CAUSE OF ACTION

### (Violations of Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 USC §§ 1961, ET SEQ.)

80.     Plaintiff restates and re-alleges Paragraphs 1-79 set forth herein.

81.     This Complaint arises with the Racketeer Influenced and Corrupt Organizations Act ("RICO") brought under 18 US C. § 1961, et. seq.

82.     I ground my Complaint, citing multiple violations of federal law prohibiting the Obstruction of justice (section 1503), prohibiting the Obstruction of criminal investigations (section 1510), and prohibiting the Obstruction of State or local law enforcement (section 1511).

83.     The RICO Enterprise alleged in this Complaint is the Lake County Florida Sheriff's Office (LCSO), The Lake County, Florida District attorney's office (LCDA), and the Florida State Attorney's Office (SAO5), which include the named Defendants and certain officers, directors, and employees.

84.     The individual Defendants and the corporate Defendants, including their officers, directors, employees, and members, jointly conducted and participated directly and indirectly in the Enterprise's affairs to injure me.

85.     Since at least 2013, Defendants, utilizing the Enterprise, have engaged and continue to engage in unlawful and intentional: Obstruction of justice, Obstruction of criminal investigations; and, Obstruction of State or local law enforcement by subjecting me to assault, arrest, intimidation, and false light abuse, then covering up and concealing my legal freedom of information FOIA requests and demands to investigate Defendants' abuses.

86.     Defendants and the Enterprise obtained and continue to receive public funds, assets, and information.  In the process, Defendants cheat and defraud me out of my potential business enterprise, employment, finances, and support—in short, my life.

87.     Defendants carried out these intentional acts through the Enterprise in violation of 18 USC § 1961, et seq.

88.     Lake County, Florida is liable for the current and former LCSO and LCDA Employee's above-described wrongful conduct and abuse committed during the course and scope of their employment and while the LCSO Employees were under Defendants' employ, command, supervision, direction, and control and the respective representation of Defendants under the doctrine of respondent superior and agency theory; since Defendants committed such wrongful conduct (i) within the Lake County Employee's general authority while the LCSO and LCDA Employees were under Defendants' employ, command, supervision, direction, and control, (ii) in furtherance of Defendants' operations and commercial activity in the United States, and (iii) while accomplishing the objectives for which Lake County hired the employees.

89.     These activities directly and proximately caused me to suffer and continue to suffer mental anguish, physical pain, false light, economic damages, and other actual and consequential injuries.

90.     Defendants took active steps to conceal their above-described wrongful actions, inaction, omissions, cover-up, deception, concealment, and obstructive behavior regarding investigations and conspiracy of silence.

91.     The details of Defendants' efforts to conceal their unlawful conduct are in their possession, custody, and control, to the exclusion of Plaintiff, and await further discovery.

92.     When I learned some of this material information, I exercised due diligence by investigating the situation, retaining counsel, and pursuing my claims.

93.     Defendants fraudulently concealed their wrongful conduct. Therefore, if necessary, all applicable statutes of limitation are tolled under the fraudulent concealment doctrine.

94.     Defendants took active steps to conceal their above-described wrongful actions, inaction, omissions, cover-up, deception and concealment, obstructive behavior regarding investigations, and conspiracy of silence.

95.    The details of Defendants' efforts to conceal their unlawful conduct are in their possession, custody, and control, to the exclusion of Plaintiff, and await further discovery.

96.    When I learned some of this material information, I exercised due diligence by investigating the situation, retaining counsel, and pursuing my claims.  Defendants intentionally concealed their wrongful conduct.

97.    Therefore, if necessary, all applicable statutes of limitation are tolled under the doctrine of equitable estoppel.

98.    Defendants took active steps to conceal their above-described wrongful actions, inaction, omissions, cover-up, deception and concealment, obstructive behavior regarding investigations, and conspiracy of silence.

99.    The details of Defendants' efforts to conceal their unlawful conduct are in their possession, custody, and control, to the exclusion of Plaintiff, and await further discovery.  When I learned this information, I exercised due diligence by investigating the situation, retaining counsel, and pursuing my claims.  Thus, the defendants intentionally concealed their wrongful conduct.

100.    Therefore, if any, all applicable statutes of limitation are tolled under the doctrine of equitable tolling.

## CONTINUITY

101.    Defendants' acts constitute a pattern of racketeering activity because they involve a threat of continuing action, which occurred.

102.    The predicate acts of the Defendants, which extended for a period greater than three (3) years, demonstrate the existence of "closed-ended continuity" in that said acts refer to a closed period of repeated conduct.

103. Besides, the predicate acts of the Defendants demonstrate the existence of "open-ended continuity" in that the racketeering acts themselves include specific threats of repetition extending into the future, are part of the Enterprise's regular way of doing business, and did, tragically, extend into the future.

## STANDING

104. As stated supra, Defendants injured Plaintiff in his "business or property" as a direct and proximate result of the Defendants' predicate acts and RICO violations.

105. Upon information and belief, my damages and injuries caused directly by the Defendants' RICO violations were a reasonably foreseeable consequence of Defendants' RICO violations and are clear and definite.

106. In addition to the injuries to business or property identified supra, I have suffered additional injuries to my "business and property" because of my lost opportunity to sue Defendants for my personal, financial, and emotional wounds, which I incurred by Defendants' acts and omissions.

107. At all material times, Defendants knew that I would suffer numerous and severe injuries to my "business or property" because of their ongoing misconduct, racketeering activities, self-concealing fraud, fraudulent misrepresentations, and concealments.

108. At periods always material hereto, the Defendants knew that the specific injuries, particularly to my "business or property," which I incurred due to Defendants' acts or omissions, were reasonably foreseeable and a natural consequence of said acts or omissions. I was the specific target of the Defendants' Racketeering Enterprise at all material times.

109. Defendants' misconduct, as alleged herein, was the proximate cause of my injuries, particularly to my "business or property," as there was a direct relationship between my injuries and Defendant's harmful and damaging conduct.

110.    The Defendants' racketeering activities and Civil RICO predicate act, as alleged herein, were a proximate cause of my injuries, particularly to my "business or property." Thus, there was a direct relationship between my injuries and Defendant's racketeering activities and Civil RICO predicate acts.

## CORPORATE CONSIDERATIONS

111.    The racketeering activities of Defendants LCSO, LCDA, and SAO5 employees are distinct from those of Defendants Deputy Sheriffs Ellory Osterberg and Corey Wingo.

112.    SAO5 employee Stephanie Mahaney and currently unknown LCSO, LCDA, and SAO5 employees used their positions of influence in the LCSO to persuade the LCSO Employees, including Deputy Sheriffs Ellory Osterberg and Corey Wingo, to conceal, cover-up, condone and facilitate the arrest and abuse of the Plaintiff.

113.    Defendant Lake County had interest and power over the Enterprise.

114.    Defendant's interest and influence connect to the racketeering activity of the Defendants employees.

115.    The LCSO, the LCDA, and SAO5 employees would not ordinarily undertake such interest and control in their ordinary course of business.

116.    Unknown Lake County employees directed the Racketeering Activities of Defendants Deputy Sheriffs Ellory Osterberg and Corey Wingo.

117.    Defendants worked with other employees to conceal, cover up, condone, and facilitate the civil rights, conspiracy, and racketeering abuse of Plaintiff Halbig.

## STATUTE OF LIMITATIONS CONSIDERATIONS

118.    Civil RICO claims are subject to a **four-year statute** of limitations.

119. The Statute of Limitations on Plaintiff's Civil RICO claim should toll as a matter of estoppel, equity, and the fraudulent concealment doctrines because of Defendant's preceding acts and omissions.

120. Defendants wrongfully and fraudulently concealed, conspired to cover and continue to hide facts that indicate that Defendants were negligent and recklessly indifferent to my rights, health, safety, and property. All Defendants were malicious, culpable, and engaged in a pattern of racketeering activity concerning the concealment, cover-up, condonation, and facilitation of my LCSO, LCDA, SAO5, and their employees' abuse.

121. I exercised due diligence to ascertain the facts as alleged herein.

122. Defendants' prolonged, systematic, and successful concealment of facts pleaded herein, and many other points are only known to Defendants. Thus, I could not have earlier discovered the existence of my Civil RICO claim by exercising any additional or different due diligence as described supra.

### SUMMATIONS OF THE SECOND CAUSE OF ACTION

123. VIOLATIONS OF RICO, 18 USC §§ 1961, ET SEQ.

124. I reallege and incorporate by reference the above paragraphs as if fully set herein.

125. Plaintiff Halbig is a "person" within the meaning of 18 USC §§ 1961(3).

126. Defendants are "persons" within the meaning of 18 USC § 1961(3).

127. The Enterprise is an "enterprise" within the meaning of 18 USC §§ 1961(4) and 1962(c). Therefore, at all relevant times, engaged in the activities that affected interstate commerce within the meaning of 18 USC §§ 1961(4); 1962(c).

128. Defendants conducted and participated in the business and financial affairs of the Enterprise through a pattern of unlawful activity within the meaning of 18 USC §§ 1961(1)(B);

1961(5); 1962(c)—to wit, the above-described multiple, repeated, and continuous acts of (1) obstruction of justice; (2) obstruction of criminal investigations; and (3) obstruction of State or local law enforcement.

129.    Defendants' pattern of unlawful activity and corresponding violations of 18 USC § 1962(c) through the Enterprise directly and proximately caused Plaintiff to suffer injury to his businesses and property within the meaning of 18 USC § 1964(c)—to wit, Defendants damaged me and will continue to injure me by engaging in the above-described

> (1) Obstruction of justice.

> (2) Obstruction of criminal investigations and

> (3) Obstruction of State or local law enforcement.

130.    As a direct and proximate result of all Defendants' above-referenced wrongful actions, inaction, omissions, cover-up, deception, concealment, and obstructive behavior regarding investigations, and the conspiracy of silence,

131.    One - I have suffered and will continue to suffer physical and mental pain, economic and property damages, and other actual and consequential injuries.

132.    Two - Defendants have maintained and will continue to keep their reputations maintained and expanded and will continue to expand and maintain their commercial operations in the United States whereby Defendants and the Enterprise obtained and will continue to accept public funds, assets, and other property; and

133.    Three - Defendants wrongfully shifted the arrest's risk, expense, pain, and suffering on false charges by an unknown and unidentified complainant to me.

134.    Defendants intentionally engaged and continue to engage in these wrongful actions, inactions, omissions, cover-ups, deception, concealment, obstructive behavior regarding

investigations, the conspiracy of silence, and reputational false lights detrimental to my personal, mental, psychological, and financial well-being.

135.    Defendants' above-described unlawful and intentional Obstruction of justice, Obstruction of criminal investigations, and Obstruction of State or local law enforcement violated and continue to violate 18 USC § 1962 by infringing 18 USC §§ 1510(a); 1511(a).

136.    Under 18 USC § 1964(c), I am entitled to automatic treble damages for Defendants' above-described unlawful and intentional schemes and conspiracy to defraud, cheat, and commit the above-referenced wrongful actions, inaction, omissions, cover-up, deception, concealment, and obstructive behavior regarding investigations, in violation of 18 USC §§ 1962.

137.    The Defendants willfully committed the above-described wrongful actions, inaction, omissions, cover-up, deception, concealment, and obstructive behavior regarding investigations, a conspiracy of silence wantonly, and with reckless disregard for my rights and interests. Accordingly, Plaintiff is entitled to punitive damages from Defendants as punishment and discouragement of such wrongful conduct in the future.

**WHEREFORE,** Plaintiff demands judgment as follows,

1.  Judgment on the First Cause of Action against Defendants for THIRTY MILLION [$30,000,000.00] DOLLARS.

2.  Judgment on the Second Cause of Action against Defendants in an amount that exceeds the jurisdictional limits of all lower courts that otherwise have jurisdiction.

3.  Judgment for Punitive Damages against Defendant Sworn Officers Ellory Osterberg and Corey Wingo, in the amount of THIRTY MILLION [$30,000,000.00] DOLLARS as punishment and discouragement of such wrongful conduct in the future.

4.  Judgment for costs and disbursements for reasonable attorney's fees under the applicable Federal Statutes and such other and further relief as this Court deems proper.

## PLAINTIFF'S REQUEST

The misconduct detailed against (LCSO) employees, the Lake County District Attorney (LCDA) employees, and The Florida State Attorney's Office (SAO5) employees is well outside the scope of immunity protection. Should the Court decide that the exhibits submitted by opposing counsel to support converting any motion to dismiss to a motion for summary judgment are valid on their face, despite my allegations, I ask for discovery rights before being required to produce opposing affidavits.

# EXHIBIT 1

. Leonard Pozner vs Wolfgang Halbig     2015CA1693

**Subject:** LCSO complaint revised on email html
**Date:** Tuesday, September 27, 2016 10:02:03 PM Eastern Daylight Time
**From:**
**To:** Wolfgang Halbig

2016 OCT -5 AM 11:25
CLERK OF CIRCUIT
AND COUNTY COURT
LAKE COUNTY
TAVARES FLO



## Lake County Sheriff's Office
### Internal Affairs Bureau

## FLORIDA STATUTES

RECEIVED

OCT 0 4 2016

DON F. BRIGGS
CIRCUIT JUDGE

**Perjury When Not in an Official Proceeding - F.S. 837.012**

Whoever makes a false statement, which he does not believe to be true, under oath, not in an official proceeding, in regards to a material matter shall be guilty of a misdemeanor of the first degree, punishable by up to one year in jail.

Knowledge of the materiality of the statement is not an element of this crime, and the defendant's mistaken belief that his/her statement was not material is not a defense.

**Civil Suits Brought By Law Enforcement or Correction Officers – F.S. 112.532**

Every law enforcement officer or correctional officer shall have the right to bring civil suit against any person, group of persons, or organization, or the head of such organization or corporation, for damages, either pecuniary or otherwise, suffered during the performance of the officer's official duties or for abridgement of the officer's civil rights arising out of the officer's performance of official duties.

I hereby swear or affirm that the allegations made by me against a member or members of the Lake County Sheriff's Office is (are) true to the best of my knowledge and belief.

Further, by affixing my signature to this document, I understand that if I have wrongly accused the employee(s) of criminal conduct, as defined by Florida Statutes, the employee(s) may elect to seek redress of the unfounded accusation(s) by referring the matter to the appropriate court for disposition.

_____
Complainant's Signature

Sept 29, 2016
Date

*Sworn to and Subscribed before me this* 29 *day of* September , 2016.

_____
Notary Public / Law Enforcement Officer

ELGIN AGUILAR
Notary Public, State of Florida
Commission# FF 110006
My comm. expires Apr. 06, 2018

_____ Personally Known to Me
_____ Produced Identification  Type:_____

 

## Lake County Sheriff's Office
## Citizen's Complaint

| | |
|---|---|
| Complainant's Name: **Wolfgang W. Halbig** | |
| Street Address:  **25526 Hawks Run Lane** | |
| City:  **Sorrento** | State:  **Florida**  Zip: **32776** |
| Home Phone Number: **(352) 729-2559**  Work Phone [ ] **) 496-5551** | |
| (OPTIONAL)  DOB: **8-10-1946**  Sex: **M**  Race: **W**  SS# | |
| Date of Alleged Incident: **12/6/2013**  **On-going**  Time of Alleged Incident: | |
| Location of Alleged Incident: **25526 Hawks Run Lane, Sorrento, Florida  32776** | |

### Narrative

| Subject Officer: { } Sworn { } Civilian {**X**} Unknown |
|---|
| Subject Officer: { } Sworn { } Civilian { } Unknown |
| Subject Officer: { } Sworn { } Civilian { } Unknown |

Nature of Complaint: **ABUSIVE LAW ENFORCEMENT - DEPRIVATION OF CIVIL RIGHTS – FALSE CLAIM ON A POLICE REPORT – FORMAL RQUEST FOR OFFICIAL INVESTIGATION**

**Administrator,**
**Persons unknown to me are currently cyber stalking me on Internet social media. The same or other unknowns have physically threatened me by mailing materials to my home via the United States Postal Service. Officers of the Lake County Sheriff have not investigated my complaints. At least one official document of the office of the Lake County Sheriff contains erroneous, deceptive and inflammatory information about me.**

**Certain LCSO officials, arrived at my home uninvited, dressed in civilian clothing, demonstrated exceptional foreknowledge of my personal information and used coercion, threats of arrest and intimidation with a show of force while ordering me to stop asking questions regarding my gainful employment.**

**I expect the office of the Lake County Sheriff to provide proper, verifiable and accountable written answers to the following NARATIVE COUNTS and specific DATED INCIDENT questions forthright and in a timely manner, meaning in less than thirty days or by October 27, 2016.**

COUNT 1__Two or more persons have conspired to injure me, oppress me, threaten me, intimidate me and deprive me of my civil rights and privileges provided to me when I became a Naturalized US Citizen in 1968 at Abilene, Texas.

My repeated written and verbal notifications to the office of the Lake County, Florida Sheriff and Postmaster Joe Morabito, of the Sorrento, Florida Post Office end with verbal diversions and obfuscation from them.  These officials still refuse to investigate my formal complaints of criminal acts against me even when I am providing them with physical and documentary evidence.  These are overt acts of negligence and derelictions of their duties.  Explain why they cannot do their assigned work.

COUNT 2__ Separately, the same office of the Lake County, Florida Sheriff and its agents violated my Constitutional Right of Free Speech on December 6, 2013..

They acted in association with Connecticut State Police agents and the Newtown, Connecticut Police Department, and its agents to violate my Constitutional Right of Free Speech by using coercion, threats of arrest, intimidation with their uninvited presence and a show of force.  These officials, dressed in civilian clothing, demonstrated exceptional foreknowledge of my personal information and committed these acts at my home.  They then refused to investigate my formal written and verbal complaints of others criminal acts against me.  The acts of the employees of the office of the Lake County sheriff and of the US Post Office are violations of US CODE 18 - 241 and 242. Explain why these officials violate US CODE 18 – 241 and 242.

COUNT 3__On a Lake County Sheriff's Office case report for incident number 160122274, the report, dated 8-10-16 on the lower right corner, clearly states an "Alert Code" near the left center of the page.  The code clearly states "MPAT Mental Patient". I am NOT now nor have I EVER been a mental patient and therefore demand that the office of the Lake County Sheriff provide the source of this error to me in a letter of explanation.

Your letter to me should clearly state all of the details from where the LCSO obtained this erroneous data and clearly state the names of the medical or psychiatric professionals that provided the LCSO with this erroneous information.  Explain how the LCSO will immediately correct the error on all previous and subsequent reports associated with me.  Explain why this error happened.  Your official letter should further clearly explain why the office of the Lake County Sheriff contacted my family members on their cell phones and told them that I am mentally unstable.  Explain who gave the order to call my family members and for what purpose.  Explain why the Sorrento, Florida Postmaster, Joe Morabito, knew to come to my home at 25526 hawks Run Lane to share with me that the office of the lake County Sheriff contacted him and told him that the Sheriff's Office will do nothing to help me since I am declared to be mentally unstable.

**The following are specific questions regarding the uninvited visit by alleged official LCSO employees to my home on Dec 6, 2013.**

My Question 1__Watkins and Huskey introduce themselves to me as homicide investigators for the office of the Lake County Sheriff.
Your answer  1__True or False

My Question 2__Watkins and Huskey arrived at my home uninvited, and dressed in civilian clothing then demonstrated exceptional foreknowledge of my personal information.  These men used coercion, threats of arrest and intimidation with a show of force while ordering me to stop asking questions regarding my gainful employment. They specifically ordered me to stop asking questions about the Sandy Hook, Connecticut school shooting of December 14, 2012.  They then informed me that the Connecticut State Police would arrest and extradite me with their aid if I failed to follow their orders.
Your answer  2__True or False

My question 3__Watkins and Huskey had a complete Dossier on me when interrogating me at my home at 25526 Hawks Run Lane, Sorrento, Florida  32776.
Your answer 3__True or False

My question 4__Watkins and Huskey reviewed my complete Dossier with me.  Then using coercion, threats of arrest, intimidation with a show of force they ordered me to stop asking Sandy Hook questions that are specifically pertinent to and regarding my gainful employment.
Your answer 4__True or False

My question 5__Who directed the office of the Lake County Sheriff to come to my home to interrogate me on Dec 6, 2013.
Your answer 5__Requires narrative

My question 6__To whom did Watkins and Huskey respond or report after they interrogated me?
Your answer 6__Requires narrative

My question 7__To what agency, State or Jurisdiction did Watkins and Huskey respond or report.
Your answer 7__Requires narrative

My question 8__Why is Watkins, Huskey and LCSO refusing to provide me with a copy of the Dossier that they pulled from DAVID and the NCIC computers.
Your answer 8__Requires narrative

My question 9__Did they have an earlier copy of the Dossier in their file drawer?
Your answer 9__Requires narrative

My questions 10__Why are Watkins and Huskey refusing to provide me with copies of their incident reports or narratives they wrote up after their interrogation of me at my home.

Your answer 10 __ Requires narrative

**The following are specific questions regarding an uninvited visit by an alleged official LCSO employee to my home on February 17, 2014.**

A Deputy Dobbs driving a marked LCSO vehicle came to my home at 25526 Hawks Run Lane, Sorrento, Florida  32776.  He apologized before interrogating me with the questions that he said he is required to ask me.  Deputy Dobbs asked the following questions.
1 __ How many guns do you own?
2 __ What clothing do you wear?
3 __ Do you ware camo pants and camo shirt?

My question to numbers 1, 2, and 3 are why does the LCSO want to know?
Your answer requires a narrative.

Deputy Dobbs made the following statements.
4 __ He told me that if I travel to Newtown, Connecticut I must let the Newtown Police know that I am in Newtown.
5 __ He told me that his orders were to observe my home in regards to how many deer heads I had hanging on my walls.

My question to numbers 4 and 5 is who are the official or non-official people that ordered this officer to question and command me?
Your answer requires narrative

This letter and its attachments serve as my initial filing of complaints against the office of the Lake County, Florida Sheriff.  This complaint addresses 1, their failure to perform their duties to serve and protect a member of the public, 2, their coercion, threats, suppression and intimidation of me as a victim and a reporter of criminal activity within their Jurisdiction and 3, displaying false information on an official agency document.  I expect the office of the Lake County Sheriff to answer these three COUNTS questions and specific DATED INCIDENT questions forthright and in a timely manner, meaning within thirty days or by October 27, 2016

Complainant's Signature: _____     Date: Sept 26, 2016

Is This Statement Continued:  Yes _____     No _____

SUNCOAST DISTRICTCONSUMER AFFAIRS


**UNITED STATES**
**POSTAL SERVICE**

June 21, 2016

2016 JUN 23  PM 3: 44

Senator Marco Rubio                          RECEIVED-ORLANDO
Attn: David Huff
201 South Orange Ave Suite 350                            . :.:
Orlando FL 32801

Dear Senator Rubio:

Thank you for contacting the United States Postal Service regarding the concerns of your constituent, Wolfgang Halbig.

Please know that the United States Postal Inspection Service has reviewed and spoken with Mr. Halbig about this case in the past. He has been informed the case has been turned over to the Lake County Florida Sheriff's Office for any further investigation.    No further involvement by the U.S. Postal Inspection Service is warranted at this time.

Thank you for calling this matter to our attention.

Sincerely,

Gary Desmond
Manager, Consumer & Industry Contact

PO Box 39756
TAMPA, FL 33630-9756
813-354-6200
FAX: 813-354-6150

# EXHIBIT 2



# LAKE COUNTY SHERIFF'S OFFICE

Case Report for Incident 160122274

**Nature:** S27A
**Location:** L5

**Address:** 25526 HAWKS RUN LN
SORRENTO FL 32776

**Offense Codes:**
**Received By:** JACKSON 2233                    **Agency:** LCSO
**Responding Officers:** SOMMER 1355, SNYDER 1857, BOWLIN 1389
**Responsible Officer:** SOMMER 1355            **Disposition:** INA 08/04/16
**When Reported:** 09:28:00 08/04/16       **Occurred Between:** 09:27:50 08/04/16 and 09:27:50 08/04/16

**Assigned To:**                    **Detail:**                        **Date Assigned:** **/**/**
**Status:**                        **Status Date:** **/**/**              **Due Date:** **/**/**

**Complainant:** 176824
    **Last:** HALBIG              **First:** WOLFGANG            **Mid:** WALTER
    **DOB:** 08/10/46             **Dr Lic:** H412899462900      **Address:** 25526 HAWKS RUN LN
    **Race:** W    **Sex:** M      **Phone:** (352)729-2559       **City:** SORRENTO, FL 32776
**Alert Codes:**
MPAT Mental Patient

**Offense Codes**
    **Reported:**                                    **Observed:**

**Circumstances**

**Responding Officers:**          **Unit :**
        SOMMER 1355               1355
        SNYDER 1857               1857
        BOWLIN 1389               1389

**Responsible Officer:** SOMMER 1355                        **Agency:** LCSO
        **Received By:** JACKSON 2233                    **Last Radio Log:** 10:44:26 08/04/16 CMPLT
                    :                                    **Clearance:** NR NO REPORT
        **When Reported:** 09:28:00 08/04/16            **Disposition:** INA **Date:** 08/04/16
        **Judicial Status:**                            **Occurred between:** 09:27:50 08/04/16
        **Misc Entry:**                                            **and:** 09:27:50 08/04/16

**Modus Operandi:**                    **Description :**                        **Method :**

**WHEREFORE**, Plaintiff Wolfgang W. Halbig demands judgment against Defendants *jointly and severally* for compensatory and liquidated damages, punitive damages, together with Plaintiff's attorneys' fees, costs, pre-judgment interest, post-judgment interest, and such further relief as this Court may deem proper.

### DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury on all issues so triable.
Respectfully submitted this _____ day of February 2022.

Wolfgang W. Halbig, Pro Se
25526 Hawks Run Lane
Sorrento, Florida 32776
Phone: 352-729-2559
Email: Wolfgang.halbig@comcast.net



/S/ _____    Date 2-22, 2022
Wolfgang W. Halbig

### INDIVIDUAL VERIFICATION

On the __2 2__ day of February in the year 2022, before me, the undersigned personally appeared

**Wolfgang W. Halbig**

personally known to me or proved to me based on satisfactory evidence to be the individual whose name is subscribed to this instrument and acknowledged that he executed it in his capacity. By his signature on the instrument, the individual executed the instrument.

_____
Notary Public

Notary Public State of Florida
Dhrumil Shah
My Commission GG 285520
Expires 04/15/2023