**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**WOLFGANG W HALBIG,**

     **Plaintiff,**

**v.**                                    **Case No: 5:22-cv-106-JA-PRL**

**LAKE COUNTY, FLORIDA, LAKE**
**COUNTY, FLORIDA SHERIFF,**
**ELLORY OSTERBERG, COREY**
**WINGO, TODD ENGLISH, DANIEL**
**CONLEE, DANIEL MORALES,**
**MICHAEL MORRIS, JONAH**
**DEMKO, DARREL THOMAS, ERICA**
**RODRIGUEZ, JOSEPH**
**SCHLABACH, LAKE COUNTY**
**DISTRICT ATTORNEY, FLORIDA**
**STATE ATTORNEY and STEPHANIE**
**MAHANEY,**

     **Defendants.**

_____

**ORDER**

Before the court is a motion to quash service of process filed by Defendants Corey

Wingo, Dan Conlee, Daniel Morales, Darrel Thomas, Erica Rodriguez, Jonah Demko,

Joseph Schlabach, Michael Morris, and Todd English. (Doc. 22).

Rule 4(e) provides that an individual may be served in a judicial district of the United

States by:

> (1) following state law for serving a summons in an action
> brought in courts of general jurisdiction in the state where the
> district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to
> the individual personally;

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

In Florida, service of process is made by "delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a).

On March 23, 2022, a process server delivered a summons and complaint directed to the Lake County Sherriff at the Lake County Sherriff's Office in Taveres, Florida. (Doc. 22-1). The process server did not deliver a summons directed to any of the individually named defendants. Instead, the process server delivered a Notice of Lawsuit and Request to Waiver Service of a Summons directed to each of the individually named defendants. (Doc. 22-1). The proofs of service filed with the court (Docs. 12, 13, 14, 15, 16, 17, 18, 19, 20) reveal that the process server left the documents with Valeri Judy from the Legal Department of the Lake County Sherriff's Office, who is not authorized to accept service of process on behalf of the individual defendants.

Service of process was not proper as to the individual defendants. *Martin v. Salvatierra*, 233 F.R.D. 630, 631-32 (S.D. Fla. 2005) (quashing service of process where the plaintiff attempted to serve a police officer by leaving the summons and complaint at the officer's employment and the officer did not authorize anyone there to accept service of process on his behalf). The individual defendants were not personally served, nor were copies of the

complaint and summons delivered to their homes or to a person authorized to receive the service of process.

Accordingly, the motion to quash service of process (Doc. 22) is GRANTED. The service of process shown by the proofs of service filed on April 29, 2022 (Docs. 12, 13, 14, 15, 16, 17, 18, 19, 20) are QUASHED. Plaintiff should perfect service on Defendants within 30 days.

Additionally, Plaintiff's motion to strike the motion to quash (Doc. 26) is due to be denied. Service of process was not perfected as to the individual defendants.

**DONE** and **ORDERED** in Ocala, Florida on May 25, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties