## UNITED STATES DISTRICT COURT
## OCALA DIVISION | MIDDLE DISTRICT OF FLORIDA

WOLFGANG W. HALBIG

Plaintiff,

         vs.

LAKE COUNTY, FLORIDA,
LAKE COUNTY, FLORIDA SHERIFF,
ELLORY OSTERBERG, COREY WINGO,
TODD ENGLISH, DAN CONLEE,
MICHAEL MORRIS, JONAH DEMKO,
DARREL THOMAS, ERICA RODRIGUEZ,
JOSEPH SCHLABACH,
THE FLORIDA STATE ATTORNEY FOR
SAO5
and ASSISTANT STATE ATTORNEY
STEPHANY MAHANEY
ALL IN THEIR INDIVIDUAL, PERSONAL
AND OFFICIAL CAPACITIES AS SWORN
OFFICERS AND EMPLOYEES OF LAKE
COUNTY, FLORIDA, OR THE STATE OF
FLORIDA, U.S.A.

Defendants

**Case 5:22-cv-00106-JA-PRL**

**DEMAND FOR JURY TRIAL**

## AMENDED COMPLAINT

Plaintiff Wolfgang W. Halbig in the first and third-person Pro Se, sues the Defendants in their individual, personal, and official capacities and, for my Complaint with this, alleges the following upon information and belief.

## PRELIMINARY STATEMENT

1. My action is a civil rights and RICO complaint. I seek compensatory relief for violations of my civil rights secured by 42 U.S.C. § 1983, 1988, and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth amendments to the United States Constitution.

2. My action is also a Racketeer Influenced and Corrupt Organizations Act ("RICO") Complaint brought under 18 U.S. C. § 1961, et. seq., for which I also seek compensatory relief.

3. I ground my RICO Complaint on violations of federal law prohibiting the Obstruction of justice (section 1503), prohibiting the Obstruction of criminal investigations (section 1510), and denying the Obstruction of State or local law enforcement (section 1511).

4. This action further asserts violations of federal statutes 18 U.S.C. § 241-242 Conspiracy against rights and deprivation of my rights under color of law and 18 U.S. Code § 4 - Misprision of felony wherein I report such violations and seek Defendants' referral to proper investigators and prosecutors.

5. Defendants conspired, planned, and designed their actions to embarrass me publicly, damage me economically, silence my FOIA (Freedom of Information Act) inquiries and investigations directed to official government agencies.

6. My Civil Rights claim arises from my arrest on January 27, 2020. Officers of the Lake County, Florida Sheriff's Office ("LCSO"), acting under the color of state law, intentionally, willfully, and wantonly subjected me to illegal and false arrest, excessive, unnecessary force, false imprisonment, and public humiliation. (See Exhibit 9 annexed hereto)

7. In Florida, it is unlawful to issue an arrest warrant for a misdemeanor unless someone's already failed to appear or it's been established that there's a likelihood they won't appear in Court. Selected Defendants purposely ignored such statutory criteria, and persons currently unknown to me converted the illegal Misdemeanor Warrant to a Felony during the arrest process.

8. The LCSO and SAO5 Employees would not ordinarily undertake such interest and control in their ordinary course of business and acted to cause harm to me unrelated to any legitimate law enforcement objective.

9. I incurred attorney fees, suffered the loss of income, damage to my business properties and operations, and false light presumptions and assumptions by the Media and Public.

10. I endured physical pain and extreme mental and emotional anguish because of the Defendants' wrongdoing then and by Defendants' practices and misconduct in the past.

11. I seek special, compensatory, and punitive damages against the Defendants, an award of costs and attorneys' fees, Defendants' referrals to proper investigating and law enforcement authorities, and other and further relief as the Court deems appropriate.

## JURISDICTION

12. Plaintiff brings this action under 28 U.S.C. § 1331, 42 U.S.C. § 1983, the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and the Racketeer Influenced and Corrupt Organizations Act ("RICO") brought under 18 U. S. C. § 1961, et. seq.

13. I ground my Racketeering claims on the Defendants' violations of federal law prohibiting the Obstruction of justice (section 1503), prohibiting the Obstruction of criminal investigations (section 1510), and denying the Obstruction of State or local law enforcement (section 1511).

14. The amount in controversy exceeds $75,000.00.

## VENUE

15. The United States District Court for the Ocala Division | Middle District of Florida contains the same venue as the Defendants' Lake County location. The Employees named in this complaint work within the Ocala Division. Additionally, a substantial part of the events giving rise to this claim occurred within the Ocala Division | Middle District of Florida.

## PARTIES

16. Plaintiff, Wolfgang W. Halbig, is a United States citizen and resides in Lake County, City of Sorrento, and the State of Florida at all periods herein relevant.

17. The Office of the State Attorney for the Fifth Judicial Circuit (SAO5) is an official Florida State Government office. It serves over 1.2 million people and encompasses five counties, including Citrus, Hernando, Lake, Marion, and Sumter.

18. The Office of the State Attorney (SAO5) has its principal business location at 550 West Main Street, Tavares, Florida 32778. Its Employes and Defendant Stephany Mahaney conducted operations from that location for the relevant periods.

19. The County of Lake ("Lake County") is Lake County, Florida, a political subdivision of the State of Florida (Lake County), organized under the laws of the State of Florida, with its principal place of business located at Lake County Board of County Commissioners, 315 West Main Street, P.O. Box 7800 Tavares, Florida 32778.

20. Upon information and belief, the County of Lake, Florida owned, operated, controlled, and maintained the Lake County Sheriff's Office by charter, or by law, under the provisions of the State of Florida, U.S.A.

21. Defendants Lake County, the Lake County Sheriff (LCSO), State Attorney (SAO5), and certain Employees thereof acted through the Lake County Sheriff's Office (LCSO) and the State Attorney (SAO5 at all times relevant hereto.

22. The respective individual names of such Defendants are in the list of Defendants.

23. Upon information and belief, Lake County was responsible for the appointment, training, supervision, implementation, and conduct of all LCSO matters. Defendant County was also responsible for selecting, disciplining, retaining, and behavior of all LCSO personnel.

24. With periods always relevant, Defendant County was responsible for the LCSO and ensuring that the LCSO personnel obeyed the United States and the State of Florida laws.

25. At periods always relevant, the listed Defendants were Sworn-Officers, Deputy Sheriffs, or civilian Employees of the LCSO or SAO5. Such Employees acted as agents, servants, and Employees of the County of Lake or the State of Florida.

26. On information and belief and always relevant hereto, Sworn Officer, Deputy Sheriff Corey Wingo, was Plaintiff's arresting Officer and a County or State Employee. The Officers present during the arrest were under the supervision and command of LCSO.

27. All other individual Defendants, including individuals whose names are currently unknown to me, are or were Employees of or were in collaboration with Employees of the Lake County, Florida Sheriff's Office (LCSO) or The Florida State Attorney's Office (SAO5).

28. Plaintiff Halbig sues each in their individual, personal and official capacities.

29. Upon information and belief, and always from now on, Defendant Sworn Officer Corey Wingo and other unknown arresting officers were Lake County Deputy Sheriffs and Sworn Officers employed with the Lake County, Florida Sheriff's Office on January 27, 2020.

30. Upon information and belief, and always from now on mentioned, all Defendant Sworn Officers contained within the list of Defendants were Lake County Deputy Sheriffs and Sworn Officers employed with the Lake County, Florida Sheriff's Office on the date of this incident.

31. At all times here, mentioned Defendants acted under the color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Lake County, Florida, and the State of Florida.

32. Upon information and belief, the Office of the State Attorney for the Fifth Judicial Circuit (SAO5) is an official Florida State Government office.

33. Upon information and belief, SAO5 Employees collaborate, conspire, and cooperate with LCSO.

34. Upon information and belief, the Lake County Board of County Commissioners is a policymaker for the County of Lake, LCSO, and its conduct.

## NOTICE OF CITIZEN'S COMPLAINT

35. Preceding the arrest incident, Plaintiff filed a written Notice of Liability and Citizens Complaint with the LCSO. Over five years have elapsed since the notice's filing, and the LCSO has not settled or disposed of my matter to date. (See Exhibits 5 & 6 annexed hereto)

## STATEMENT OF FACTS

36. On January 27, 2020, in the early morning of approximately 1:30 AM, no fewer than four armed Officers of the Lake County Florida Sheriff's Office surrounded my residence in a gated community in the City of Sorrento. See (Exhibit 1 annexed hereto)

37. Some Officers hid in the bushes while apparently, one knocked on my home's front door, disturbing my pet dog. I awoke from deep sleep to the unusual sound of the dog and went to the door. I opened the door, looked out, and momentarily attempted to assess the cause of the dog's disturbance.

38. To my surprise, deputies put me under arrest, handcuffed me, and proceeded to march me across a golf course in short pants and an undershirt to a waiting patrol car.

39. Officers pushed me into the back seat of the small patrol vehicle in a sideways laying position such that I could not use the seat belt and kept me handcuffed with my hands cuffed behind my back and face down to the seat.

40. During the previous eight (8) years, several responsible parties conducted actions victimizing me, including individuals from the following public offices,

41. 1__The office of the Lake County Florida Sheriff (LCSO), and

42. 2__The State Attorney's office (SAO5).

## PLAINTIFF'S CLAIM

43. As proven by documents, affidavits, and witness testimony, Defendant's actions constitute wanton police misconduct, illegal and false arrest, collusion, conspiracy, prosecutorial misconduct, and racketeering, with little or no legitimate law enforcement objectives.

44. With premeditation, the Defendants designed and planned their tactics to stop my FOIA Inquiries and deprive me of my Constitutional rights to speak freely and to suppress my being heard.

45. The Defendants engaged in their plan to suppress my freedom of expression and association, limiting my FOIA inquiries regarding public documents and ruining me financially by damaging my business properties and operations.

46. The sole purpose of the Defendants' conspiracy actions was to silence me.

47. Upon information and belief, Employees of the Lake County Sheriff's Office (LCSO) and State Attorney's Office (SAO5) possessed exculpatory material regarding my arrest.

48. Defendants purposely concealed such exculpatory evidence or failed to recognize such material promptly.

49. Specifically, among other items, Prosecutors knew they had NO Felony Arrest Warrant, and Prosecutors knew LCSO had made an illegal Misdemeanor arrest.

50. The failure to turn over "Brady" exculpatory material was more than wrongful conduct by one A.S.A. [Brady v. Maryland, 373 US 83 (1963)]. It had to be perpetuated and ratified by high-level officials within the Lake County Sheriff's Office (LCSO) and specific Florida State Attorney's Office (SAO5) Employees.

51. I allege all Defendants tried to cover up their misconduct and, failing that, withheld, or ignored exculpatory evidence. (See Exhibits 2 & 3 annexed hereto)

52. Because the Lake County Board of Commissioners is a policymaker for the County of Lake concerning the administration of that office, the unlawful policies and practices complained of and tolerating such misconduct was the moving force and proximate cause of my arrest. Therefore, Lake County is liable to me according to Monell v. City of New York, 84 A.D.2d 717 and 42 U.S.C. § 1983.

53. As a direct and proximate result of the Defendants' acts, I suffered injuries and other harms that entitle me to damages.

54. I am entitled to fully recover my costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

## SUMMARY OF THE CAUSES OF ACTION

55. Upon information and belief, the actions taken as aforesaid by Defendant Sworn Officer Corey Wingo and his arresting team were an unreasonable use of force and deprivation of my liberty, thus violating my Constitutional Fourth and Fourteenth Amendment rights.

56. Ellory Osterberg, Stephany Mahaney, and their supervisors condoned such actions and conspired to attack my business properties and reputation

without due process of law, violating my Fourth and Fourteenth Amendment rights.

57. Their actions violated Florida Statutes 901.02, 901.09, and Sequences regarding an arrest for a misdemeanor.

58. Defendants easily could have telephoned me and asked me to come to the Lake County Sheriff's office to answer their Complaint and submit to arrest during regular business hours but chose not to. Defendants could have issued a notice to appear but decided not to.

59. Instead, Officer Cory Wingo and other Sworn Officers acted with actual malice toward me with willful and wanton indifference and deliberate disregard for my statutory and Constitutional rights.

60. Cir. 2017).  "[O]fficers have a duty to independently evaluate a situation when they arrive if they have an opportunity to do so."  Rice v. Morehouse, 989 F.3d 1112, 1122 (9th Cir. 2021) (citing Deorle v. Rutherford, 272 F.3d 1272, 1277 (9th Cir. 2001)).

61. Therefore, the Defendants violated my fourteenth Amendment Rights under the "class-of-one" doctrine whereby (1) the officers treated me differently from other similarly situated persons; (2) the difference in treatment was intentional; and (3) the difference in treatment was not rationally related to any legitimate law enforcement purpose.

62. Because of the Defendants' actions, I sustained severe nervous shock, intrusion, mental anguish, physical pain, emotional upset, extraordinary financial costs, public humiliation, and false light exposure highly offensive or embarrassing to a reasonable person of ordinary sensibilities.

63. My injuries include humiliating national news coverage caused by Defendant officers marching me across a golf course in shorts and undershirt and false light lies conveyed to the Media.

64. Such lies, presumptions, assumptions, and characterizations directly impacted my business properties and personal reputation within my community and nationally.

65. The false light lies have destroyed my national school safety consulting business and my Children's Safety Institute company.

66. One obscure false light lie is contained within the LCSO Case Report for Incident 160122274, which depicts me as a "Mental Patient." Such reporting is untrue, malicious, and defamatory. The LCSO provides no medical basis for such reporting and refuses to give its source. Still, it has been available to any law officer for any reason. (See Exhibit 4 annexed hereto)

67. Additionally, officers exasperated and inflamed my Neck, Shoulder, and Back pain by stuffing me sideways, in a laying position, into the backseat of a patrol car, face down with my hands cuffed behind my back.

68. I could not anticipate nor expect such behaviors from any law enforcement agency.

69. I was then age 74, a former Florida Highway Patrol Officer, U.S. Customs Agent, public School administrator, and self-employed School Safety Expert, including instructing the U.S. Department of Justice "Cops in Schools" program.

70. And, of most importance, I had at that time separate written communications in progress with the Lake County Sheriff (LCSO), the office of the Florida State Attorney, the Federal Bureau of Investigation (F.B.I.), and contacts within the U.S. Department of Justice.

71. All these communications were unanswered and NOT yet settled or disposed of but with full expectation, belief, and the reasons that said entities would provide responsive and meaningful return communications.

72. Viewing and comprehending the original arrest warrant shows it is for a misdemeanor. Still, the document entitled "Arrest Affidavit / First Appearance Form" at the time of my arrest is marked as a felony. (See Exhibit 1 annexed hereto)

73. Upon my attorney's demand for exculpatory evidence, the charge was reduced to the original misdemeanor and assigned to a traffic Court Judge.

74. Therefore, Defendants Osterberg, Mahaney, and their supervisors presented false and misleading testimony and argument against me in arranging my arrest and failed to correct the testimony and statements of complainant Pozner.

75. Defendants could have known and should have known that complainant Pozner was a vexatious litigant and unreliable source of information.

76. Defendants are well aware the word of an unreliable civilian complainant should not serve as probable cause to arrest. This duty is especially true when the accused and the complainant knew each other before the alleged incident.

77. See Mistretta, 5 F. Supp. 2d at 133 ("The most common situation in which such doubts arise is when there exists a prior relationship between the victim and the accused that gives rise to a motive for a false accusation.").

78. In the previous five years, complainant Pozner had brought similar privacy complaints against the City of Del Ray Beach, one of its Employees, and the Tampa Office of Alcohol, Tobacco, and Firearms and one of its employees.

79. The most apparent incidents are my trespassing complaint against Pozner handled by LCSO and Pozner's self-terminated 2016 civil lawsuit perpetrated against me for two and one-half years, then withdrawn when

ordered that he sit for a video deposition. (See Exhibits 7 and 12 annexed

hereto)

80. Simple research reveals three separate photographs supposedly of

complainant Pozner, who depict different individuals.

81. Complainant Pozner's identity must be verified thoroughly, and the

Defendants must explain the inconsistencies regarding the three

photographs. Pozner's identity should be verified to an appropriate extent by

the Court and all parties.

82. At this juncture, complainant Pozner seems to be a manufactured composite,

not a natural person.

83. I believe the LCSO and SAO5 Employees cannot physically produce this

person to the Court nor provide a fingerprint, driver's license, passport,

photographic, Social Security, birth certificate, or any other generally

accepted means of identifying this person.

84. In media generally available to the public, complainant Pozner has been

shown only from the waist down. He has never physically appeared at any of

the civil actions mentioned.

85. Defendant Officers Ellory Osterberg, Corey Wingo, and their supervisors

failed to identify complainant Pozner correctly, and individuals acting on

behalf of LCSO, SAO5, and its A.S.A.s withheld this favorable material evidence from my attorney and me after my arrest.

86. Perpetuating and ratifying such misconduct extended my Court procedures. More precisely, the Defendants lied by omitting material evidence, dramatized the arrest, and lengthened the Judicial process with the intent of bankrupting me, silencing my inquiries, damaging my business properties, and suppressing my First Amendment Rights to speak and associate freely.

87. Upon information and belief, certain SAO5 Employees and their Assistant Attorneys have furthered and implemented this policy by maintaining a review system of its A.S.A.'s conduct and that of LCSO.

88. Defendants had been notified of complaints but repeatedly failed to investigate charges that the Employees violated my Constitutional rights. (See Exhibits 5 and 6 annexed hereto)

89. The response policy is untimely, cursory, and ineffective, which permits and tolerates the withholding of Brady Material, violations of the Constitution, and deprivations of liberty without due process of law.

90. At all times pertinent hereto, the A.S.A.'s prosecuting me were acting within the scope of their employment according to the policies and practices of Lake County, LCSO, and SAO5.

91. The forgoing systemic policies and practices enforced by Lake County, LCSO, and SAO5 Employees were the moving force, proximate cause, and the affirmative link behind the conduct of the Lake County and SAO5 Employees.

92. Such wanton conduct caused Brady material withholding, resulting in my illegal and false arrest, physical injuries, incarceration, public humiliation, delayed judicial proceedings, damage to my business properties and operations, and bankrupting legal defense costs. (See Exhibit 11 annexed hereto)

93. Therefore, certain Employees of SAO5, the County of Lake, and LCSO are liable for violating my Constitutional rights through their authorized A.S.A.s and the LCSO.

94. Because of the preceding, Defendants damaged me in an amount that exceeds all lower courts' jurisdictional limits, which would otherwise have jurisdiction in the amount of THIRTY MILLION [$30,000,000.00] DOLLARS.

## THE CAUSES OF ACTION

### Count 1 – 42 U.S.C. § 1983 –
### Fourth and Fourteenth Amendment Violations
### (False Arrest, False Imprisonment, Excessive Force, Abridgement of Privilege)

Halbig V. Lake County, Florida, Lake County, Florida Sheriff, Ellory Osterberg, Corey Wingo, Todd English, Dan Conlee,  Michael Morris, Jonah

Demko, Darrel Thomas, Erica Rodriguez, Joseph Schlabach, The Florida
State Attorney For Sao5 And Assistant State Attorney Stephany Mahaney
All In Their Individual, Personal And Official Capacities As Sworn Officers
and Employees Of Lake County, Florida, Or The State Of Florida, U.S.A.

95. I reallege all allegations of my Complaint as if fully stated herein.

96. The Defendants acted under the color of state law while performing the acts described herein.

97. The Defendants deprived me of my Fourth and Fourteenth Amendment rights established on or before January 27, 2020, through the actions described herein.

98. Officer Wingo or his supervisors ordered officers to use excessive force against Me.

99. Officer Wingo or his supervisors specifically directed officers to use force when they encountered me.

100.    During my arrest, Officer Wingo and his unknown helpers used improper force against me in violation of my Constitutional Fourth and Fourteenth Amendment rights.

101.    Officer Wingo's unknown helpers observed improper force and failed to intervene, permitting the violation of my Constitutional Fourth and Fourteenth Amendment rights.

102.     The Defendants acted with evil wanton intent, reckless disregard, and

indifference to my Federal Constitutional rights.

103.     Defendants not physically present at the arrest location participated in

these Rights violations by wanton Collusion and Conspiracy.

104.     The Defendants subjected me to these deprivations of my rights in

such a manner as to render them liable for punitive damages.

105.     As a direct and proximate result of the Defendants' acts, I suffered

injuries and other harms that entitle me to damages.

106.     The Defendants' methods to deprive me of my rights support an award

of punitive damages necessary to deter other improper conduct.

107.     I am entitled to fully recover my costs, including reasonable attorneys'

fees, under 42 U.S.C. § 1988.

108.     Defendants violated a known legal duty to act in good faith.

Therefore, Defendant's deprivation of my rights deprives them of

jurisdiction, and the Defendants have no defenses for their actions.

### Count 2 – 42 U.S.C. § 1983 –
### First Amendment Violations of Free Speech and Assembly
Halbig V. Lake County, Florida, Lake County, Florida Sheriff, Ellory
Osterberg, Corey Wingo, Todd English, Dan Conlee,  Michael Morris, Jonah
Demko, Darrel Thomas, Erica Rodriguez, Joseph Schlabach, The Florida
State Attorney For Sao5 And Assistant State Attorney Stephany Mahaney
All In Their Individual, Personal And Official Capacities As Sworn Officers
And Employees Of Lake County, Florida, Or The State Of Florida, U.S.A.

109.     I reallege all allegations of my Complaint as if fully stated herein.

110.     Under color of state law, the Defendants retaliated against me for engaging in a Constitutionally-protected activity.

111.     The Defendants acted under the color of state law while performing the acts described herein.

112.     The Defendants deprived me of my First and Fourteenth Amendment rights through the actions described herein.

113.     Officer Wingo and at least three other officers unknown to me engaged in a pattern of force against me to intimidate and punish me for exercising my First Amendment rights.

114.     Officer Wingo directed officers to use force against me to punish me individually and intimidate any observer for exercising their First Amendment rights.

115.     Officers acted under Officer Wingo's or his supervisor's orders when they used force against me to intimidate and punish me and any observer for exercising their First Amendment rights.

116.     The Defendants' actions violated my constitutional rights established on and before January 27, 2020.

117.     The Defendants' conduct chilled and frightened other citizens from continuing to engage in Constitutionally-protected activities.

118.     The Defendants acted with evil intent and reckless, wanton indifference to my rights.

119.     Defendants not physically present at the arrest location participated in these Rights violations by Collusion and Conspiracy.

120.     The Defendants subjected me to these deprivations of my rights in such a manner as to render them liable for punitive damages.

121.     As a direct and proximate result of the Defendants' acts, I suffered injuries and other harms that entitle me to damages.

122.     How the Defendants deprived me of my rights supports an award of punitive damages necessary to deter other improper conduct.

123.     I am entitled to fully recover my costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

124.     Defendants violated a known legal duty to act in good faith. Deprivation of my rights deprives them of jurisdiction; therefore, the Defendants have no defenses.

## Count 3 – 42 U.S.C. § 1983 –
## Fourteenth Amendment Violations Of Due Process
Halbig Vs. Lake County, Florida, Lake County, Florida Sheriff, Ellory Osterberg, Corey Wingo, Todd English, Dan Conlee,  Michael Morris, Jonah Demko, Darrel Thomas, Erica Rodriguez, Joseph Schlabach, The Florida State Attorney For Sao5, And Assistant State Attorney Stephany Mahaney

125.     I reallege all allegations of my Complaint as if fully stated herein.

126.     The Defendants acted under the color of state law while performing the acts described herein.

127.     The Defendants engaged in Racketeering, Collusion, and Conspiracy to suppress my Federal Constitutional First Amendment Right to Free speech and Freedom of Association by ignoring my written complaints and violating Florida Statutes 901 and sequences.

128.     The Defendants achieved this by issuing an illegal Misdemeanor Warrant and then manufacturing a false arrest for a Felony when no Felony existed.

129.     The Defendants altered documents, one being my original bail amount which now reads $5,000 instead of $1,000. (See Exhibit 8 annexed hereto)

130.     Defendants Wingo and at least three other unidentified officers engaged in conduct that shocked the conscience when they engaged in an operation to use improper force toward me.

131.     Officers engaged in operations detrimental to legitimate Officer law enforcement purposes and created safety risks to civilians and officers.

132.     The Defendants deprived me of my Fourth and Fourteenth Amendment Due Process Rights through the actions described herein.

133.    Officer Wingo and at least three unknown accomplices engaged in conduct that shocked the conscience when they participated in a recklessly-flawed investigation and arrest regarding the allegations involving me.

134.    Officers, supervisors, and SAO5 Employees provided false and misleading information, omitted material facts, ignored exculpatory evidence, and failed to follow leads regarding officer misconduct.

135.    The flawed investigation and misleading evidence formed the criminal charges against me.

136.    Officers and prosecutors continued providing false and misleading testimonies or withheld information throughout the criminal proceedings.

137.    The Defendants' actions violated my Constitutional rights established on or before January 27, 2020.

138.    Defendants not physically present at the arrest location participated in these Rights violations by Collusion and Conspiracy.

139.    The Defendants acted with wanton evil intent and reckless indifference to my Constitutional rights.

140.    The Defendants subjected me to these deprivations of my rights in such a manner as to render them liable for punitive damages.

141.    As a direct and proximate result of the Defendants' acts, I suffered injuries and other harms that entitle me to damages.

142.     How the Defendants deprived me of my rights supports an award of

punitive damages necessary to deter other improper conduct.

143.     I am entitled to recover my costs, including reasonable attorneys' fees,

under 42 U.S.C. § 1988.

144.     Defendants violated a known legal duty to act in good faith.

Deprivation of my rights deprives them of jurisdiction; therefore, the

Defendants have no defenses.

**Count 4 – 42 U.S.C. § 1983 –**
**Fourteenth Amendment Violation of Equal Protection Clause**
Halbig Vs. Lake County, Florida, Lake County, Florida Sheriff, Ellory
Osterberg, Corey Wingo, Todd English, Dan Conlee,  Michael Morris, Jonah
Demko, Darrel Thomas, Erica Rodriguez, Joseph Schlabach, The Florida
State Attorney For Sao5, And Assistant State Attorney Stephany Mahaney

145.     I reallege all allegations of my Complaint as if fully stated herein.

146.     Officers deprived me of my Equal Protection Clause rights due to the

actions described herein.

147.     The Defendants violated my fourteenth Amendment Rights under the

"class-of-one" doctrine whereby (1) the officers treated me differently from

other similarly situated persons; (2) the difference in treatment was

intentional; and (3) the difference in treatment was not rationally related to

any legitimate law enforcement purpose.

148.     Defendants falsely accused me, despite the absence of evidence

supporting those allegations.

149.     The Defendants acted under the color of state law while performing the acts described herein.

150.     The Defendants' actions violated constitutional rights established on or before January 27, 2020.

151.     The Defendants acted with evil intent and reckless, wanton disregard and indifference to my rights.

152.     Defendants not physically present at the arrest location participated in these Rights violations by Collusion and Conspiracy.

153.     The Defendants subjected me to these deprivations of my rights in such a manner as to render them liable for punitive damages.

154.     As a direct and proximate result of the Defendants' acts, I suffered physical injuries and other harms that entitle me to damages.

155.     How the Defendants deprived me of my rights supports an award of punitive damages necessary to deter other improper conduct.

156.     I am entitled to recover my costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

157.     Defendants violated a known legal duty to act in good faith. Deprivation of my rights deprives them of jurisdiction; therefore, the Defendants have no defenses.

**Count 5 – 42 U.S.C. § 1983 –**
**Conspiracy to Interfere with the Assertion of Constitutional Rights**
Halbig Vs. Lake County, Florida, Lake County, Florida Sheriff, Ellory
Osterberg, Corey Wingo, Todd English, Dan Conlee,  Michael Morris, Jonah
Demko, Darrel Thomas, Erica Rodriguez, Joseph Schlabach, The Florida
State Attorney For Sao5, And Assistant State Attorney Stephany Mahaney

158.     I reallege all allegations of my Complaint as if fully stated herein.

159.     The Defendants conspired to deprive me of my Constitutional rights.

160.     The violations of my Constitutional rights have been described herein.

161.     Members of the Racketeering enterprise engaged in Collusion and

Conspiracy acts that deprived me of constitutional rights.

162.     Members of the RICO Enterprise aided the violation of constitutional

rights by authorizing, condoning, and encouraging the violations.

163.     Members of the RICO Enterprise failed to report Officer misconduct

and shielded officers from accountability or discipline due to violating my

Constitutional rights.

164.     Members of the RICO Enterprise provided false and misleading

reports to facilitate the violation of constitutional rights.

165.     Members of the RICO enterprise supplied the Clerk of the Court with

four days' advance notice of my arrest to aid media positioning for the arrest

event. (See Exhibit 10a and 10b annexed hereto)

166.     Enterprise members engaged in conduct suggesting agreement,

including violating LCSO and SAO5 Policies.

167.    SAO5 Defendants violate specific Obligations and Responsibilities as stipulated in CONSTITUTIONAL, STATUTORY, AND RULES OF COURT, Page 5, section 1, Compiled by: Monica M. Hofheinz, Esq., 12/28/20. (See Exhibit 14 annexed hereto)

168.    The Defendants investigated me and plotted my arrest for 89 days, then held me hostage to the Criminal Justice Process for an additional 426 days.

169.    The Defendants caused ruining my reputation and bankrupted me, then decided they did not have a case. (See Exhibit 13 annexed hereto)

170.    These actions are malfeasance and tyranny by these SAO5 and LCSO Defendants and infringe my Fourth, Fifth, Sixth, and Eighth Constitutional Amendment Rights.

171.    Violations include Unreasonable Seizure, Deprivation of Liberty, Slow Judicial Process, and Excessive Bail.

172.    The defendants conspired to agree upon consistent behavior and State Employees' statements among officers at multiple locations and consent to other officers' violations of my Constitutional rights.

173.    The deprivation of constitutional rights permitted by the conspiracy caused injury and harm to me.

174.    The Defendants acted with evil intent with reckless disregard and

wanton indifference to my rights.

175.    The Defendants subjected me to these deprivations of my rights in

such a manner as to render them liable for punitive damages.

176.    As a direct and proximate result of the Defendants' acts, I suffered

injuries and other harms that entitle me to damages.

177.    How the Defendants deprived me of my rights supports an award of

punitive damages necessary to deter other improper conduct.

178.    I am entitled to fully recover my costs, including reasonable attorneys'

fees, under 42 U.S.C. § 1988.

**179.**    Defendants violated a known legal duty to act in good faith.
Deprivation of my rights deprives them of jurisdiction; therefore, the
Defendants have no defenses.

### Count 6 – 42 U.S.C. § 1983 – Supervisory Liability
Halbig Vs. Lake County, Florida, Lake County, Florida Sheriff, Ellory
Osterberg, Corey Wingo, Todd English, Dan Conlee,  Michael Morris, Jonah
Demko, Darrel Thomas, Erica Rodriguez, Joseph Schlabach, The Florida
State Attorney For Sao5, And Assistant State Attorney Stephany Mahaney

180.    I reallege all allegations of my Complaint as if fully stated herein.

181.    At all times, the Defendants had supervisory responsibilities over

officers who deprived me of my constitutional rights.

182.    The Defendants knew that officers were violating the Constitutional

rights of civilians, including me.

183.     The Defendants also had essential knowledge that officers failed to accurately report on conduct that deprived persons, including me, of their constitutional rights.

184.     The Defendants acted under the color of State Law wantonly and with deliberate disregard and indifference to my Constitutional rights by other officers.

185.     The Defendants acted with evil intent, reckless disregard, and wanton indifference to my rights.

186.     Defendants not physically present at the arrest location participated in these Rights violations by Collusion and Conspiracy.

187.     The Defendants subjected me to these deprivations of rights in such a manner as to render them liable for punitive damages.

188.     As a direct and proximate result of the Defendants' acts, I suffered injuries and other harms that entitle me to damages.

189.     How the Defendants deprived me of my rights supports an award of punitive damages necessary to deter other improper conduct.

190.     I am entitled to recover my costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

191.    Defendants violated a known legal duty to act in good faith.

Deprivation of my rights deprives them of jurisdiction; therefore, the

Defendants have no defenses.

**Count 7 – Monell Civil Rights Violation**
Halbig Vs. Lake County, Florida, the Lake County, Florida Sheriff and
SAO5

192.    I reallege all allegations of my Complaint as if fully stated herein.

193.    Before officers encountered me for this arrest, the County of Lake and

the LCSO had continuous, widespread, and persistent customs of

unconstitutional misconduct by officers.

194.    They include excessive use of force and failure to report and

investigate.

195.    The County of Lake had prior notice that these customs existed

through widely-reported patterns and specific violations by its officers,

including my notification of Complaint. (See Exhibit 5 annexed hereto)

196.    Supervisors and officers participated in and witnessed examples of

these customs before and surrounding the Arrest incident with me.

197.    The County of Lake engaged in deliberate indifference to or tacit

authorization of such conduct by officers after having notice of misconduct.

198.    The County of Lake failed to supervise or train officers adequately to

prevent the Constitutional violations described herein.

199.     Policymaking officials of the County of Lake undertook actions with

deliberate indifference and wanton disregard that caused violations of my

Constitutional rights.

200.     I was physically, financially, and emotionally injured by officers'

actions under these improper customs.

201.     The LCSO's failure to adequately train and supervise officers

contributed to my physical injuries. Additionally, I incurred attorney fees,

suffered the loss of income, damages to my business properties and

operations, and false light presumptions and assumptions by the Media and

Public.

202.     Defendants violated a known legal duty to act in good faith.

Deprivation of my rights deprives them of jurisdiction; therefore, the

Defendants have no defenses.

**COUNT EIGHTH --**
**Violations of the Racketeer Influenced and Corrupt Organizations**
**(RICO) Act,**
**18 U.S.C. §§ 1961, and SEQUENCES**
Halbig Vs. Lake County, Florida, Lake County, Florida Sheriff, Ellory
Osterberg, Corey Wingo, Todd English, Dan Conlee,  Michael Morris, Jonah
Demko, Darrel Thomas, Erica Rodriguez, Joseph Schlabach, The Florida
State Attorney For Sao5, and Assistant State Attorney Stephany Mahaney

**SUMMARY BACKGROUND FOR COUNT EIGHT**

203.     I reallege all allegations of my Complaint as if fully stated herein.

204.     My Complaint arises with the Racketeer Influenced and Corrupt

Organizations Act ("RICO") brought under 18 U.S. C. § 1961, et. seq.

205.     I ground my Complaint, citing multiple violations of federal law

prohibiting the Obstruction of justice (section 1503), prohibiting the

Obstruction of criminal investigations (section 1510), and prohibiting the

Obstruction of State or local law enforcement (section 1511).

206.     The RICO Enterprise alleged in my Complaint is the Lake County

Florida Sheriff's Office (LCSO), Lake County, Florida, and the Florida State

Attorney's Office (SAO5), which includes the named Defendants and certain

officers, directors, and Employees currently unknown to me.

207.     The individual Defendants and the corporate Defendants, including

their officers, directors, employees, and members, jointly conducted and

participated directly and indirectly in the Enterprise's affairs to injure me.

208.     Since at least 2013, Defendants, utilizing the Enterprise, have engaged

and continue to engage in unlawful and intentional: Obstruction of justice,

Obstruction of criminal investigations; and, Obstruction of State or local law

enforcement by subjecting me to assault, arrest, intimidation, and false light

abuse, then covering up and concealing my legal freedom of information

FOIA requests and demands to investigate Defendants' abuses.

209.    Defendants and the Enterprise obtained and continue to receive public funds, assets, and information. In the process, the Defendants cheat and defraud me out of my potential business enterprise, Employment, finances, and support—in short, my life.

210.    Defendants committed these intentional acts through the Enterprise in violation of 18 U.S.C. § 1961, et seq.

211.    Lake County, Florida is liable for the current and former LCSO Employee's above-described wrongful conduct and abuse committed during the course and scope of their Employment and while the LCSO Employees were under Defendants' employ, command, supervision, direction, and control and the respective representation of Defendants under the doctrine of respondent superior and agency theory; since Defendants committed such wrongful conduct (i) within the Lake County Employee's general authority while the LCSO Employees were under Defendants' employ, command, supervision, direction, and control, (ii) in furtherance of Defendants' operations and commercial activity in the United States, and (iii) while accomplishing the objectives for which Lake County hired the Employees.

212.    These activities directly and proximately caused me to suffer and continue to suffer mental anguish, physical pain, false light, economic damages, and other actual and consequential injuries.

213.    Defendants took active steps to conceal their above-described wrongful actions, inaction, omissions, cover-up, deception, concealment, and obstructive behavior regarding investigations and conspiracy of silence.

214.    The details of Defendants' efforts to conceal their unlawful conduct are in their possession, custody, and control, to the exclusion of Plaintiff, and await further discovery.

215.    When I learned some of this material information, I exercised due diligence by investigating the situation, retaining counsel, and pursuing my claims.

216.    Defendants fraudulently concealed their wrongful conduct. Therefore, if necessary, all applicable statutes of limitation are tolled under the fraudulent concealment doctrine.

217.    Defendants took active steps to conceal their above-described wrongful actions, inaction, omissions, cover-up, deception and concealment, obstructive behavior regarding investigations, and conspiracy of silence.

218.    The details of Defendants' efforts to conceal their unlawful conduct are in their possession, custody, and control, to the exclusion of Plaintiff, and await further discovery.

219.     When I learned some material information, I exercised due diligence by investigating the situation, retaining counsel, and pursuing my claims. Defendants intentionally concealed their wrongful conduct.

220.     Therefore, if necessary, all applicable statutes of limitation are tolled under the doctrine of equitable estoppel.

221.     Defendants took active steps to conceal their above-described wrongful actions, inaction, omissions, cover-up, deception and concealment, obstructive behavior regarding investigations, and conspiracy of silence.

222.     The details of Defendants' efforts to conceal their unlawful conduct are in their possession, custody, and control, to the exclusion of Plaintiff, and await further discovery. When I learned my information, I exercised due diligence by investigating the situation, retaining counsel, and pursuing my claims. Thus, the Defendants intentionally concealed their wrongful conduct.

223.     Therefore, if any, all applicable statutes of limitation are tolled under the doctrine of equitable tolling.

## CONTINUITY

224.     Defendants' acts constitute a pattern of racketeering activity because they involve a threat of continuing action.

225.     The predicate acts of the Defendants, which extended for a period

greater than three (3) years, demonstrate the existence of "closed-ended

continuity" in that said acts refer to a closed period of repeated conduct.

226.     Besides, the predicate acts of the Defendants demonstrate the

existence of "open-ended continuity" in that the racketeering acts themselves

include specific threats of repetition extending into the future, are part of the

Enterprise's regular way of doing business, and did, tragically, extend into

the future.

## STANDING

227.     As stated supra, Defendants injured Plaintiff in my "business or

property" as a direct and proximate result of the Defendants' predicate acts

and RICO violations.

228.     Upon information and belief, my damages and injuries caused directly

by the Defendants' RICO violations were a reasonably foreseeable

consequence of the Defendants' RICO violations and are clear and definite.

229.     In addition to the injuries to business or property identified supra, I

have suffered additional injuries to my "business and property" because of

my lost opportunity to sue Defendants for my personal, financial, and

emotional wounds, which I incurred by Defendants' acts and omissions.

230.     At all material times, Defendants knew that I would suffer numerous and severe injuries to my "business or property" because of their ongoing misconduct, racketeering activities, self-concealing fraud, fraudulent misrepresentations, and concealments.

231.     At periods always material hereto, the Defendants knew that the specific injuries, particularly to my "business or property," which I incurred due to Defendants' acts or omissions, were reasonably foreseeable and a natural consequence of said acts or omissions.

232.     I was the Defendants' Racketeering Enterprise's specific target at all times.

233.     Defendants' misconduct, as alleged herein, was the proximate cause of my injuries, particularly to my "business or property," as there was a direct relationship between my injuries and Defendant's harmful and damaging conduct.

234.     As alleged herein, the Defendants' racketeering activities and Civil RICO predicate act were a proximate cause of my injuries, particularly to my "business or  property." Thus, there was a direct relationship between my injuries and Defendant's racketeering activities and Civil RICO predicate acts.

## CORPORATE CONSIDERATIONS

235.    The racketeering activities of Defendants LCSO and SAO5 Employees are distinct from those of Defendants Deputy Sheriffs Ellory Osterberg and Corey Wingo.

236.    SAO5 Employee Stephany Mahaney and currently unknown LCSO and SAO5 Employees used their influence in the LCSO to persuade the LCSO Employees, including Deputy Sheriffs Ellory Osterberg and Corey Wingo, to conceal, cover-up, condone and facilitate the arrest and abuse of the Plaintiff.

237.    Defendant Lake County had interest and power over the Enterprise.

238.    Defendant's interest and influence connect to the racketeering activity of Defendant's Employees.

239.    The LCSO and SAO5 Employees would not ordinarily undertake such interest and control in their ordinary course of business.

240.    Unknown Lake County Employees directed the Defendants' Racketeering Activities of Defendants Deputy Sheriffs Ellory Osterberg, Corey Wingo, and SAO5 Employee Stephany Mahaney.

241.    Defendants worked with other Employees to conceal, cover up, condone, and facilitate the civil rights, conspiracy, and racketeering abuse of Plaintiff Halbig.

## STATUTE OF LIMITATIONS CONSIDERATIONS

242.     Civil RICO claims are subject to a four-year statute of limitations.

243.     The Statute of Limitations on Plaintiff's Civil RICO claim should toll as a matter of estoppel, equity, and the fraudulent concealment doctrines because of Defendant's preceding acts and omissions.

244.     Defendants wrongfully and fraudulently concealed, conspired to cover and continue to hide facts that indicate that Defendants were negligent and recklessly indifferent to my rights, health, safety, and property.

245.     All Defendants were malicious, culpable, and engaged in a pattern of racketeering activity concerning the concealment, cover-up, condonation, and facilitation of my LCSO, SAO5, and their Employees' abuse.

246.     I exercised due diligence to ascertain the facts as alleged herein.

247.     Defendants' prolonged, systematic, and successful concealment of facts pleaded herein and many other points are only known to Defendants. Thus, I could not have earlier discovered the existence of my Civil RICO claim by exercising any additional or different due diligence as described supra.

## SUMMATIONS OF THE EIGHTH CAUSE OF ACTION
## 18 U.S.C. VIOLATIONS OF RICO, §§ 1961, ET SEQ.

248.     Plaintiff Halbig is a "person" under 18 U.S.C. §§ 1961(3).

249.     Defendants are "persons" under 18 U.S.C. § 1961(3).

250.     The Enterprise is an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c). Therefore, at all relevant times, Defendants engaged in the activities that affected interstate commerce within the meaning of 18 U.S.C. §§ 1961(4); 1962(c).

251.     Defendants conducted and participated in the business and financial affairs of the Enterprise through a pattern of unlawful activity within the meaning of 18 U.S.C. §§ 1961(1)(B); 1961(5); 1962(c)—to wit, the above-described multiple, repeated, and continuous acts of (1) obstruction of justice; (2) obstruction of criminal investigations; and (3) obstruction of State or local law enforcement.

252.     Defendants' unlawful activity and corresponding violations of 18 U.S.C. § 1962(c) through the Enterprise directly and proximately caused me to suffer injury to my businesses and property within the meaning of 18 U.S.C. § 1964(c).

253.     To wit, Defendants damaged me and will continue to injure me by engaging in the above-described Obstruction of justice, Obstruction of criminal investigations, and Obstruction of State or local law enforcement.

254.     As a direct and proximate result of all Defendants' above-referenced wrongful actions, inaction, omissions, cover-up, deception, concealment,

and obstructive behavior regarding investigations, and the conspiracy of

silence,

255.      One - I have suffered and will continue to suffer physical and mental

pain, economic and property damages, and other actual and consequential

injuries.

256.      Two - Defendants have maintained and will continue to keep their

reputations maintained and expanded and will continue to expand and

maintain their commercial operations in the United States whereby

Defendants and the Enterprise obtained and will continue to accept public

funds, assets, and other property; and

257.      Three - Defendants wrongfully shifted the arrest's risk, expense, pain,

and suffering on false charges by an unknown and unidentified complainant

to me.

258.      Defendants intentionally engaged and continue to engage in these

wrongful actions, inactions, omissions, cover-ups, deception, concealment,

obstructive behavior regarding investigations, the conspiracy of silence, and

reputational false lights detrimental to my personal, mental, psychological,

and financial well-being.

259.      Defendants' above-described unlawful and intentional Obstruction of

justice, Obstruction of criminal investigations, and Obstruction of State or

local law enforcement violated and continue to violate 18 U.S.C. § 1962 by infringing 18 U.S.C. §§ 1510(a); 1511(a).

260.     Under 18 U.S.C. § 1964(c), I am entitled to automatic treble damages for Defendants' above-described unlawful and intentional schemes and conspiracy to defraud, cheat, and commit the above-referenced wrongful actions, inaction, omissions, cover-up, deception, concealment, and obstructive behavior regarding investigations, in violation of 18 U.S.C. §§ 1962.

261.     The Defendants willfully committed wrongful actions, inaction, omissions, cover-up, deception, concealment, and obstructive behavior regarding investigations, a conspiracy of silence wantonly, and reckless disregard for my rights and interests. Accordingly, Plaintiff is entitled to punitive damages from Defendants as punishment and discouragement of such wrongful conduct in the future.

262.     WHEREFORE, Plaintiff demands judgment as follows

263.     l. Judgment on Causes of Action One thru Eight against Defendants for THIRTY MILLION [$30,000,000.00] DOLLARS.

264.     2. Judgment on all Eight Causes of Action against Defendants in an amount that exceeds the jurisdictional limits of all lower courts that otherwise have jurisdiction.

265.    3. Judgment for Punitive Damages against Defendants Ellory

Osterberg, Corey Wingo, and Stephany Mahaney in the amount of THIRTY

MILLION [$30,000,000.00] DOLLARS as punishment and discouragement

of such wrongful conduct in the future.

266.    4. Judgment for costs and disbursements for reasonable attorney's fees

under the applicable Federal Statutes and other and further relief as this

Court deems appropriate.

## PLAINTIFF'S REQUEST

267.    The misconduct detailed against (LCSO) Employees and The Florida

State Attorney's Office (SAO5) Employees is well outside the immunity

protection scope. Should the Court decide that the exhibits submitted by

opposing counsel to support converting any motion to dismiss to a motion

for summary judgment are valid on their face, despite my allegations, I ask

for discovery rights before being required to produce opposing affidavits.

268.    Plaintiff Wolfgang W. Halbig demands judgment against Defendants

jointly and severally for compensatory and liquidated damages, punitive

damages, and Plaintiff's attorneys' fees, costs, pre-judgment interest, post-

judgment interest, and further relief as this Court may deem proper.

## DEMAND FOR JURY TRIAL

269.    Plaintiff requests trial by jury on all issues so triable.

Respectfully submitted this ___22___ day of ___July___ 2022.

/S/ _____     Date ___22 July 2022___
Wolfgang W. Halbig

## INDIVIDUAL VERIFICATION

On the ___22___ day of July in the year 2022, before me, the undersigned
personally appeared

### Wolfgang W. Halbig

Personally known to me or proved to me based on satisfactory evidence to be the
individual whose name is subscribed to this instrument and acknowledged that he
executed it in my capacity. By my signature on the instrument, the individual
executed the instrument.

_____
Notary Public

Notary Public State of Florida
Dhrumil Shah
My Commission GG 285520
Expires 04/15/2023

## Certificate of Service

I certify that on this _____ day of _____ 2022, this document was filed with the
Clerk of the Court by using https://apps.flmd.uscourts.gov/cmecf/filings.cfm and
sent by U.S. mail to the following:

| | |
|---|---|
| Ian D. Forsythe<br>Florida Bar Number 054925<br>Hilyard, Bogan & Palmer, P.A.<br>105 East Robinson Street, Suite 201<br>Orlando, Florida 32801<br>Telephone 407-425-4251<br>Iforsythe@hilyardlawfirm.com<br>Khoagland@hilyardlawfirm.com | Ivy Pereira Rollins<br>Florida Bar No. 144770<br>Office of the Attorney General<br>3507 E. Frontage Road, Suite 150<br>Tampa, Florida 33607<br>T- (813) 233-2880; F – (813) 281-1859<br>Ivy. Rollins@myfloridalegal.com |

/S / _____                      Date 22 D4 2022

Wolfgang W. Halbig

INDIVIDUAL VERIFICATION

On the __22__ day of __July__ in the year 2022, before me, the undersigned
personally appeared.

Wolfgang W. Halbig

Personally known to me or proved to me based on satisfactory evidence to be the
individual whose name is subscribed to this instrument and acknowledged that he
executed it in his capacity. By his signature on the instrument, the individual
executed the instrument.

_____

Notary Public

Notary Public State of Florida
Dhrumil Shah
My Commission GG 285520
Expires 04/15/2023

Case Number 5:22-cv-106-JA-PRL

# Exhibit 1
# Case Report, Affidavit of Probable Cause,
# Arrest Warrant



# LAKE COUNTY SHERIFF'S OFFICE
Case Report for Incident 190142079

**Nature:** S41
**Location:** L5

**Address:**

**Offense Codes:** 130F
**Received By:** BORZA 2685
**Responding Officers:** BORZA 2685
**Responsible Officer:** BORZA 2685
**When Reported:** 15:03:25 10/30/19

**Agency:** LCSO

**Disposition:** ACT 10/30/19
**Occurred Between:** 15:02:52 10/30/19 and 15:02:52 10/30/19

**Assigned To:** BORZA 2685
**Status:** ASN

**Detail:** PRO
**Status Date:** 11/03/19

**Date Assigned:** 11/03/19
**Due Date:** **/**/**

**Complainant:**
**Last:**                **First:**                **Mid:**
**DOB:** **/**/**          **Dr Lic:**              **Address:**
**Race:**      **Sex:**    **Phone:**               **City:** ,

## Offense Codes
**Reported:**                                       **Observed:**
**Additional Offense:** 130F SIMPLE STALKING 47S

## Circumstances
CIB Criminal Investigations Report

**Responding Officers:**                    **Unit :**
BORZA 2685                                  2685

**Responsible Officer:** BORZA 2685
**Received By:** BORZA 2685                 **Agency:** LCSO
:                                           **Last Radio Log:** 15:54:58 10/30/19 CMPLT
**When Reported:** 15:03:25 10/30/19        **Clearance:** R REPORT
**Judicial Status:**                        **Disposition:** ACT **Date:** 10/30/19
**Misc Entry:**                             **Occurred between:** 15:02:52 10/30/19
                                            **and:** 15:02:52 10/30/19

**Modus Operandi:**          **Description :**               **Method :**

## Involvements

| Date | Type | Description |
| --- | --- | --- |

11/04/19

| 10/31/19 | Name | HALBIG, WOLFGANG WALTER | SUSPECT |
| 10/31/19 | Name | | VICTIM |

*Case Report for Incident 190142079*

## Narrative

Offense/Class:  Cyber Stalking (784.048 1b) M

Reporting Officer: D/S Borza (2685)

Evidence:  None

Crime Scene:  Interviewed

Attachments:  Victim's Rights, Affidavit w/Intent, Supporting
                        Documents

Canvass Area:  N/A

Narrative:
On 10/30/19,                        entered into the front office of the LCSO and
requested to file a report in reference to cyber stalking.

                        of one of the victims in the Sandy Hook shooting that took
place in Connecticut. Since the incident,                has been harassed repeatedly
by an individual named Wolfgang Halbig, who lives at
                        has attempted multiple times to get Wolfgang to stop
contacting him over the past seven years, however has not been able to.
has tried to sue Wolfgang civilly, as well as attempted to follow through with
multiple criminal cases against him, but all were dropped.            has two
previous cases with LCSO (OCA's 180006411 & 170098728) which were both sent to
the SAO however were denied. He also stated he has multiple cases with Boca
Raton PD, however those were closed out as well.

Since February of 2018,               has received a plethora of e-mails from
Wolfgang, further harassing him. These e-mails vary with different content,
however the majority of them accuse            of lying about the death of his
child in the Sandy Hook shooting and other nonsensical conspiracy theories
involving            has also gotten death threats from followers of
Wolfgang's as a result of his ideologies and postings online, however none of
them have ever come directly from Wolfgang. Wolfgang hired a private
investigator to look into            background and was provided with a 99-page
report which included all of              personal information. After receiving the
report, Wolfgang has repeatedly distributed            SSN, DL#, address, DOB,
and other personal information to hundreds of unknown people. Wolfgang has also
reached out to the FBI to try and get            investigated for allegedly
stealing a deceased woman's SSN.            has yet to fall victim to identity
theft, however he has been diligent in filing with the Social Security Office to
keep a lock on his SSN.

          has been under constant distress due to the continued harassment from
Wolfgang. He has attempted to get an injunction against Wolfgang, however keeps
getting delayed by the Orange County clerk of court.            provided a sworn
written affidavit with intent to prosecute and was given a victim's rights
pamphlet. He also provided multiple e-mails showing the content with which he is
being harassed.

Nothing further.

Case Report for Incident 190142079

## Name Involvements:

SUSPECT : 176824

    Last: HALBIG      First: WOLFGANG      Mid: WALTER

    DOB:              Dr Lic:             Address:

    Race:      Sex:      Phone:          City:

VICTIM : 275881

    Last:             First:           Mid:

    DOB:               Dr Lic:             Address:

    Race:      Sex:      Phone:          City:

11/04/19

# Lake County

## Sheriff's Office

### Report Face Sheet

| | | | |
|---|---|---|---|
| ORIGINAL | ☑ | FORWARD TO: CIB ☐ | SIB ☐  INTEL ☐ |
| SUPPLEMENT | ☐ | COPY TO: _____ | |
| ORIGINAL UPDATED (needs to be reprinted) | ☐ | EMPLOYEE ID #: 2685 | |
| CASE #: 19042075 | | REPORT WRITER: _____ | |
| NO ATTACHMENTS | ☐ | | |

WORKFLOW SENT TO:
- INDVID
- CIB CLRK
- CIB SUP
- RW'S
- RP SUP
- SRD SUP

## ATTACHMENTS

- ᐟ Affidavits
- ___ Baker Act Forms
- ___ Crisis Intervention Tracking Form
- ___ Booking Sheets
- ___ Consent to Search
- ___ DCF Intake Report
- ___ Domestic Violence Worksheet
- ___ Missing Person Report
- ___ Stolen Vehicle Affidavit
- ___ Stolen Vehicle ID Form
- ___ Use of Force
- ___ Vehicle Impound Sheet
- ᐟ Victim's Rights Pamphlet

## CLEARANCE CODES

- ✓ ACT (Active)
- ___ CBA (Cleared by Arrest)
- ___ CBJ (Cleared by Arrest-Juvenile)
- ___ ECM (Misdemeanor Instructions SAO)
- ___ ECS (Prosecution Declined by SAO)
- ___ FSA (Filed with SAO)
- ___ INA (Inactive)
- ___ NI (No Intent)
- ___ NPC (No Probable Cause)
- ___ TOT (Turned over to other Agency)
- ___ UNF (Unf.-No Criminal Vio. Exists)

Other: (Added/Changed)

_____

_____

_____

_____

Approved by: _____   I.D.# 747

VICTIM/WITNESS/SUSPECT
AFFIDAVIT

| | | 1. Offense | Juvenile | 1. Original |
|---|---|---|---|---|
| | | 2. Arrest | | 2. Supplement |

| ADM. | Agency ORI Number | Agency Name | Agency Report Number |
|---|---|---|---|
| | FLO  3 , 5 , 0 , 0 , 0 , 0 | LAKE COUNTY S.O. | 4 , 8 , 1 , 4 , 2 , 0 , 7 , 9 |
| | Original Date Reported  1 , 0 , 3 , 0 , 1 , 9 | Case Reference  S41 | |

**Name:**                                        DOB:                    Age:

AKA:

Relation to Offender:

Contact Information ------------------------------------------------

Address:

Mailing Address:

Home Phone:                    Alt Phone:

Personal Information -------------------------------------------------

Race:        Sex:        Height:          Weight:

Build:              Complexion:        Eye Color:      Hair Color:

Scars/Marks/Tattoos:

Clothing/Description:

SSN:

License:            . State:        EXP:            CLASS:

Birthplace - City:              State/Country:        Citizen:

Comments:

Employer Information ------------------------------------------------

Employer:

Address:

Work Phone:

**NARRATIVE**

I am cyber-harassed by Wolfgang Halbig. I have two cases with LCSO. I filed other reports in other Jurisdictions. Since 1-8-2018 I have recieved multiple emails from Halbig. He is cc'ing my personal info to hundreds of his followers. This causes more harassment upon them. I have gotten Death threats as a result Halbig emails my social security number and address and Drivers Licence info to his followers. This harassment is continuos and not stopping. Halbig Just keeps coming after me. I want him to STOP! Halbig has caused emotional distress. I am not getting Relief. I have tried other ways to get him to stop.

Statement/

**INTENT TO PROSECUTE**

YES ☑    NO ☐    N/A ☐

Sworn to and subscribed before me
this 30 day of Oct 2019.

_____
Law Enforcement Officer or Notary

Related Report Number(s)

| ADMINISTRATIVE | Report Contains | | | | | |
|---|---|---|---|---|---|---|
| | Officer(s) Reporting  Borza | | ID. Number(s)  2085 | Unit  CIS | | Date  10/30/19 |
| | Officer Reviewing (If Applicable) | ID. Number | Routed To | Referred To | Assigned To  By | Date |
| | Case Status | Clearance Type  1. Arrest  2. Exceptional | 3. Unfounded | A-Adult  J-Juvenile | Date Cleared | Arrest Number | Number Arrested |
| | Exception Type  1. Extradition  Declined | 2. Arrest on Primary  Offense Secondary Offense  Without Prosecution | 3. Death of Offender  4. V/W Refused to  Cooperate. | 5. Prosecution Declined  6. Juvenile / No Custody | OBTS Number | Page  of | Page |

LCSO-128

Case Number: 190142079

RECEIPT FOR DOCUMENTS

Type of Document: _____ **Case File** _____

Affiant or Person Signing Document: **Deputy Ellory Osterberg 2685**

The original document described above has been received this date.

Agency Receiving Document: **State Attorney's Office**

Date Received: ___JAN 2 4 2020___    By: _____

Signature of Person Receiving Document

# Lake County Sheriff's Office
## Case Management Supplemental Report

| Date Of Offense: 10/30/19 | | Original Offense: Cyberstalking | Case Number: 190142079 |
|---|---|---|---|
| Victim: | | Amended Offense: Possession of personal identification information of another person | Related Case Numbers: N/A |
| Suspect: Wolfgang Halbig | | Added Suspects: N/A | Recovered Property: N/A |
| CBA: | | The perpetrator in this case was arrested by Deputy Sheriff: _____ On __/__/__ | |
| FSA: | X | 1. A Charging Affidavit was filed with the State Attorney on __/__/__ <br> 2. An Arrest Warrant was obtained on 01/23/2020 | |
| ECS: | | 1. The office of the State Attorney was contacted in reference to this case and prosecution was declined on __/__/__ per SAO: _____ <br> 2. Suspect identified; however victim refuses to assist agency with investigation (No Intent) <br> 3. Suspect deceased | |
| ECM: | | The victim in this case was provided appropriate instructions to present incident to State Attorney's Office. | |
| UNF: | | No criminal violation exists | |
| TOT: | | This case was turned over to _____ for further investigation. | |
| INAC: | | A follow-up investigation was made on this case-no suspects were identified, case will remain inactivated till there are new leads or suspects. | |
| ☐ Reprint | | | |
| Remarks: | | | |

| Detective: Det. Osterberg 2685 | DATE: 1/23/2020 |
|---|---|
| Supervisor: *E. Rodriguez* | DATE: 1/23/20 |

Revised 04/10/12

IN THE CIRCUIT OR COUNTY COURT
OF THE FIFTH JUDICIAL CIRCUIT OF
FLORIDA IN AND FOR LAKE COUNTY

State of Florida

vs

Unlawful possession of the personal
identification information of another person
F.S.S. 817.5685

Wolfgang Halbig

LCSO 190142079

## AFFIDAVIT OF PROBABLE CAUSE

Comes now, the affiant, Detective Ellory Osterberg of the Lake County Sheriff's Office, a sworn
law enforcement officer, who personally appeared before a notary public or certified officer,
makes this affidavit, which has been electronically submitted to the Court. The affiant swears
under oath that she has probable cause to believe that certain laws have been violated in Lake
County, Florida and that on or about 02/18/2018, Wolfgang Halbig          did commit
Unlawful Possession of Personal Identification Information of Another Person F.S.S. 817.5685, a
misdemeanor of the first degree.

1. That the events hereinafter set forth occurred at

2. That on 10/30/19, victim                    entered into the Lake County Sheriff's
   Office and reported that since February 18th, 2018, defendant Wolfgang Halbig
   has continued to harass him over the internet.

3. That defendant Halbig is a conspiracy theorist who is investigating the Sandy
   Hook shooting that occurred on December 14, 2012. Since the shooting,
   defendant Halbig has contacted the victim's family members and have continued
   to harass them, asking questions and alleging the children involved are crisis
   actors. Victim          lost his youngest child in the shooting and has been getting
   harassing emails and phone calls in reference to defendant Halbig's
   investigation.

4. That defendant Halbig has obtained a copy of victim            personal
   identification information, to include his social security number and date of birth,
   and has released it to hundreds of people via email. Your Affiant has seen
   multiple different emails, one from victim            and another from a Detective

from the Connecticut State Police. The date on the email from victim            is dated September 16ᵗʰ, 2019. The email from the Connecticut State Police is dated September 16ᵗʰ, 2019. The main email address this email was sent to was                                         and there were also multiple different law enforcement agencies and news stations CC'd within the email as well. Victim            has had to take the necessary steps to protect his personal credit information, which causes him to have to go through numerous different avenues to prevent fraudulent activity.

5.  That during the investigation into the allegations in 2017, the email defendant Halbig used was subpoenad and was confirmed as belonging to him. This is the same email that is continuing to be used to contact victim

6.  That defendant Halbig has also contacted the Connecticut State Police where he has attempted to initiate a report in reference to defendant Halbig alleging that victim            was using a deceased woman's social security number illegally. When defendant Halbig contacted the Connecticut State Police, the case was not pursued due to failure to find any criminal activity.

7.  That on 1/16/2020, your Affiant received a sworn affidavit from Janet Ainsworth stating that she received an unsolicited email from defendant Halbig that contained victim            personal information claiming that he was using the identity of a deceased woman from Florida. Janet is a Staff Attorney and Ethics Liason with the State of Connecticut Department of Emergency Services and Public Protection in Connecticut. In her affidavit, Janet stated that her agency received an email from defendant Halbig on 10/03/2019 at approximately 1201 hours which contained the personal information of victim            The email was sent to desop.legal@ct.gov, which Janet's office monitors. The email contained a full and comprehensive TLOxp report about victim            detailing his biographical information. TLOxp is TransUnion's skip tracing, investigative research and risk management report. This email was also sent to three different FBI offices, two in Florida and the other in Washington, DC.

8. That your Affiant has confirmed the social security number contained within the TLOxp report, as well as the other emails claiming fraud, belongs to victim

9. That victim        wishes for prosecution in the case.

Your Affiant believes that probable cause exists for the arrest of Wolfgang Halbig for Unlawful Possession of Personal Identification Information of Another Person F.S.S. 817.5685.

Det _____ 2685

Detective Ellory Osterberg 2685
Lake County Sheriff's Office

*Sworn* to and *Subscribed* before me

this ___23___ day of ____JAN____, 2020.

Circle One: Notary Public - Certified Officer

_____ Personally known to me
_____ Produced identification
Type:

IN THE CIRCUIT OR COUNTY COURT
OF THE FIFTH JUDICIAL CIRCUIT OF
FLORIDA IN AND FOR LAKE COUNTY

State of Florida

Vs.

Wolfgang Halbig

### ARREST WARRANT

IN THE NAME OF THE STATE OF FLORIDA, TO ALL AND SINGULAR THE SHERIFFS
OF THE STATE OF FLORIDA, SPECIAL AGENTS OF THE FLORIDA DEPARTMENT OF
LAW ENFORCEMENT, INVESTIGATORS OF THE STATE ATTORNEY'S OFFICES
AND/OR ALL OTHER AUTHORIZED POLICE OR LAW ENFORCEMENT OFFICERS
ACTING WITHIN THEIR JURISDICTION:

Whereas, Detective Ellory Osterberg of the Lake County Sheriff's Office has this day
electronically submitted a sworn affidavit, hereby incorporated herein, which establishes
probable cause that in the County aforesaid, Wolfgang Halbig          did commit Unlawful
Possession of Personal Identification Information of Another Person, a misdemeanor of the first
degree, contrary to Florida State Statutes 817.5685 in such cases made and provided, and against
the peace and dignity of the State of Florida.

Text

Therefore you are hereby commanded forthwith to arrest the said Wolfgang Halbig and bring him
before the proper court to be dealt with according to law.

Given under my hand and seal this _____ day of _____ , 2020.

_____
County/Circuit Judge, Lake County

In the Circuit or County Court
of
Lake County
State of Florida

State of Florida

vs.

Name: Wolfgang Halbig

**Warrant**

Appearance Bond fixed at
Count 1: Unlawful Possession of Personal Identification
Information of Another Person F.S.S. 817.5685

Bond - $5,000

Total Bond: $5,000

Fixed this _____ day of
_____, 2020

_____
Clerk

Received the warrant this _____ day of
_____, 2020 and executed the same in Lake
County, Florida on the _____ day of
_____, 2020 by arresting
the within named defendant, and at the same time
informing him/her of the cause of the arrest and the
issuance of this warrant.

_____
Sheriff of County

_____ D.S.

 LCSO - Records



ARREST AFFIDAVIT/FIRST APPEARANCE FORM

LAKE COUNTY, FLORIDA

| | |
|---|---|
| OBTS # 5001207400 | Agency ORI # FL0350000   20000668   190142079 |

Court Case Number: 20CF000224

☑ Felony  ☐ Misdemeanor  
☐ Traffic  ☐ Juvenile  
☑ Warrant / C A P I A S  
County or Municipal Ordinance  
Agency Case Number: 200015470

| Defendant's Name: Last | First | Middle | Mo. | DOB Day | Yr | SEX | RACE | HGT | WGT | HAIR | EYES |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Halbig | Wolfgang | W | | | | | | | | | |

Mailing Address: St./P.O. Box  
City  
St. Add. (if different), Street N/A  
City N/A                          State          Zip  
Place of Employment: Street N/A  
City N/A                          State N/A   Zip N/A

Scars- Marks-Tatoos-Amputations (describe each)  
N/A

| | |
|---|---|
| Phone: Home | Place of Birth: | Social Security No.: |
| Phone: Business ( N/A | Occupation: N/A | Alias: |

Driver Lic. No.:  
State:

Vehicle towed by: N/A

Hold on Vehicle: Yes☐  No☐  
Agency: N/A

Arrest Suffix:

Arrest Date: mo 01  day 27  year 20  
Arrest Time: 0139 Hours  
Arrest Location:

U.S. Citizen: Y☑  N☐  U☐          Residence Type:  ☐ 1. City  ☑ 2. County  ☐ 3. Florida  ☐ 4. Out-of-Florida

ACTIVITY

| | | |
|---|---|---|
| A. Fraud | K. Dispense/Distribute | M. Manufacture/Produce/Cultivate |
| B. Buy | | |
| D. Deliver | | N. N/A |
| F. Forgery | | |

| O. Counterfeit | T. Traffic |
|---|---|
| P. Possess | U. Use |
| R. Smuggle | X . Stolen Property |
| S. Sell | Z. Other |

TYPE

| A. Amphetamine | M. Marijuana | P. Paraphernalia/ | U Unknown |
|---|---|---|---|
| B. Barbiturate | N. N/A | Equipment | 2. Other |
| C. Cocaine | O. Opium/Deriv | P. Heroin | |
| H. Hallucinogen | | S Synthetic | |

| C H A R G E S | Description | Counts | Activity | Type | NCIC | Statue | Bond Amount | In Accordance to Bond Schedule |
|---|---|---|---|---|---|---|---|---|
| | Active Lake County Warrant | | | | | | | Y☐ N☐ |
| | UNLAWFUL POSSESSION OF PERSONAL IDENTIFICATION INFORMATION OF ANOTHER PERSON | 1 | | | | 817.5685 -383 | $5000 | Y☑ N☐ |
| | | | | | | | | Y☐ N☐ |
| | | | | | | | | Y☐ N☐ |
| | | | | | | | | Y☐ N☐ |
| | | | | | | | | Y☐ N☐ |
| | | | | | | | | Y☐ N☐ |
| | | | | | | | | Y☐ N☐ |
| | | | | | | | | Y☐ N☐ |

Indication of:  
Alcohol Influence  Y☐  N☐  Unknown☑  
Drug Influence  Y☐  N☐  Unknown☑

Weapon Seized:  Y☐  N☑

JAIL LOG: (To be completed by Booking Officer)   LCSO WEngg 2784          Jail Inmate Number: 141560

| Date Booked: 1/27/20 | Time Booked: 0318 AM/PM | Booking Officer: ilbod | Fingerprinted By: Bambridge | Photographed By: Colas | Bin Number |
|---|---|---|---|---|---|

Advised of Rights By:                    Check for Warrant(s):  
                                         NCIC ☐  FCIC ☐  Local ☐

Holds:  
Yes ☐  No ☐

Agency of Hold:

Attorney (if known):

Religion:  
J☐ Pr☐ C ☐ Other☐

Marital Status:  
S ☐ M ☐ D ☐ Sep ☐

Telephone call logged:      AM  
Time                        PM

Telephone No.  
(   )

Next of Kin,/PARENTS OF JUVENILE  
(for emergency)

Relation          Address

Telephone No  
(   )

Juvenile Disposition:

___ 1. Hand led/Processed Within Dept and Released      ___ 2. Turned Over to D.J.J.      ___ 3 Incarcerated (County Jail)

FAXED          Page  1  of ___          ORIGINAL

fpdf v1 20040624

| Complaint/ Arrest Affidavit Continuation | | Court Case No. 20CF000224 | | Agency Case No. |
|---|---|---|---|---|
| Defendant s Name.  Last Halbig | First Wolfgang | Middle W | Date of Birth | |

PROBABLE CAUSE AFFIDAVIT:
(specify probable cause, for each charge)

Before Me. the undersigned authority personally appeared _____ D/S Wingo

Information and belief, that on the ___27th___ day of ___January___ ,20 _20_ , in _____ LAKE _____ who being duly sworn, alleges, on the defendant did: _____ County, Florida.

Have an Active Lake County Warrant for:

CT1- UNLAWFUL POSSESSION OF PERSONAL IDENTIFICATION INFORMATION OF ANOTHER PERSON

Bond: $5,000

Court Case Number: 20CF224-04

SWORN to and SUBSCRIBED before me
this ___27th___ day of ___January___
20 20

_____
Notary Public    Certified Officer
(circle one)

Personally Known    OR Produced Identification
Type of Identification Produced

AFFIANT  D/S Wingo 2784

ARRESTING AGENCY  L CSO

SEAL
LORA LANE
Commission # GG 345164
Expires June 13, 2023
Bonded Thru Troy Fain Insurance 800-385-7019

Page ___ of ___ Page

fpdf v1 20040624



# LAKE COUNTY SHERIFF'S OFFICE

Case Report for Incident 200015470

| | | |
|---|---|---|
| **Nature:** 1017 | | **Address:** |
| **Location:** L5 | | |

**Offense Codes:**

**Received By:** REVELS 2830     **Agency:** LCSO

**Responding Officers:** SOMMER 2185, SCHNEIDER 2703, WINGO 2784

**Responsible Officer:** WINGO 2784     **Disposition:** INA 01/27/20

**When Reported:** 01:23:37 01/27/20    **Occurred Between:** 01:23:37 01/27/20 and 01:23:37 01/27/20

| **Assigned To:** | **Detail:** | **Date Assigned:** \*\*/\*\*/\*\* |
|---|---|---|
| **Status:** | **Status Date:** \*\*/\*\*/\*\* | **Due Date:** \*\*/\*\*/\*\* |

**Complainant:**

| **Last:** | **First:** | **Mid:** |
|---|---|---|
| **DOB:** \*\*/\*\*/\*\* | **Dr Lic:** | **Address:** |
| **Race:**   **Sex:** | **Phone:** | **City:** , |

## Offense Codes

**Reported:**          **Observed:**

## Circumstances

**Responding Officers:**      **Unit :**

      SOMMER 2185      2185

      SCHNEIDER 2703    2703

      WINGO 2784       2784

**Responsible Officer:** WINGO 2784        **Agency:** LCSO

**Received By:** REVELS 2830     **Last Radio Log:** 02:52:04 01/27/20 CMPLT

             :                  **Clearance:** NR NO REPORT

**When Reported:** 01:23:37 01/27/20     **Disposition:** INA Date: 01/27/20

**Judicial Status:**           **Occurred between:** 01:23:37 01/27/20

**Misc Entry:**               **and:** 01:23:37 01/27/20

**Modus Operandi:**       **Description :**       **Method :**

## Involvements

| Date | Type | Description |
|---|---|---|

| | | | |
|---|---|---|---|
| 01/27/20 | Name | HALBIG, WOLFGANG WALTER | INVOLVED |
| 01/27/20 | Vehicle | GRY 2012 CHEV FL | VEH |
| 01/27/20 | Cad Call | 01:23:37 01/27/20 1017 | Initiating Call |

01/28/20

## Supplement

Added By: REVELS 2830

Added On: 02:52:04 01/27/20

CAD Call info/comments
=================================

01:35:35 01/27/2020 - REVELS 2830 - From: SOMMER 2185
1012 WITH WOLFGANG HALBIG SHOWING 1049 CT1 UNLAWFUL POSSESSION OF PERSONAL
IDENTIFICATION INFORMATION O
              F ANOTHER PERSON BOND FIVE THOUSAND
DOLLARS NO CONTACT WITH VICT


01:36:38 01/27/2020 - REVELS 2830
WANTS TABLE #43967
01:39:39 01/27/2020 - REVELS 2830 - From: SOMMER 2185
1015 @ 0139HRS WOLFGANG HALBIG
01:44:58 01/27/2020 - REVELS 2830 - From: WINGO 2784
1012 51 LCJ 110923
02:12:10 01/27/2020 - REVELS 2830 - From: WINGO 2784
97 LCJ
02:12:28 01/27/2020 - WINGO 2784
EM 110938

# Vehicles

**Vehicle Number:**
**163032**

| | |
|---|---|
| **License Plate:** GXYD27 | **License Type:** |
| **State:** FL | **Expires:** 08/10/20 |
| **Vehicle Year:** 2012 | **VIN:** 1GNSCBE02CR277874 |
| **Make:** CHEV Chevrolet | **Model:** |
| **Color:** GRY / | **Doors:** 0 |
| **Vehicle Type:** PCAR Passenger Car | **Value:** $0.00 |

**Owner:**

| | | |
|---|---|---|
| **Last:** | **First:** | **Mid:** |
| **DOB:** **/**/** | **Dr Lic:** | **Address:** |
| **Race:** **Sex:** | **Phone:** | **City:** , |

| | |
|---|---|
| **Agency:** | **Date Recov/Rcvd:** **/**/** |
| **Officer:** | **Area:** |
| **UCR Status:** | **Wrecker Service:** |
| **Local Status:** | **Storage Location:** |
| **Status Date:** **/**/** | **Release Date:** **/**/** |
| **Comments:** | |

01/28/20

## Name Involvements:

INVOLVED : 176824

    Last: HALBIG        First: WOLFGANG      Mid: WALTER

    DOB:                Dr Lic:              Address:

    Race:       Sex:       Phone:            City:

Case Number 5:22-cv-106-JA-PRL

# Exhibit 2

# Exhibit 2, Deposition excerpt

**Exhibit 2, Deposition excerpt**

4

1 Q. Have you ever given a deposition before, are you

2 familiar with how they go?

3 A. Yes.

4 Q. Perfect.  Same thing, just like to double check

5 before we get into it.

6 And could you please describe for me your training

7 and experience up to this point?

8 A. In 2016, I was employed by the Winter Garden Police

9 Department and I stayed there until 2017.  I was then hired in

10 2018 for the Lake County Sheriff's Office where I currently

11 work.  About a year after that, I was, I guess, promoted or I

12 was put into the criminal investigations division.  There, I

13 was a detective.  And while there I went through multiple

14 different classes, to include interrogations and

15 investigations.  I also have a four-year degree from the

16 University of Central Florida in criminal justice.

17 Q. Go Knights.  I went there myself.

18 All right.  Is there any -- was there a particular

19 reason why you are no longer serving as a detective at this

20 time?

21 A. Personal choices.

22 Q. Okay.  And so how long did you serve as a

23 detective?

24 A. Officially I would say about six months.

25 Q. And how many cases would you say you worked on in

1

IN THE CIRCUIT COURT, FIFTH

JUDICIAL CIRCUIT, IN AND FOR

LAKE COUNTY, FLORIDA

CASE NO.:  2020-MM-001628

STATE OF FLORIDA,

       Plaintiff,

vs.

WOLFGANG HALBIG,

       Defendant.

_____/


DEPOSITION OF

ELLORY OSTERBERG


Taken on Behalf of the Defendant


DATE TAKEN:    January 7, 2021

TIME:          10:08 a.m. - 11:17 a.m.

PLACE:        Kerr & Associates

                614 North Sinclair Avenue

                Tavares, Florida 32778




Examination of the witness taken before:


Cheryl McDonough, RPR

Kerr & Associates

614 North Sinclair Avenue

Tavares, Florida 32778

(352) 742-3144

2

A P P E A R A N C E S:

CHRISTOPHER D. SMALL, ESQUIRE (via Zoom)

OF:  Office of the State Attorney - Lake County
     550 West Main Street
     Tavares, Florida 32778
     352-742-4236
     csmall@sao5.org

         APPEARING ON BEHALF OF THE PLAINTIFF

MICHAEL D. BARBER, ESQUIRE

OF:  Law Office of Michael D. Barber, P.A.
     1212 Woodward Street, Suite 5
     Orlando, Florida 32803-4173
     407-890-8000
     mbarber@devotedtojustice.com

         APPEARING ON BEHALF OF THE DEFENDANT

                          INDEX

Testimony of Ellory Osterberg              Page No.

Direct Examination by Mr. Barber..................3


CERTIFICATE OF OATH..............................38
CERTIFICATE OF REPORTER..........................39


                   * * * * * *
                E X H I B I T S
                     NONE
                   * * * * * *
              S T I P U L A T I O N S

         It is hereby stipulated and agreed by and between
counsel present for the respective parties, and the deponent,
that the reading and signing of the deposition are hereby
waived.

3

P R O C E E D I N G S

* * * *

1

2

3    THE COURT REPORTER:  Do you solemnly swear the

4    testimony you're about to give in this cause will be the

5    truth, the whole truth, and nothing but the truth?

6    THE WITNESS:  I do.

7                    ELLORY OSTERBERG,

8    Having first been duly sworn, was examined and

9    testified as follows:

10                    DIRECT EXAMINATION

11   BY MR. BARBER:

12   Q.  Good morning.  Is the proper title, is it

13   detective?

14   A.  No, not anymore.

15   Q.  Not anymore.  So would it be deputy?

16   A.  Yes, sir.

17   Q.  Okay.  Sorry.  I like to make sure I'm at least

18   addressing people correct.

19        So Deputy, would you please state your name and rank

20   for the record?

21   A.  Deputy Ellory Osterberg.

22        MR. BARBER:  Thank you.  And has she been sworn in?

23        THE COURT REPORTER:  I just swore her in.

24        MR. BARBER:  Okay.  Perfect, you just swore her in.

25   BY MR. BARBER:

4

1      Q.  Have you ever given a deposition before, are you

2  familiar with how they go?

3      A.  Yes.

4      Q.  Perfect.  Same thing, just like to double check

5  before we get into it.

6          And could you please describe for me your training

7  and experience up to this point?

8      A.  In 2016, I was employed by the Winter Garden Police

9  Department and I stayed there until 2017.  I was then hired in

10  2018 for the Lake County Sheriff's Office where I currently

11  work.  About a year after that, I was, I guess, promoted or I

12  was put into the criminal investigations division.  There, I

13  was a detective.  And while there I went through multiple

14  different classes, to include interrogations and

15  investigations.  I also have a four-year degree from the

16  University of Central Florida in criminal justice.

17      Q.  Go Knights.  I went there myself.

18          All right.  Is there any -- was there a particular

19  reason why you are no longer serving as a detective at this

20  time?

21      A.  Personal choices.

22      Q.  Okay.  And so how long did you serve as a

23  detective?

24      A.  Officially I would say about six months.

25      Q.  And how many cases would you say you worked on in

5

1   your time as a detective?

2       A.   100 to 150, ballparking it.

3       Q.   And what sort of cases were you working, were they

4   confined to one type of case or did they run the gamut?

5       A.   Typically I worked property crimes, so burglaries,

6   thefts, criminal mischief sorts of cases of that nature.

7       Q.   And prior to this case, Mr. Halbig's case, have you

8   ever worked a case that was similar to this, you know, as far

9   as the crime charged?

10      A.   No.

11      Q.   And prior to this case, have you ever had any reason

12  to, I guess, even read or study up on the specific crime that

13  was charged in this case, like the specific statute?

14      A.   No.

15      Q.   Now, how did you first get involved in this case, can

16  you kind of walk me through the process?

17      A.   When I was taken off the road due to pregnancy, I was

18  put in the criminal investigations division as a light duty

19  case, because I could no longer work from the road.  In that

20  capacity, I served about six months, and I would take the

21  people that walked into the front office of the sheriff's

22  office and take the initial reports for them.

23           One of the individuals that walked in was Mr. Leonard

24  Pozner, who wished to file a police report in reference to the

25  dissemination of his personal information via Mr. Halbig, and

6

1    that is how I got involved in the entire case.

2         Q.  Now, prior to Mr. Pozner walking in there, have you

3    ever heard of Mr. Pozner or Mr. Halbig?

4         A.  No.

5         Q.  Now, when Mr. Pozner, I guess, walked into the lobby,

6    how did that go, can you kind of walk me through any

7    conversations there may have been or what went on?

8         A.  So I was approached by my lieutenant at the time, who

9    was Lieutenant Dan Conlee, who had dealt with him previously

10   because of the other police reports that were made through us,

11   and I was kind of briefed as to who Mr. Pozner was and what

12   all had been, what all had happened previously.  And I was

13   told that he wanted to file another police report in reference

14   to the constant communication and the dissemination of the

15   information.

16        So after speaking with my lieutenant, I spoke with

17   Mr. Pozner in a private room and just got his affidavit and

18   all of the information that I could at that time in order to

19   write up my initial report and investigate it from there.

20        Q.  Now, when Lieutenant Conlee discussed the case with

21   you, can you go into detail as much as your memory will allow

22   you to and in as much detail as possible about exactly what

23   was discussed?

24        A.  That Mr. Pozner was the father of the youngest victim

25   of the Sandy Hook shooting and that over the past however many

7

1    years it's been, I believe December 14th of 2012 is what I had

2    here in my notes as when it occurred, since then, Mr. Halbig

3    has been stating online and through various media sources that

4    the Sandy Hook shooting was a conspiracy theory and everything

5    like that.  So he kind of went into detail as to the type of

6    person that Mr. Halbig was in reference to that, was as a

7    conspiracy theorist, and told me that Mr. Pozner had been in

8    before and attempted, in 2017, and attempted to file another

9    police report that ultimately ended up getting forwarded to

10   the State Attorney's Office and had been dropped due to lack

11   of, lack of something, I don't remember at this point in time.

12   But they weren't able to pursue it because of the statute, it

13   didn't meet the requirements.  From there, that's really all

14   that was told to me, that I can remember at this point.

15        Q.  Okay.  Now, did Lieutenant Conlee give you any

16   specific instructions or directions on how to approach the

17   case or how to conduct yourself during the case?

18        A.  No, just be professional and continue to investigate

19   the cases as I had been before, just take a statement and

20   follow it up from there.

21        Q.  Now, what was Mr. Pozner's demeanor like when he was

22   in there?

23        A.  Calm, like you and I.

24        Q.  And you said you did take a statement from him at

25   that time; is that correct?

8

1    A.  I did.

2    Q.  Now, was that the only time you'd ever talked to

3  Mr. Pozner, were there follow up conversations?

4    A.  There were multiple follow up conversations

5  throughout the months.

6    Q.  And was Mr. Pozner, was his demeanor always calm or

7  did he, did his demeanor ever change throughout those

8  conversations?

9    A.  No, I mean, he was pretty calm the entire time that I

10 talked to him.  I mean, we've had multiple phone

11 conversations, we've had multiple email correspondences, and

12 every single time he's always appeared calm to me.

13   Q.  Now, when Mr. Pozner came in to give his report, did

14 he present the actual charge or was that a charge that you had

15 come up with after hearing his side of the story?

16   A.  It was the charge that I came up with after hearing

17 what he had told me.  What I didn't understand or wasn't aware

18 of, rather, was that he had had multiple correspondences with

19 Mr. Halbig since the time that he stated, February 18th of

20 2018, he had sent multiple emails to Mr. Halbig.  And because

21 of that, it was no longer, I was no longer able to go with my

22 initial charge of cyberstalking and then I ended up having to

23 change it to the unlawful possession of the personal

24 identification information of another person.

25   Q.  Now, at what point did you make that determination to

9

1    change from cybertstalking to the fraudulent possession of

2    personal identification information?

3        A.  I sat down -- I didn't sit down with her, we spoke

4    over the phone, to Assistant State Attorney Stephanie Mahaney.

5    And I had spoken with her throughout this entire thing because

6    she was helping me try to figure out exactly what we needed to

7    do in order to charge and everything like that, and she had

8    suggested that I go with the Florida State Statute 817.5685

9    because of the multiple correspondences from Halbig and

10   Mr. Pozner making the cyberstalking charge void.

11           And you would ask when, I'm sorry?

12       Q.  Yeah, about when would be great, thank you, if you

13   could.

14       A.  I honestly have no idea.  I don't have it in my

15   notes, I'm sorry.

16       Q.  That's all right.  If you don't know, you don't know.

17   I do appreciate it.  So you and ASA Stephanie Mahaney had been

18   communicating throughout the pendency of the investigation?

19       A.  Yes.

20       Q.  So the State Attorney's Office was involved every

21   step of the way, for the most part?

22       A.  I wouldn't say that they were involved.  I would say

23   that I got guidance.  They were actively pursuing him, as I

24   was, they were just there trying to help me figure my way out

25   because this wasn't in my wheelhouse.

10

1     Q.  And how did you first begin, I guess that, I don't

2  know if we want to call it cooperation or conversations,

3  whatever, with Mahaney, did you reach out to her, did she

4  reach out to you, is there a normal process that you've got

5  set up or if you'd walk me through that, I'd appreciate it.

6     A.  So what I did was I just reached out to the State

7  Attorney's Office and asked for the on-call person and it

8  ended up being Stephanie Mahaney and she just said to continue

9  to speak with her about it because she was the one that, I

10  guess, sorted all of the incoming cases to the different state

11  attorneys.  And because she was the one that started talking

12  with me to begin with, she was the one that knew the most

13  about the case, so she said to just go ahead and speak with

14  her in reference to it from then on so that she could help

15  guide me in the best possible way.

16     Q.  And I'm sorry, I'm not sure I got her last name

17  right.  Do you know how to spell her last name?

18     A.  M-A-H-A-N-E-Y, Mahaney.

19     Q.  And when you first got in communication with her, was

20  she already familiar with Mr. Pozner and Mr. Halbig?

21     A.  Yes.

22     Q.  And how do you know that, what did she say?

23     A.  Because of the previous charges that were drawn up in

24  2017, I don't have the date on here, by Detective Danny

25  Morales -- actually, I have his probable cause affidavit.

11

1    I have it in here as July 11th of 2017 was when the initial

2    charges for cyberstalking were brought forth on Mr. Halbig.  I

3    guess that when he had done that, Ms. Mahaney was involved

4    with the State Attorney's Office and either saw it or helped

5    out with it or was familiar with it at that point.

6         Q.  Is there any chance I could take a look at that

7    document and just see it?

8         A.  It's just a --

9         Q.  I figure it's probably public record.  I may already

10   have it, but because you were looking at it, I want to, I'd

11   like to take an eye on it to see what documents there are.

12        A.  I just did a whole bunch of different things on the

13   same one.

14        Q.  It's fine.  There's nothing improper about it.  I

15   just want to see what you're looking at just for my own

16   edification.  Thank you.  I do appreciate it.

17        A.  Uh-huh.

18        Q.  And so getting back to this case, what were the

19   specific facts that you determined constituted the crime of

20   fraudulent possession of personal identification information

21   of another?

22        A.  In several of the email chains that I was emailed

23   from Mr. Pozner, as well as Detective Dwyer from the

24   Connecticut State Police Department, Mr. Halbig had attached a

25   99-page compositional report that he obtained through TLO,

12

1    which is TransUnion's -- I have it in here, there's a lot

2    of --

3        Q.  Skip tracing, right?

4        A.  Yeah, skip tracing, investigative research, and risk

5    management report.  In several of the emails, he attached that

6    report and disseminated it out to various different people.  I

7    have actually in my notes the list of all of the different

8    people that he disseminated this out to (indicating).  Because

9    of that, it came from his address, which was already

10   determined back in 2017 that it belonged to him, that because

11   of the fact that it was attached to this email from his email

12   that he was in possession of it.

13       Q.  Okay.  And so when you said, you know, email chain

14   from Connecticut State Police, so it was based upon him

15   sending this information to law enforcement agencies, was that

16   the facts that support the crime?

17       A.  It was law enforcement agencies, it was news

18   agencies, it was, I have highlighted in here, a secretary at a

19   church, which I had no idea why he would send that to that

20   particular church.  I have it in here that he sent it to

21   Infowars, which is another person that he was directly

22   involved in in the Sandy Hook conspiracy theory.  I have in

23   here multiple different legal offices.  I have the FBI.  I

24   have like the Sun Sentinel.  I have just various different

25   amounts of people and agencies that he sent it to, not just

13

1   law enforcement.

2       Q.  And when Mr. Halbig had sent email did it appear that

3   he was making allegations that a crime had been committed by

4   Mr. Pozner?

5       A.  Yes.

6       Q.  Now, did you believe the allegations to have any

7   merit?

8       A.  No.

9       Q.  Now, based on your experience, law enforcement, they

10  receive all sorts of tips of criminal allegations from all

11  sorts of people, I'm sure, 365 days a year; is that correct?

12      A.  Yes.

13      Q.  And not all of them have merit, is that correct as

14  well?

15      A.  Yes.

16      Q.  Based on your experience, do you know of anyone else

17  that you've ever investigated or helped prosecute specifically

18  for making criminal allegations, whether they were true or

19  not?

20      A.  I'm sorry, can you --

21      Q.  Yeah.  Are you aware in your experience of any other

22  time where you've seen someone be prosecuted because they have

23  forwarded what they believe to be allegations of criminal

24  conduct to a law enforcement agency?

25      A.  No.

14

1      Q.   Have you ever seen that before?

2      A.   No.

3      Q.   Okay.  So this is kind of special case then, a unique

4   case, I guess we could say?

5      A.   For me, yes, because my main experience is out on the

6   road, so dealing with calls for service for people

7   face-to-face, not internet crimes.

8      Q.   Now, did you have any reservations about bringing

9   charges for someone who was making reports to law enforcement

10  agencies or sending information to news agencies, did you have

11  any reservations about it?

12     A.   News and law enforcement, law enforcement

13  specifically, yes, because that's what we're supposed to do,

14  we're supposed to investigate.  For news agencies, absolutely

15  not.  For churches, absolutely not.  For different people that

16  he had conspiracy theories with and discussed that with,

17  absolutely not.

18     Q.   Now, I'm sure you're familiar with the First

19  Amendment and freedom of the press and things like that --

20     A.   Yes.

21     Q.   -- at least familiar?

22          And have you, in your experience, ever heard of

23  someone in Lake County being prosecuted for sending tips to

24  any sort of news organization?

25     A.   No.

15

1        Q.   And you are aware that news organizations regularly

2   receive confidential information in the form of tips that they

3   then report on, you understand, is that something that you're

4   aware of?

5        A.   I'm sorry, what?

6        Q.   Are you aware that news organizations receive tips

7   that contain confidential information all the time?

8        A.   Yes.

9        Q.   Quite regularly?

10       A.   Yes.

11       Q.   And do you believe tips sent to news organizations

12   that contain confidential information, do you believe the act

13   of sending those constitutes a crime?

14       A.   No.

15       Q.   Now, I know you had said there was a secretary at a

16   church and maybe some other private citizens, I guess, we

17   could say, that it was sent to; is that correct?

18       A.   Yes.

19       Q.   And have you ever made contact with any of those

20   people?

21       A.   No.

22       Q.   And have you ever, you know, gone through the process

23   to track down IP addresses to confirm identities of any of

24   these people?

25       A.   No, because I was never able to get in contact with

16

1    them.  I did send emails to try to contact people, but they

2    never responded or the email addresses were no longer valid.

3         Q.  So you don't, we don't actually know who was behind

4    those email addresses as of today; is that correct?

5         A.  Of what email addresses, the ones that he sent them

6    to?

7         Q.  Yes, correct.

8         A.  Yes.

9         Q.  Now, were there, was there anyone else besides ASA

10   Mahaney or Lieutenant Conlee that you had discussed this case

11   with?

12        A.  Yes, Detective Morales.

13        Q.  And Detective Morales, he was the one who

14   investigated the prior 2017 case --

15        A.  Yes.

16        Q.  -- that Mr. Pozner made, correct?

17        A.  Yes.

18        Q.  And when did you have that discussion with Detective

19   Morales or the multiple discussions and can you kind of walk

20   me through them, what you guys discussed?

21        A.  Specifically the case that he had brought up in 2017

22   that he had already filed a probable cause affidavit for.

23        Q.  And did you discuss -- actually, was he involved --

24   sorry, let me rephrase that.

25             Was Detective Morales involved in any of the decision

17

1   making in this case?

2        A.  No.

3        Q.  And was there anyone besides Detective Morales that

4   you discussed the case with?

5        A.  Yes, Detective Morris and I believe Detective Thomas,

6   who is now Corporal Thomas.

7        Q.  And can you walk me through those conversations as

8   well, describe, you know, when they happened, what was

9   discussed?

10       A.  They responded out to Mr. Halbig's address in order

11  to speak with him regarding this case.  I don't know what was

12  discussed.  I don't know what was done or anything like that

13  between them three, because I was on maternity leave.

14       Q.  Fair enough.  You weren't there.  All right.  You had

15  talked to them before or after they went out there, do you

16  know?

17       A.  After.

18       Q.  And did they just kind of, were they just discussing

19  what happened out there or did you talk to them about the case

20  in general, as a whole or --

21       A.  I asked them what Mr. Halbig had said and one of

22  the -- or Detective Morris gave me a packet or left a packet

23  of information that Mr. Halbig had given him on my desk.  So

24  when I got back from maternity leave, I looked through it and

25  it was not relevant to my case.

18

1    Q.   Now, were you the one who drafted the application for

2    the arrest warrant in this case?

3    A.   Yes.

4    Q.   Did anyone else help you with that or is that just

5    something you did by yourself?

6    A.   I sent it multiple times over to the State Attorney's

7    Office and was advised that I needed to put more supporting

8    information in order for it to be processed.  Other than that,

9    I was the one that did all of the work for the probable cause

10   affidavit.

11   Q.   And when you sent it to State Attorney's Office, was

12   that always ASA Mahaney or were there other people advising on

13   that?

14   A.   No, there were other people advising on that as

15   well.

16   Q.   Do you know who those were?

17   A.   No, I do not.

18   Q.   But generally the only advice you got was put more

19   supporting facts in there, there was nothing else?

20   A.   Yes.

21   Q.   Okay.  Now, was there a particular reason why you

22   sought an arrest warrant in this case?

23   A.   Yes.

24   Q.   And what was that?

25   A.   To attempt to get a no-victim-contact order put in

19

1    place between Mr. Pozner and Mr. Halbig.

2        Q.  Was there any reason you sought a warrant instead of

3    seeking or saying to State Attorney's Office for a notice to

4    appear?

5        A.  We don't issue notices to appear in the detective,

6    that I'm aware of, in the Lake County Sheriff's Office in the

7    detective's area.

8        Q.  Now, the crime he's charged with, fraudulent use of

9    personal identification information, were you aware when you

10   ran the warrant that it was a misdemeanor offense?

11       A.  Yes.

12       Q.  In fact, you put on the warrant, you said right on

13   there it's a misdemeanor, correct?

14       A.  Yes.

15       Q.  And one moment.  Are you familiar with Florida law

16   when it comes to when warrants can be issued, as opposed to

17   when the State Attorney's Office has to issue a notice to

18   appear for a crime?

19       A.  No.

20       Q.  Were you aware that it is actually against the law to

21   issue a warrant for a misdemeanor unless someone's already

22   failed to appear or it's been established that there's a

23   likelihood they won't appear in court?

24       A.  No.

25       Q.  So you were unaware that it was actually against

20

1    Florida law to actually issue a warrant in this case for a

2    misdemeanor?

3         A.  Yes, I was not aware.

4         Q.  So anything to do --

5            MR. SMALL:  I apologize, excuse me, I apologize, but

6         is this likely to lead to discoverable material or are

7         you just trying to set up some sort of civil suit, what

8         is the purpose of this line of questioning?

9            MR. BARBER:  Yes, it's going to lead to discoverable

10        material.  Case law states defense is to be given wide

11        latitude when it comes to motive and bias.  The fact that

12        my client was illegally arrested brings up questions

13        about potential motive and bias, so I'm inquiring into

14        that line of questioning.

15           MR. SMALL:  Motive and bias as to a law enforcement

16        organization --

17           MR. BARBER:  As to any witness.

18           MR. SMALL:  -- or as to any witness who is going to

19        testify?

20           MR. BARBER:  As to any witness who's going to

21        testify.

22           MR. SMALL:  Well, I suggest you address this line of

23        questioning with the judge who signed it, if that's what

24        you like to do.  Good luck with that.

25           MR. BARBER:  Well, actually, I might be getting

21

1        there.  So thank you, we'll get there.

2   BY MR. BARBER:

3        Q.  So when the warrant was, I guess, finalized, was

4   there someone who had signed off on it at the State Attorney's

5   office, someone who said, okay, this is good to go?

6        A.  Yes.

7        Q.  Okay.  And who was that?

8        A.  I don't remember.

9        Q.  Would there be a record of that, was it sent in

10  email?

11       A.  Yes, it was sent in email.

12       Q.  Okay.  Do you know about when that would have been,

13  that email would have been sent?

14       A.  I really don't know.  It probably would have been

15  sent on the 23rd or around the 23rd of January of 2020.

16       Q.  And would that have been sent from your official

17  agency email address?

18       A.  Yes.

19       Q.  And can I get that email address please?

20       A.  Ellory, elloryosterberg@lcso.org.

21       Q.  Thank you.  And so when you emailed it over, did you,

22  I guess, get the approval, was that also an email or was there

23  a phone call afterwards where they would have said, hey, good

24  to go, or was it all done in writing?

25       A.  It was all emailed.

22

1      Q.   Did the Assistant State Attorney that you were

2   communicating with, did they express any problems with the

3   fact that a warrant was being sought on a misdemeanor case?

4      A.   No, not that I'm aware of.

5      Q.   Now, when you submitted the warrant to a judge, was

6   that something that was done in person or something done

7   electronically?

8      A.   Electronically.

9      Q.   Okay.  And were you the one to submit that

10   yourself?

11      A.   Yes.

12      Q.   And do you know what judge it was submitted to?

13      A.   I do not now.  It was sent to the on-call judge.

14      Q.   Do you know when it would have been submitted?

15      A.   On or around the 23rd of January.  Usually once it

16   gets approved from the State Attorney's Office, I immediately

17   send it to the judge to get approved.

18      Q.   And I'm not sure if you would even recognize it, but

19   do you happen to recognize the judicial signature on that

20   page?

21      A.   I know that it's one of our judges, but I don't know

22   who.

23      Q.   That's all right.  I figure it's worth a shot.

24           Now, in all your communications with different

25   employees at the Lake County State Attorney's Office, did any

23

1   of them ever make any negative or disparaging comments about

2   Mr. Halbig?

3        A.  No.

4        Q.  Did any of them indicate that they had prior

5   knowledge of who Mr. Halbig was?  I know we already discussed

6   ASA Mahaney, but was there anyone else?

7        A.  No, not that I'm aware of.

8        Q.  And when you had submitted the warrant for signature

9   by a judge, do you know about how long it was before you got

10  it back and signed?

11       A.  Usually they're pretty quick about it, so I would say

12  within a day or at the very longest I would say within a week.

13  Usually if they didn't approve it immediately after or the day

14  of I would send an email or call the State Attorney's Office

15  to see.

16       Q.  Now, throughout the entire process, from start to

17  finish, was there anyone at all in law enforcement, State

18  Attorney's Office, judge's chambers, anyone who expressed any

19  concern over the fact that the warrant was being sought for a

20  misdemeanor, did it come up at all?

21       A.  I noticed that it was a misdemeanor, but no, nobody

22  ever said, oh, you shouldn't do that.

23       Q.  Now, do you happen to have any knowledge about any

24  other reports Mr. Pozner may have made against Mr. Halbig to

25  Lake County or any other agencies in the State of Florida?

24

1       A.   Yes.

2       Q.   Okay.   And what were those?

3       A.   Two -- no, I believe one report from 2017 that

4    Detective Morales completed, and then I was told by Mr. Pozner

5    that he had made multiple, either complaints or reports to, I

6    believe, the Boca Raton Police Department or an agency within

7    Boca Raton when he lived there.

8       Q.   Were you ever aware of any reports ever made to the

9    State of Florida Attorney General's Office?

10       A.   No.

11       Q.   Now, in these reports that Mr. Pozner made, did he

12    always give my client's name, I presume, Wolfgang Halbig?

13       A.   Yes.

14       Q.   Did he ever give any other information, addresses,

15    phone numbers, emails, anything else that belonged to

16    Mr. Halbig?

17       A.   Not that I'm aware of, other than the email address

18    that he provided via email from the forwarded.   Other than

19    that, I know that he knows that he lives within Lake County

20    and possibly Sorrento, but other than that, I have no idea.

21       Q.   Now, if Mr. Pozner had sent Mr. Halbig's address,

22    phone number, and email in any of those reports, would you

23    consider that a crime?

24       A.   No.

25       Q.   Why not?

25

1      A.  It's all public knowledge.  It's all public record.

2      Q.  Okay.  Do you have any personal knowledge of who

3  Mr. Caleb Payne is, P-A-Y-N-E?

4      A.  Personal knowledge, absolutely not.  I know that it

5  came from an esquire, so I believe that he is an attorney of

6  some sort, a lawyer of some sort.  Other than that, I have no

7  idea who he is.

8      Q.  Now, would you agree that it would be a crime if

9  someone were to use someone else's social security number and

10  adopt it for themselves?

11      A.  Yes.

12      Q.  And under circumstances, those circumstances, if

13  someone suspected that was happening, would you expect if

14  someone were to report that crime to law enforcement, that

15  that social security number that they were suspected was being

16  fraudulently used would be provided to law enforcement?

17      A.  Yes.

18      Q.  Do you think you'd be able to really run an

19  investigation without that number?

20      A.  No.

21      Q.  Now, I know you've discussed before that you became

22  aware Mr. Pozner had sent Mr. Halbig emails.  Have you ever

23  read any of those emails or are you familiar with the content

24  of any of those emails?

25      A.  Yes.

26

1      Q.  And how would you describe, I guess, the tone or

2   content of those emails?

3      A.  Antagonistic.

4      Q.  Would you go as far as to say that they were

5   harassing in nature?

6      A.  No.

7      Q.  Now, do you see the email that Mr. Pozner sent to my

8   client with a picture of my client telling him he needed to

9   lose weight?

10     A.  No.

11     Q.  If someone were to send such an email, do you think

12  that would be considered a harassing email?

13     A.  Depending on how the person took it, yes.

14         MR. BARBER:  Now, I'll probably get this one marked

15     here in minute.

16         (Defendant's Exhibit 1 was marked for identification

17  by the court reporter.)

18         (A discussion was held off the record.)

19  BY MR. BARBER:

20     Q.  You can take a moment and look at that.

21     A.  Okay.

22     Q.  Now, on that printout, it appears to have a

23  designation showing that Mr. Halbig is a mental health

24  patient, is that true, do you see that?

25     A.  Yes.

27

1      Q.  Do you know where that designation came from?

2      A.  I do not know.

3      Q.  Now, who would be in charge of, I guess, putting that

4  information into the system?

5      A.  The dispatcher that was on the radio at the time that

6  the deputy requested it for the file to be marked.

7      Q.  And do you have any knowledge about -- well, let me

8  ask you this, are there any protocols or standards that are

9  used in the Lake County Sheriff's Office to determine whether

10  to label someone as a mental health patient?

11     A.  I'm not aware.

12     Q.  Now, if that was put into the system and it turned

13  out to not be true, is that something that would be corrected

14  or just left in the system as is?

15     A.  It would be something that's corrected.

16     Q.  And who would be responsible for correcting that?

17     A.  The dispatcher that is working the radio at the time

18  the deputy requested it.

19     Q.  And the dispatchers, they work for the Lake County

20  Sheriff's Office?

21     A.  Yes.

22     Q.  Now, are you aware of any comprehensive case file on

23  Mr. Halbig Lake County Sheriff's Office may have, what could

24  be referred to as like a dossier, just a file with all of his

25  various case reports contained in it?

28

1      A.   I mean, it's filed underneath the call history that

2   we have for him, all of the different interactions that we've

3   had with him that are recorded.   I wouldn't say a particular

4   specific file was kept for him.   Everybody is recorded under

5   there.

6      Q.   Now, in all your time at Lake County Sheriff's

7   Office, did you receive any training about when to issue

8   arrest warrants verse when to send cases to the State

9   Attorney's Office to seek notices of appearance?

10      A.   I wouldn't specifically say for a notice to appear,

11   no.

12      Q.   Do you know Deputy Sheriff Wingo?

13      A.   Not personally, no.

14      Q.   Are you familiar with his involvement in this case?

15      A.   I believe that he might have been the one that

16   arrested Mr. Halbig.

17      Q.   And did you ever discuss the case with him?

18      A.   No.

19      Q.   Now, during the investigation of Mr. Halbig, did you

20   ever, did you ever use the DAVID system to pull up his

21   driver's license information or any other information about

22   him?

23      A.   I don't recall.

24      Q.   Is that something you would do in this type of

25   case?

29

1     A.   Potentially to verify his address to make sure that

2  he actually did, in fact, still live at the address that I was

3  putting on the affidavit.

4     Q.   Now, does Lake County Sheriff's Office, is it kind of

5  like one account for DAVID or is it individualized, like one

6  deputy logs in, you know that person is the one who logs into

7  the system?

8     A.   It's individualized.

9          (Pause in the proceedings due to technical

10  difficulties.)

11  BY MR. BARBER:

12     Q.   Do you know, were there any active allegations by

13  Mr. Halbig by the Lake County Sheriff's Office in November of

14  2015?

15     A.   I don't know.  I wasn't employed with them.

16     Q.   Do you know if there were any in August of 2016?

17     A.   I don't know, no.

18     Q.   I just have to go through them.  And same question,

19  do you know if there was any active investigation against

20  Mr. Halbig by Lake County in September of 2016?

21     A.   I don't know.

22     Q.   And what about in September of 2017?

23     A.   September of 2017, no, I have no idea.

24     Q.   I think I just have one more, same question for

25  January of 2018?

30

1      A.  Not to my knowledge.

2      Q.  And I want to touch base, going back to email

3  addresses, so some of the email addresses that allege Mr.

4  Halbig sent Mr. Pozner' information to, specifically the law

5  enforcement ones, like FBI and different law enforcement

6  agencies, are those email addresses easily identifiable as

7  belonging to those agencies?

8      A.  To my knowledge, yes.  I mean, I have a few here,

9  FDLE, FBI, sheriff, so the ones that I can see and the ones

10  that I remember, yes.

11      Q.  And then the ones that don't belong to specific

12  agencies like FDLE, FBI, sheriff, some of the others,

13  for instance, the one where it looks like it went to a church,

14  those are not as easily identifiable as to who it belongs to;

15  is that correct?

16      A.  Correct.

17      Q.  Do you have any personal feelings about Mr. Halbig or

18  this case one way or the other?

19      A.  No.

20      Q.  And what about Mr. Pozner?

21      A.  No.

22      Q.  Was there anyone more high ranking than Lieutenant

23  Conlee at the sheriff's office that you discussed this case

24  with?

25      A.  Yes, my supervisors, Erica Rodriguez, corporal, and

1    Sergeant Joe Schlabach.

2       Q.  I'm sorry, could you say those one more time, Erica

3    Rodriguez?

4       A.  Yes, and Joe Schlabach.

5       Q.  And what were their ranks?

6       A.  Corporal and Sergeant.

7       Q.  Okay.  And what were those discussions throughout the

8    investigation or were they just at the beginning or the end?

9       A.  Throughout the investigation.

10       Q.  Did either of them or anyone else at the sheriff's

11   office ever try to convince you or pressure you to bring any

12   charges or not to bring charges or bring any specific charges,

13   anything like that?

14       A.  No.

15       Q.  Okay.  Now, besides your first meeting with

16   Mr. Pozner, have you ever met him in person since then, that

17   first day he walked into the lobby?

18       A.  Not that I can remember.

19       Q.  And have you ever met Mr. Halbig in person?

20       A.  No, I have not.

21       Q.  And do you have any personal feelings or opinions one

22   way or the other about, I guess, what we could call the

23   conspiracy theories that Mr. Halbig was disseminating

24   regarding the Sandy Hook shooting?

25       A.  I don't believe them, but I don't knock him for

32

1    believing in what he believes in.  Everybody has their own

2    opinions.

3         Q.  Now, when you had submitted the warrant for judicial

4    signature, was there any conversation at all with the judge or

5    was it just you submitted it and then eventually you got it

6    back?

7         A.  Just submitted it and got it back.

8         Q.  Is there anything I have not asked you about this

9    case that you think is relevant in any way to this case?

10        A.  After confirming with Mr. Pozner, he confirmed

11   speaking with a woman by the name of Tiffany Moszer.

12   Apparently she was Mr. Halbig's, she used to help him or

13   believe in the same ideologies that he did about the Sandy

14   Hook shooting.  She apparently changed her mind, realized that

15   she was wrong, and then was able to get in contact with

16   Mr. Pozner in order to just forward him all of the information

17   that she had spoken with Mr. Halbig about.  I don't have it in

18   my notes, but I do remember looking it up this morning.  She

19   had in her possession, in her email, the same comprehensive

20   report that Mr. Pozner -- Mr. Halbig had given to her.  Now, I

21   do not know who was behind that email, if she owns that email,

22   I don't know anything about her.  But I do know that it does

23   appear that he did send the comprehensive report to somebody

24   other than law enforcement and media.

25        Q.  Thank you.  That was definitely relevant.

33

1     A.  Are those all of the emails that he had sent?

2     Q.  I didn't print out everything, no, I just kind of

3  pick and choose what I might use today.  I have them all on my

4  computer.  I'm trying to run more of a paperless firm.

5     A.  What was her name?  I just said it.  Okay.  I have

6  had right here on my phone, right here on my phone.  So

7  tiffany.moszer@gmail.com and that was received Tuesday

8  December 19th, 2017, at 12:26 a.m.

9     Q.  What was that date, sorry, one more time?

10     A.  December 19th, 2017.  Thank you.  And that was

11  received from Tiffany Moszer to Mr. Pozner.  The date from the

12  email that was forwarded from Mr. Halbig to Ms. Moszer, the

13  chain began, it looks like October 14th of 2016, and then he

14  emailed her back on the 15th in the morning.  And then from

15  there, it was sent a year later to Mr. Pozner from Tiffany.

16     Q.  Thank you very much.

17     A.  And in there it does have, it does have his entire

18  comprehensive report all 90 -- well, sorry, 98 pages of it.

19     Q.  Now, do you have any information about how Mr. Daniel

20  Conlee is involved in this case?

21     A.  That's the lieutenant that I was referring to.

22     Q.  Oh, that's him, Lieutenant Conlee?

23     A.  Yes.

24     Q.  Got it.  Okay.  And what about Jonah Demko?

25     A.  It actually might have been Detective Demko who went

34

1    with Detective Morris.  I may have spoke incorrectly when I

2    said Detective Thomas earlier.  I don't know, I was out on

3    maternity leave, so I don't know what happened while I was

4    gone.

5         Q.  What about Mr. Patrick Dwyer, it looks like he's from

6    Middleton, Connecticut?

7         A.  Yes, that is the detective from the Connecticut State

8    Police that I spoke to in reference to getting the information

9    from.

10        Q.  And what about Mr. Deputy Todd English?

11        A.  That is Captain English and he is, he was my

12   supervisor.

13        Q.  Did he have any involvement in this case that you're

14   aware of?

15        A.  No, not that I'm aware of.

16        Q.  And what about Mr. Evan Franco of Orlando, Florida?

17        A.  I believe that Mr. Franco was one of the people that

18   Mr. Halbig did email or maybe he was the one that did the

19   comprehensive report.  I'm not entirely too sure, cause I

20   tried to find him, but I could not ever actually find him.

21   Let me check my emails and remember real quick.  You said Evan

22   Franco?

23        Q.  Yes.

24        A.  Yes.  Okay.  He had sent Caleb Payne an email --

25   okay, yes, he was the one that appears to have done the

35

1    comprehensive background report and charged either Mr. Payne

2    or Mr. Halbig for the amount.

3        Q.  Thank you.

4        A.  And then it does say in that email, the background is

5    largely unremarkable, the social security issue is nothing

6    strange, he did share at least a partial social security

7    number with a woman named Ann Maguire, who died in 1987, but

8    that is not abnormal at all.

9        Q.  And it seems like that could segue in the next person

10   I'm going to ask you about.  Do you know anything about

11   Donnamarie Maguire and any potential involvement in this

12   case?

13       A.  I know she passed away in 1987, and that's it.  No, I

14   have no idea who that is.  I'm sorry.  I misspoke, I thought

15   it was Ann Maguire.

16       Q.  And Daniel Morales, that would be the Detective

17   Morales that we spoke of earlier that had the prior case?

18       A.  Yes.

19       Q.  And Michael Morris, that would have been Deputy

20   Morris, I believe, that went to speak to Mr. Halbig; is that

21   correct?

22       A.  He's a detective, yes.

23       Q.  Detective.  Sorry.  Thank you.

24            Now, as part of your preparation for this case, did

25   you ever review any of the prior reports involving Mr. Pozner

36

1  or Mr. Halbig?

2      A.  Yes, I did.

3      Q.  Okay.  And did you do that -- when would that have

4  been done, the beginning, during, or after this

5  investigation?

6      A.  When Mr. Pozner came in to make his report, I looked

7  it up, because he had mentioned it, so I had done my research

8  after he had come in and made the report into what was stated

9  when he came in in 2016, 2017.

10     Q.  I think I'm getting toward the end.

11         This next question I already know the answer to but I

12 ask it of everyone.  Have you ever been convicted of a felony

13 or crime of dishonesty?

14     A.  No.

15     Q.  Thank you.  Sorry.  Sometimes I feel like I'm

16 offending people when I ask, but it's such a standard question

17 we ask.

18     Now, during your investigation, did you ever become aware

19 Mr. Halbig's prior work as a law enforcement officer in the

20 State of Florida?

21     A.  Yes.

22     Q.  And is there anything about that specific fact that

23 affected your decision making one way or another at all in

24 this case?

25     A.  No.

37

1        MR. BARBER:  I think I'm probably done.  I'm just

2     going to check my notes one more time.  Were there any

3     follow up questions you want to ask while I was checking

4     my notes?

5        MR. SMALL:  Nothing from the State.  Thank you.

6   BY MR. BARBER:

7     Q.  Now, at any time did you ever form -- hold on, sorry,

8   one second.

9        Did it appear to you that Mr. Halbig, that he was

10  actually sincere in his belief that a crime was being

11  committed when he made those reports?

12    A.  I don't know everything that's on paper.  I don't

13  know him and I don't know his background.  I don't know

14  anything about him, so I don't know what he believes.

15    Q.  And there's one more name I wanted to ask you about

16  from Lake County, Darrell Thomas, do you know --

17    A.  That's Corporal Thomas now.  He used to be a

18  detective.

19    Q.  And we've already covered him then?

20    A.  Yes.

21       MR. BARBER:  Perfect.  I just wanted to make sure I

22    wasn't forgetting anyone.

23       Nothing further.  Thank you.

24       (The deposition concluded at 1:17 p.m.)

25

38

CERTIFICATE OF OATH

STATE OF FLORIDA}

COUNTY OF LAKE}

  I, Cheryl McDonough, RPR, Shorthand Reporter and Notary Public, State of Florida, certify that Ellory Osterberg personally appeared before me on January 7, 2021, and was duly sworn.

  WITNESS my hand and official seal this 11th day of February, 2021.

CHERYL MCDONOUGH, RPR

Notary Public

State of Florida

My Commission # GG975606

Expires:  April 5, 2024

39

CERTIFICATE OF REPORTER

STATE OF FLORIDA}

COUNTY OF LAKE}


        I, Cheryl McDonough, RPR, Shorthand Reporter and

Notary Public, State of Florida, CERTIFY that I was authorized

to and did stenographically report the deposition of Ellory

Osterberg; that a review of the transcript was not requested;

and that the transcript, Pages 1 through 39, is a true and

accurate record of my stenographic notes.

        I FURTHER CERTIFY that I am not a relative, or

employee, or attorney, or counsel of any of the parties, nor

am I a relative or employee of any of the parties attorney or

counsel connected with the action, nor am I financially

interested in the action.

        DATED this 11th day of February, 2021.




Cheryl McDonough, RPR

Case Number 5:22-cv-106-JA-PRL

# Exhibit 3

# Email discovery 69 pages

| | |
|---|---|
| **From:** | jkim@sao5.org |
| **Sent time:** | 01/22/2020 01:32:32 AM |
| **To:** | jolson@sao5.org; jkim@sao5.org |
| **Subject:** | Conversation between jkim@sao5.org and jolson@sao5.org |

**jkim@sao5.org [8:24 PM]:**
  sorry to bother you again

**jolson@sao5.org [8:25 PM]:**
  ok

**jolson@sao5.org [8:25 PM]:**
  what's up

**jkim@sao5.org [8:25 PM]:**
  det. osterberg from LCSO is on th ephone

**jkim@sao5.org [8:26 PM]:**
  apparently Wolfgang Halbig (big conspiracy theorist) has been hiring private investigators to get the phone number sof the victims' family of sandy hook shooting

**jkim@sao5.org [8:26 PM]:**
  he's been harassing them ever since

**jkim@sao5.org [8:26 PM]:**
  telling them their child is still alive

**jkim@sao5.org [8:26 PM]:**
  or get compensation

**jolson@sao5.org [8:26 PM]:**
  we've dealt with him before

**jkim@sao5.org [8:26 PM]:**
  is this something that the feds can take up since it was such a huge event?

**jkim@sao5.org [8:26 PM]:**
  ah ok

**jolson@sao5.org [8:26 PM]:**
  Stephanie is the one to talk to

**jkim@sao5.org [8:26 PM]:**
  ok

| | |
|---|---|
| **From:** | jkim@sao5.org |
| **Sent time:** | 01/22/2020 01:32:32 AM |
| **To:** | jkim@sao5.org; jolson@sao5.org |
| **Subject:** | Conversation between jkim@sao5.org and jolson@sao5.org |

---

**jkim@sao5.org [8:24 PM]:**
  sorry to bother you again

**jolson@sao5.org [8:25 PM]:**
  ok

**jolson@sao5.org [8:25 PM]:**
  what's up

**jkim@sao5.org [8:25 PM]:**
  det. osterberg from LCSO is on th ephone

**jkim@sao5.org [8:26 PM]:**
  apparently Wolfgang Halbig (big conspiracy theorist) has been hiring private investigators to get the phone number sof the victims' family of sandy hook shooting

**jkim@sao5.org [8:26 PM]:**
  he's been harassing them ever since

**jkim@sao5.org [8:26 PM]:**
  telling them their child is still alive

**jkim@sao5.org [8:26 PM]:**
  or get compensation

**jolson@sao5.org [8:26 PM]:**
  we've dealt with him before

**jkim@sao5.org [8:26 PM]:**
  is this something that the feds can take up since it was such a huge event?

**jkim@sao5.org [8:26 PM]:**
  ah ok

**jolson@sao5.org [8:26 PM]:**
  Stephanie is the one to talk to

**jkim@sao5.org [8:26 PM]:**
  ok

| **From:** | Jae Hee Kim <jkim@sao5.org> |
| **Sent time:** | 01/21/2020 03:27:17 PM |
| **To:** | Jae Hee Kim; Jonathan Olson |
| **Subject:** | Conversation with Jae Hee Kim |

**Jae Hee Kim 3:24 PM:**

sorry to bother you again

**Jonathan Olson 3:25 PM:**

ok

**Jonathan Olson 3:25 PM:**

what's up

**Jae Hee Kim 3:25 PM:**

det. osterberg from LCSO is on th ephone

**Jae Hee Kim 3:26 PM:**

apparently Wolfgang Halbig (big conspiracy theorist) has been hiring private investigators to get the phone number sof the victims' family of sandy hook shooting

**Jae Hee Kim 3:26 PM:**

he's been harassing them ever since

**Jae Hee Kim 3:26 PM:**

telling them their child is still alive

**Jae Hee Kim 3:26 PM:**

or get compensation

**Jonathan Olson 3:26 PM:**

we've dealt with him before

**Jae Hee Kim 3:26 PM:**

is this something that the feds can take up since it was such a huge event?

**Jae Hee Kim 3:26 PM:**

ah ok

**Jonathan Olson 3:26 PM:**

Stephanie is the one to talk to

**Jae Hee Kim 3:26 PM:**

ok

| From: | Jae Hee Kim <jkim@sao5.org> |
|---|---|
| Sent time: | 01/21/2020 03:29:17 PM |
| To: | Jonathan Olson; Jae Hee Kim |
| Subject: | Conversation with Jonathan Olson |

**Jae Hee Kim 11:06:**

*State v. Hemmerly,* at 326 (Fla. 5th DCA 1998); *See also, Sawyer v. State,* 905 So. 2d 232, 234 (Fla. 2nd DCA 2005) (an officer can arrest a person for misdemeanor DUI in three circumstances: (1) "the officer witnesses each element of a prima facie case," (2) the "officer is investigating an 'accident' [and] develops probable cause to charge DUI," or (3) "one officer calls upon another for assistance [and] the combined observations of the two or more officers [are] united to establish the probable cause to the arrest.").

**Jae Hee Kim 12:51:**

If someone got arrested for paraphernalia

**Jae Hee Kim 12:52:**

officer obtained a warrant for a lockbox that was in the backpack with defenat's paperwork

**Jae Hee Kim 12:52:**

the lock box had pills and 47 g of meth

**Jae Hee Kim 12:52:**

..what woul dbe the best way to bring forth the charges

**Jae Hee Kim 12:52:**

a warrant or upmand the mm case with added charges?

**Jae Hee Kim 15:24:**

sorry to bother you again

**Jonathan Olson 15:25:**

ok

**Jonathan Olson 15:25:**

what's up

**Jae Hee Kim 15:25:**

det. osterberg from LCSO is on th ephone

**Jae Hee Kim 15:26:**

apparently Wolfgang Halbig (big conspiracy theorist) has been hiring private investigators to get the phone number sof the victims' family of sandy hook shooting

**Jae Hee Kim 15:26:**

he's been harassing them ever since

**Jae Hee Kim 15:26:**

telling them their child is still alive

**Jae Hee Kim 15:26:**

or get compensation

**Jonathan Olson 15:26:**

we've dealt with him before

**Jae Hee Kim 15:26:**

is this something that the feds can take up since it was such a huge event?

**Jae Hee Kim 15:26:**

ah ok

**Jonathan Olson 15:26:**

Stephanie is the one to talk to

**Jae Hee Kim 15:26:**

ok

| From: | Amanda Stack |
|---|---|
| Sent time: | 01/21/2020 11:57:50 AM |
| To: | john.daniels@leesburgflorida.gov; gustavo.escalante@leesburgflorida.gov; michael.godigkeit@leesburgflorida.gov; gary.herrero@leesburgflorida.gov; shawnjohnson@fdle.state.fl.us; mark.meintzschel@lcso.org; josh.osterberg@leesburgfl.gov; michaelschoonover@fdle.state.fl.us; john.snow@leesburgflorida.gov; alberto.venta@leesburgflorida.gov |
| Subject: | Dekevious Tadjai Stewart |

2018-CF-000987
LEPD: 18040314
FDLE: 20180505335

Good afternoon everyone,

The trial case for Dekevious Stewart is scheduled to begin with jury selection Monday, 1/27. It is expected that the trial will begin that afternoon and will continue on Wednesday, 1/29. At this time, it is expected that you will be called to testify in this case. Please reply to this email to confirm you are available. Please let me know if you have any questions.

Thank you,
Amanda Stack

| | |
|---|---|
| **From:** | Stephany Mahaney |
| **Sent time:** | 01/22/2020 08:35:59 AM |
| **To:** | Walter Forgie |
| **Subject:** | FW: Halbig Warrant |
| **Attachments:** | Arrest Warrant Wolfgang Halbig.doc |

You wanted to see this one before it was approved.

**From:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Sent:** Tuesday, January 21, 2020 11:41 AM
**To:** Stephany Mahaney <smahaney@sao5.org>
**Subject:** Halbig Warrant

Good Morning Stephany,

Attached is the revised copy of the Habig warrant. Do you mind taking a look at it and seeing if it contains everything needed to push through? I will submit it to the on-call after your review, if you are able to review it, and go through the proper means to get it approved.

*Detective E. Osterberg (Borza)*
Lake County Sheriff's Office
360 W. Ruby St
Tavares, FL 32778
352-531-6209

*Peyton C. Grinnell, Sheriff*

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.

IN THE CIRCUIT OR COUNTY COURT
OF THE FIFTH JUDICIAL CIRCUIT OF
FLORIDA IN AND FOR LAKE COUNTY

State of Florida

      vs

Wolfgang Halbig (08/10/1946)

Unlawful possession of the personal
identification information of another person
F.S.S. 817.5685

LCSO 190142079

**AFFIDAVIT OF PROBABLE CAUSE**

Comes now, the affiant, Detective Ellory Osterberg of the Lake County Sheriff's Office, a sworn
law enforcement officer, who personally appeared before a notary public or certified officer,
makes this affidavit, which has been electronically submitted to the Court. The affiant swears
under oath that she has probable cause to believe that certain laws have been violated in Lake
County, Florida and that on or about 02/18/2018, Wolfgang Halbig (08/10/1946) did commit
Unlawful Possession of Personal Identification Information of Another Person F.S.S. 817.5685, a
misdemeanor of the first degree.

1. That the events hereinafter set forth occurred at 25526 Hawks Run Ln, Sorrento
   Florida in Lake County.

2. That on 10/30/19, victim Leonard Pozner entered into the Lake County Sheriff's
   Office and reported that since February 18th, 2018, defendant Wolfgang Halbig
   has continued to harass him over the internet.

3. That defendant Halbig is a conspiracy theorist who is investigating the Sandy
   Hook shooting that occurred on December 14, 2012. Since the shooting,
   defendant Halbig has contacted the victim's family members and have continued
   to harass them, asking questions and alleging the children involved are crisis
   actors. Victim Pozner lost his youngest child in the shooting and has been
   getting harassing emails and phone calls in reference to defendant Halbig's
   investigation.

4. That defendant Halbig has obtained a copy of victim Pozner's personal
   identification information, to include his social security number and date of
   birth, and has released it to hundreds of people via email. Your Affiant has seen
   multiple different emails, one from victim Pozner and another from a Detective

from the Connecticut State Police. The date on the email from victim Pozner is dated September 16th, 2019. The email from the Connecticut State Police is dated September 16th, 2019. The main email address this email was sent to was dmaguire@worldnet.att.net, and there were also multiple different law enforcement agencies and news stations CC'd within the email as well. Victim Pozner has had to take the necessary steps to protect his personal credit information, which causes him to have to go through numerous different avenues to prevent fraudulent activity.

5. That during the investigation into the allegations in 2017, the email defendant Halbig used was subpoenad and was confirmed as belonging to him. This is the same email that is continuing to be used to contact victim Pozner.

6. That defendant Halbig has also contacted the Connecticut State Police where he has attempted to initiate a report in reference to defendant Halbig alleging that victim Pozner was using a deceased woman's social security number illegally. When defendant Halbig contacted the Connecticut State Police, the case was not pursued due to failure to find any criminal activity.

7. That on 1/16/2020, your Affiant received a sworn affidavit from Janet Ainsworth stating that she received an unsolicited email from defendant Halbig that contained victim Pozner's personal information claiming that he was using the identity of a deceased woman from Florida. Janet is a Staff Attorney and Ethics Liason with the State of Connecticut Department of Emergency Services and Public Protection in Connecticut. In her affidavit, Janet stated that her agency received an email from defendant Halbig on 10/03/2019 at approximately 1201 hours which contained the personal information of victim Pozner. The email was sent to desop.legal@ct.gov, which Janet's office monitors. The email contained a full and comprehensive TLOxp report about victim Pozner, detailing his biographical information. TLOxp is TransUnion's skip tracing, investigative research and risk management report. This email was also sent to three different FBI offices, two in Florida and the other in Washington, DC.

8. That your Affiant has confirmed the social security number contained within the TLOxp report, as well as the other emails claiming fraud, belongs to victim Pozner.

9. That victim Pozner wishes for prosecution in the case.

Your Affiant believes that probable cause exists for the arrest of Wolfgang Halbig for Unlawful Possession of Personal Identification Information of Another Person F.S.S. 817.5685.

_____
                    Detective Ellory Osterberg 2685
                    Lake County Sheriff's Office

*Sworn* to and *Subscribed* before me

this _____ day of _____, 2020.

_____
Circle One: Notary Public - Certified Officer          _____ Personally known to me
                                                        _____ Produced identification
                                                        Type:

Arrest Warrant Wolfgang Halbig.doc

IN THE CIRCUIT OR COUNTY COURT
OF THE FIFTH JUDICIAL CIRCUIT OF
FLORIDA IN AND FOR LAKE COUNTY

**State of Florida**

**Vs.**

**Wolfgang Halbig**

**ARREST WARRANT**

IN THE NAME OF THE STATE OF FLORIDA, TO ALL AND SINGULAR THE SHERIFFS OF THE STATE OF FLORIDA, SPECIAL AGENTS OF THE FLORIDA DEPARTMENT OF LAW ENFORCEMENT, INVESTIGATORS OF THE STATE ATTORNEY'S OFFICES AND/OR ALL OTHER AUTHORIZED POLICE OR LAW ENFORCEMENT OFFICERS ACTING WITHIN THEIR JURISDICTION:

Whereas, Detective Ellory Osterberg of the Lake County Sheriff's Office has this day electronically submitted a sworn affidavit, hereby incorporated herein, which establishes probable cause that in the County aforesaid, Wolfgang Halbig (08/10/1946) did commit Unlawful Possession of Personal Identification Information of Another Person, a misdemeanor of the first degree, contrary to Florida State Statutes 817.5685 in such cases made and provided, and against the peace and dignity of the State of Florida.

Therefore you are hereby commanded forthwith to arrest the said Wolfgang Halbig and bring him before the proper court to be dealt with according to law.

Given under my hand and seal this _____ day of _____,2020.

_____
*County/Circuit Judge, Lake County*

Arrest Warrant Wolfgang Halbig.doc

_____

### In the Circuit or County Court
### of
### Lake County
### State of Florida

_____

### State of Florida

*vs.*

**Name: Wolfgang Halbig**
**Address: 25526 Hawks Run Ln, Sorrento, FL**
**Race: White**
**Sex: Male**
**DOB: 08/10/1946**
**FL ID# ██████████**
**SS#: ██████████**
**Hgt: Unknown**
**Wgt: Unknown**

_____

# Warrant

_____

**Appearance Bond fixed at**
**Count 1: Unlawful Possession of Personal Identification Information of Another Person F.S.S. 817.5685**

**Bond - $1,000**

**Total Bond: $1,000**

**Fixed this _____ day of**
**_____, 2020**

_____

                        *Clerk*

_____

**Received the warrant this _____ day of**
**_____, 2020 and executed the same in Lake**

**County, Florida on the _____ day of**
**_____, 2020 by arresting**
**the within named defendant, and at the same time**
**informing him/her of the cause of the arrest and the**
**issuance of this warrant.**

_____

**Sheriff of County**

_____**D.S.**

| | |
|---|---|
| **From:** | Stephany Mahaney |
| **Sent time:** | 01/22/2020 08:35:59 AM |
| **To:** | Walter Forgie |
| **Subject:** | FW: Halbig Warrant |
| **Attachments:** | Arrest Warrant Wolfgang Halbig.doc |

You wanted to see this one before it was approved.

**From:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Sent:** Tuesday, January 21, 2020 11:41 AM
**To:** Stephany Mahaney <smahaney@sao5.org>
**Subject:** Halbig Warrant

Good Morning Stephany,

Attached is the revised copy of the Habig warrant. Do you mind taking a look at it and seeing if it contains everything needed to push through? I will submit it to the on-call after your review, if you are able to review it, and go through the proper means to get it approved.

*Detective E. Osterberg (Borza)*
Lake County Sheriff's Office
360 W. Ruby St
Tavares, FL 32778
352-531-6209

*Peyton C. Grinnell, Sheriff*

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.

Arrest Warrant Wolfgang Halbig.doc

IN THE CIRCUIT OR COUNTY COURT
OF THE FIFTH JUDICIAL CIRCUIT OF
FLORIDA IN AND FOR LAKE COUNTY

State of Florida

     vs

Wolfgang Halbig (08/10/1946)

LCSO 190142079

Unlawful possession of the personal
identification information of another person
F.S.S. 817.5685

## AFFIDAVIT OF PROBABLE CAUSE

Comes now, the affiant, Detective Ellory Osterberg of the Lake County Sheriff's Office, a sworn law enforcement officer, who personally appeared before a notary public or certified officer, makes this affidavit, which has been electronically submitted to the Court. The affiant swears under oath that she has probable cause to believe that certain laws have been violated in Lake County, Florida and that on or about 02/18/2018, Wolfgang Halbig (08/10/1946) did commit Unlawful Possession of Personal Identification Information of Another Person F.S.S. 817.5685, a misdemeanor of the first degree.

1. That the events hereinafter set forth occurred at 25526 Hawks Run Ln, Sorrento Florida in Lake County.

2. That on 10/30/19, victim Leonard Pozner entered into the Lake County Sheriff's Office and reported that since February 18th, 2018, defendant Wolfgang Halbig has continued to harass him over the internet.

3. That defendant Halbig is a conspiracy theorist who is investigating the Sandy Hook shooting that occurred on December 14, 2012. Since the shooting, defendant Halbig has contacted the victim's family members and have continued to harass them, asking questions and alleging the children involved are crisis actors. Victim Pozner lost his youngest child in the shooting and has been getting harassing emails and phone calls in reference to defendant Halbig's investigation.

4. That defendant Halbig has obtained a copy of victim Pozner's personal identification information, to include his social security number and date of birth, and has released it to hundreds of people via email. Your Affiant has seen multiple different emails, one from victim Pozner and another from a Detective

from the Connecticut State Police. The date on the email from victim Pozner is dated September 16th, 2019. The email from the Connecticut State Police is dated September 16th, 2019. The main email address this email was sent to was dmaguire@worldnet.att.net, and there were also multiple different law enforcement agencies and news stations CC'd within the email as well. Victim Pozner has had to take the necessary steps to protect his personal credit information, which causes him to have to go through numerous different avenues to prevent fraudulent activity.

5. That during the investigation into the allegations in 2017, the email defendant Halbig used was subpoenad and was confirmed as belonging to him. This is the same email that is continuing to be used to contact victim Pozner.

6. That defendant Halbig has also contacted the Connecticut State Police where he has attempted to initiate a report in reference to defendant Halbig alleging that victim Pozner was using a deceased woman's social security number illegally. When defendant Halbig contacted the Connecticut State Police, the case was not pursued due to failure to find any criminal activity.

7. That on 1/16/2020, your Affiant received a sworn affidavit from Janet Ainsworth stating that she received an unsolicited email from defendant Halbig that contained victim Pozner's personal information claiming that he was using the identity of a deceased woman from Florida. Janet is a Staff Attorney and Ethics Liason with the State of Connecticut Department of Emergency Services and Public Protection in Connecticut. In her affidavit, Janet stated that her agency received an email from defendant Halbig on 10/03/2019 at approximately 1201 hours which contained the personal information of victim Pozner. The email was sent to desop.legal@ct.gov, which Janet's office monitors. The email contained a full and comprehensive TLOxp report about victim Pozner, detailing his biographical information. TLOxp is TransUnion's skip tracing, investigative research and risk management report. This email was also sent to three different FBI offices, two in Florida and the other in Washington, DC.

8. That your Affiant has confirmed the social security number contained within the TLOxp report, as well as the other emails claiming fraud, belongs to victim Pozner.

9. That victim Pozner wishes for prosecution in the case.

Your Affiant believes that probable cause exists for the arrest of Wolfgang Halbig for Unlawful Possession of Personal Identification Information of Another Person F.S.S. 817.5685.

_____
Detective Ellory Osterberg 2685
Lake County Sheriff's Office

*Sworn* to and *Subscribed* before me

this _____ day of _____, 2020.

_____
Circle One: Notary Public - Certified Officer        _____ Personally known to me
                                                      _____ Produced identification
                                                      Type:

Arrest Warrant Wolfgang Halbig.doc

IN THE CIRCUIT OR COUNTY COURT
OF THE FIFTH JUDICIAL CIRCUIT OF
FLORIDA IN AND FOR LAKE COUNTY

**State of Florida**

**Vs.**

**Wolfgang Halbig**

## ARREST WARRANT

IN THE NAME OF THE STATE OF FLORIDA, TO ALL AND SINGULAR THE SHERIFFS
OF THE STATE OF FLORIDA, SPECIAL AGENTS OF THE FLORIDA DEPARTMENT OF
LAW ENFORCEMENT, INVESTIGATORS OF THE STATE ATTORNEY'S OFFICES
AND/OR ALL OTHER AUTHORIZED POLICE OR LAW ENFORCEMENT OFFICERS
ACTING WITHIN THEIR JURISDICTION:

Whereas, Detective Ellory Osterberg of the Lake County Sheriff's Office has this day

electronically submitted a sworn affidavit, hereby incorporated herein, which establishes

probable cause that in the County aforesaid, Wolfgang Halbig (08/10/1946) did commit Unlawful

Possession of Personal Identification Information of Another Person, a misdemeanor of the first

degree, contrary to Florida State Statutes 817.5685 in such cases made and provided, and against

the peace and dignity of the State of Florida.


Therefore you are hereby commanded forthwith to arrest the said Wolfgang Halbig and bring him

before the proper court to be dealt with according to law.


Given under my hand and seal this _____ day of _____,2020.




_____

*County/Circuit Judge, Lake County*

Arrest Warrant Wolfgang Halbig.doc

*In the Circuit or County Court*
*of*
*Lake County*
*State of Florida*

*State of Florida*

*vs.*

*Name: Wolfgang Halbig*
*Address: 25526 Hawks Run Ln, Sorrento, FL*
*Race: White*
*Sex: Male*
*DOB: 08/10/1946*
*FL ID#* ████████
*SS#:* █████
*Hgt: Unknown*
*Wgt: Unknown*

# Warrant

*Appearance Bond fixed at*
*Count 1: Unlawful Possession of Personal Identification*
*Information of Another Person F.S.S. 817.5685*

*Bond - $1,000*

*Total Bond: $1,000*

*Fixed this _____ day of*
*_____, 2020*

_____
*Clerk*

_____

*Received the warrant this _____ day of*
*_____, 2020 and executed the same in Lake*
*County, Florida on the _____ day of*
*_____, 2020 by arresting*
*the within named defendant, and at the same time*
*informing him/her of the cause of the arrest and the*
*issuance of this warrant.*

_____
*Sheriff of County*

_____ *D.S.*

| From: | Walter Forgie |
|---|---|
| Sent time: | 01/22/2020 01:17:23 PM |
| To: | Jonathan Olson |
| Cc: | Stephany Mahaney |
| Subject: | FW: Halbig Warrant |
| Attachments: | Arrest Warrant Wolfgang Halbig.doc |

Will you review this with Stephany please

---

**From:** Stephany Mahaney <smahaney@sao5.org>
**Sent:** Wednesday, January 22, 2020 8:36 AM
**To:** Walter Forgie <wforgie@sao5.org>
**Subject:** FW: Halbig Warrant

You wanted to see this one before it was approved.

---

**From:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Sent:** Tuesday, January 21, 2020 11:41 AM
**To:** Stephany Mahaney <smahaney@sao5.org>
**Subject:** Halbig Warrant

Good Morning Stephany,

Attached is the revised copy of the Habig warrant. Do you mind taking a look at it and seeing if it contains everything needed to push through? I will submit it to the on-call after your review, if you are able to review it, and go through the proper means to get it approved.

*Detective E. Osterberg (Borza)*
Lake County Sheriff's Office
360 W. Ruby St
Tavares, FL 32778
352-531-6209

*Peyton C. Grinnell, Sheriff*

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.

Arrest Warrant Wolfgang Halbig.doc

IN THE CIRCUIT OR COUNTY COURT
OF THE FIFTH JUDICIAL CIRCUIT OF
FLORIDA IN AND FOR LAKE COUNTY

State of Florida

       vs

Wolfgang Halbig (08/10/1946)

LCSO 190142079

Unlawful possession of the personal
identification information of another person
F.S.S. 817.5685

## AFFIDAVIT OF PROBABLE CAUSE

Comes now, the affiant, Detective Ellory Osterberg of the Lake County Sheriff's Office, a sworn
law enforcement officer, who personally appeared before a notary public or certified officer,
makes this affidavit, which has been electronically submitted to the Court. The affiant swears
under oath that she has probable cause to believe that certain laws have been violated in Lake
County, Florida and that on or about 02/18/2018, Wolfgang Halbig (08/10/1946) did commit
Unlawful Possession of Personal Identification Information of Another Person F.S.S. 817.5685, a
misdemeanor of the first degree.

1. That the events hereinafter set forth occurred at 25526 Hawks Run Ln, Sorrento
   Florida in Lake County.

2. That on 10/30/19, victim Leonard Pozner entered into the Lake County Sheriff's
   Office and reported that since February 18th, 2018, defendant Wolfgang Halbig
   has continued to harass him over the internet.

3. That defendant Halbig is a conspiracy theorist who is investigating the Sandy
   Hook shooting that occurred on December 14, 2012. Since the shooting,
   defendant Halbig has contacted the victim's family members and have continued
   to harass them, asking questions and alleging the children involved are crisis
   actors. Victim Pozner lost his youngest child in the shooting and has been
   getting harassing emails and phone calls in reference to defendant Halbig's
   investigation.

4. That defendant Halbig has obtained a copy of victim Pozner's personal
   identification information, to include his social security number and date of
   birth, and has released it to hundreds of people via email. Your Affiant has seen
   multiple different emails, one from victim Pozner and another from a Detective

from the Connecticut State Police. The date on the email from victim Pozner is dated September 16th, 2019. The email from the Connecticut State Police is dated September 16th, 2019. The main email address this email was sent to was dmaguire@worldnet.att.net, and there were also multiple different law enforcement agencies and news stations CC'd within the email as well. Victim Pozner has had to take the necessary steps to protect his personal credit information, which causes him to have to go through numerous different avenues to prevent fraudulent activity.

5. That during the investigation into the allegations in 2017, the email defendant Halbig used was subpoenad and was confirmed as belonging to him. This is the same email that is continuing to be used to contact victim Pozner.

6. That defendant Halbig has also contacted the Connecticut State Police where he has attempted to initiate a report in reference to defendant Halbig alleging that victim Pozner was using a deceased woman's social security number illegally. When defendant Halbig contacted the Connecticut State Police, the case was not pursued due to failure to find any criminal activity.

7. That on 1/16/2020, your Affiant received a sworn affidavit from Janet Ainsworth stating that she received an unsolicited email from defendant Halbig that contained victim Pozner's personal information claiming that he was using the identity of a deceased woman from Florida. Janet is a Staff Attorney and Ethics Liason with the State of Connecticut Department of Emergency Services and Public Protection in Connecticut. In her affidavit, Janet stated that her agency received an email from defendant Halbig on 10/03/2019 at approximately 1201 hours which contained the personal information of victim Pozner. The email was sent to desop.legal@ct.gov, which Janet's office monitors. The email contained a full and comprehensive TLOxp report about victim Pozner, detailing his biographical information. TLOxp is TransUnion's skip tracing, investigative research and risk management report. This email was also sent to three different FBI offices, two in Florida and the other in Washington, DC.

8.  That your Affiant has confirmed the social security number contained within the TLOxp report, as well as the other emails claiming fraud, belongs to victim Pozner.

9.  That victim Pozner wishes for prosecution in the case.

Your Affiant believes that probable cause exists for the arrest of Wolfgang Halbig for Unlawful Possession of Personal Identification Information of Another Person F.S.S. 817.5685.

_____
                    Detective Ellory Osterberg 2685
                    Lake County Sheriff's Office

*Sworn* to and *Subscribed* before me

this _____ day of _____, 2020.

_____
Circle One: Notary Public - Certified Officer

_____ Personally known to me
_____ Produced identification
Type:

Arrest Warrant Wolfgang Halbig.doc

IN THE CIRCUIT OR COUNTY COURT
OF THE FIFTH JUDICIAL CIRCUIT OF
FLORIDA IN AND FOR LAKE COUNTY

**State of Florida**

**Vs.**

**Wolfgang Halbig**

## ARREST WARRANT

IN THE NAME OF THE STATE OF FLORIDA, TO ALL AND SINGULAR THE SHERIFFS
OF THE STATE OF FLORIDA, SPECIAL AGENTS OF THE FLORIDA DEPARTMENT OF
LAW ENFORCEMENT, INVESTIGATORS OF THE STATE ATTORNEY'S OFFICES
AND/OR ALL OTHER AUTHORIZED POLICE OR LAW ENFORCEMENT OFFICERS
ACTING WITHIN THEIR JURISDICTION:

Whereas, Detective Ellory Osterberg of the Lake County Sheriff's Office has this day

electronically submitted a sworn affidavit, hereby incorporated herein, which establishes

probable cause that in the County aforesaid, Wolfgang Halbig (08/10/1946) did commit Unlawful

Possession of Personal Identification Information of Another Person, a misdemeanor of the first

degree, contrary to Florida State Statutes 817.5685 in such cases made and provided, and against

the peace and dignity of the State of Florida.


Therefore you are hereby commanded forthwith to arrest the said Wolfgang Halbig and bring him

before the proper court to be dealt with according to law.


Given under my hand and seal this _____ day of _____,2020.




_____

*County/Circuit Judge, Lake County*

Arrest Warrant Wolfgang Halbig.doc

*In the Circuit or County Court*
*of*
*Lake County*
*State of Florida*

*State of Florida*

*vs.*

*Name: Wolfgang Halbig*
*Address: 25526 Hawks Run Ln, Sorrento, FL*
*Race: White*
*Sex: Male*
*DOB: 08/10/1946*
*FL ID# ███████████*
*SS#: ███████*
*Hgt: Unknown*
*Wgt: Unknown*

# Warrant

*Appearance Bond fixed at*
*Count 1: Unlawful Possession of Personal Identification*
*Information of Another Person F.S.S. 817.5685*

*Bond - $1,000*

*Total Bond: $1,000*

*Fixed this _____ day of*
*_____, 2020*


*_____*
                                   *Clerk*

*_____*


*Received the warrant this _____ day of*
*_____, 2020 and executed the same in Lake*
*County, Florida on the _____ day of*
*_____, 2020 by arresting*
*the within named defendant, and at the same time*
*informing him/her of the cause of the arrest and the*
*issuance of this warrant.*


*_____*
*Sheriff of County*

*_____D.S.*

| | |
|---|---|
| **From:** | Walter Forgie |
| **Sent time:** | 01/22/2020 01:17:23 PM |
| **To:** | Jonathan Olson |
| **Cc:** | Stephany Mahaney |
| **Subject:** | FW: Halbig Warrant |
| **Attachments:** | Arrest Warrant Wolfgang Halbig.doc |

Will you review this with Stephany please

---

**From:** Stephany Mahaney <smahaney@sao5.org>
**Sent:** Wednesday, January 22, 2020 8:36 AM
**To:** Walter Forgie <wforgie@sao5.org>
**Subject:** FW: Halbig Warrant

You wanted to see this one before it was approved.

---

**From:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Sent:** Tuesday, January 21, 2020 11:41 AM
**To:** Stephany Mahaney <smahaney@sao5.org>
**Subject:** Halbig Warrant

Good Morning Stephany,

Attached is the revised copy of the Habig warrant. Do you mind taking a look at it and seeing if it contains everything needed to push through? I will submit it to the on-call after your review, if you are able to review it, and go through the proper means to get it approved.

*Detective E. Osterberg (Borza)*
Lake County Sheriff's Office
360 W. Ruby St
Tavares, FL 32778
352-531-6209

*Peyton C. Grinnell, Sheriff*

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.

Arrest Warrant Wolfgang Halbig.doc

IN THE CIRCUIT OR COUNTY COURT
OF THE FIFTH JUDICIAL CIRCUIT OF
FLORIDA IN AND FOR LAKE COUNTY

State of Florida

     vs                               Unlawful possession of the personal
identification information of another person

Wolfgang Halbig (08/10/1946)            F.S.S. 817.5685

LCSO 190142079

## AFFIDAVIT OF PROBABLE CAUSE

Comes now, the affiant, Detective Ellory Osterberg of the Lake County Sheriff's Office, a sworn law enforcement officer, who personally appeared before a notary public or certified officer, makes this affidavit, which has been electronically submitted to the Court. The affiant swears under oath that she has probable cause to believe that certain laws have been violated in Lake County, Florida and that on or about 02/18/2018, Wolfgang Halbig (08/10/1946) did commit Unlawful Possession of Personal Identification Information of Another Person F.S.S. 817.5685, a misdemeanor of the first degree.

1. That the events hereinafter set forth occurred at 25526 Hawks Run Ln, Sorrento Florida in Lake County.

2. That on 10/30/19, victim Leonard Pozner entered into the Lake County Sheriff's Office and reported that since February 18th, 2018, defendant Wolfgang Halbig has continued to harass him over the internet.

3. That defendant Halbig is a conspiracy theorist who is investigating the Sandy Hook shooting that occurred on December 14, 2012. Since the shooting, defendant Halbig has contacted the victim's family members and have continued to harass them, asking questions and alleging the children involved are crisis actors. Victim Pozner lost his youngest child in the shooting and has been getting harassing emails and phone calls in reference to defendant Halbig's investigation.

4. That defendant Halbig has obtained a copy of victim Pozner's personal identification information, to include his social security number and date of birth, and has released it to hundreds of people via email. Your Affiant has seen multiple different emails, one from victim Pozner and another from a Detective

from the Connecticut State Police. The date on the email from victim Pozner is dated September 16th, 2019. The email from the Connecticut State Police is dated September 16th, 2019. The main email address this email was sent to was dmaguire@worldnet.att.net, and there were also multiple different law enforcement agencies and news stations CC'd within the email as well. Victim Pozner has had to take the necessary steps to protect his personal credit information, which causes him to have to go through numerous different avenues to prevent fraudulent activity.

5. That during the investigation into the allegations in 2017, the email defendant Halbig used was subpoenad and was confirmed as belonging to him. This is the same email that is continuing to be used to contact victim Pozner.

6. That defendant Halbig has also contacted the Connecticut State Police where he has attempted to initiate a report in reference to defendant Halbig alleging that victim Pozner was using a deceased woman's social security number illegally. When defendant Halbig contacted the Connecticut State Police, the case was not pursued due to failure to find any criminal activity.

7. That on 1/16/2020, your Affiant received a sworn affidavit from Janet Ainsworth stating that she received an unsolicited email from defendant Halbig that contained victim Pozner's personal information claiming that he was using the identity of a deceased woman from Florida. Janet is a Staff Attorney and Ethics Liason with the State of Connecticut Department of Emergency Services and Public Protection in Connecticut. In her affidavit, Janet stated that her agency received an email from defendant Halbig on 10/03/2019 at approximately 1201 hours which contained the personal information of victim Pozner. The email was sent to desop.legal@ct.gov, which Janet's office monitors. The email contained a full and comprehensive TLOxp report about victim Pozner, detailing his biographical information. TLOxp is TransUnion's skip tracing, investigative research and risk management report. This email was also sent to three different FBI offices, two in Florida and the other in Washington, DC.

8. That your Affiant has confirmed the social security number contained within the TLOxp report, as well as the other emails claiming fraud, belongs to victim Pozner.

9. That victim Pozner wishes for prosecution in the case.

Your Affiant believes that probable cause exists for the arrest of Wolfgang Halbig for Unlawful Possession of Personal Identification Information of Another Person F.S.S. 817.5685.

_____
                    Detective Ellory Osterberg 2685
                    Lake County Sheriff's Office

*Sworn* to and *Subscribed* before me

this _____ day of _____, 2020.

_____
Circle One: Notary Public - Certified Officer

_____ Personally known to me
_____ Produced identification
Type:

IN THE CIRCUIT OR COUNTY COURT
OF THE FIFTH JUDICIAL CIRCUIT OF
FLORIDA IN AND FOR LAKE COUNTY

**State of Florida**

**Vs.**

**Wolfgang Halbig**

**ARREST WARRANT**

IN THE NAME OF THE STATE OF FLORIDA, TO ALL AND SINGULAR THE SHERIFFS
OF THE STATE OF FLORIDA, SPECIAL AGENTS OF THE FLORIDA DEPARTMENT OF
LAW ENFORCEMENT, INVESTIGATORS OF THE STATE ATTORNEY'S OFFICES
AND/OR ALL OTHER AUTHORIZED POLICE OR LAW ENFORCEMENT OFFICERS
ACTING WITHIN THEIR JURISDICTION:

Whereas, Detective Ellory Osterberg of the Lake County Sheriff's Office has this day

electronically submitted a sworn affidavit, hereby incorporated herein, which establishes

probable cause that in the County aforesaid, Wolfgang Halbig (08/10/1946) did commit Unlawful

Possession of Personal Identification Information of Another Person, a misdemeanor of the first

degree, contrary to Florida State Statutes 817.5685 in such cases made and provided, and against

the peace and dignity of the State of Florida.


Therefore you are hereby commanded forthwith to arrest the said Wolfgang Halbig and bring him

before the proper court to be dealt with according to law.


Given under my hand and seal this _____ day of _____,2020.




_____

*County/Circuit Judge, Lake County*

Arrest Warrant Wolfgang Halbig.doc

---

*In the Circuit or County Court*
*of*
*Lake County*
*State of Florida*

---

*State of Florida*

*vs.*

*Name: Wolfgang Halbig*
*Address: 25526 Hawks Run Ln, Sorrento, FL*
*Race: White*
*Sex: Male*
*DOB: 08/10/1946*
*FL ID#* ███████████
*SS#:* ██████████
*Hgt: Unknown*
*Wgt: Unknown*

---

# Warrant

---

*Appearance Bond fixed at*
*Count 1: Unlawful Possession of Personal Identification*
*Information of Another Person F.S.S. 817.5685*

*Bond - $1,000*

*Total Bond: $1,000*

*Fixed this _____ day of*
*_____, 2020*

---

*Clerk*

---

*Received the warrant this _____ day of*
*_____, 2020 and executed the same in Lake*

*County, Florida on the _____ day of*
*_____, 2020 by arresting*
*the within named defendant, and at the same time*
*informing him/her of the cause of the arrest and the*
*issuance of this warrant.*

---

*Sheriff of County*

---

*_____D.S.*

| | |
|---|---|
| **From:** | Walter Forgie |
| **Sent time:** | 01/22/2020 01:17:23 PM |
| **To:** | Jonathan Olson |
| **Cc:** | Stephany Mahaney |
| **Subject:** | FW: Halbig Warrant |
| **Attachments:** | Arrest Warrant Wolfgang Halbig.doc |

Will you review this with Stephany please

**From:** Stephany Mahaney <smahaney@sao5.org>
**Sent:** Wednesday, January 22, 2020 8:36 AM
**To:** Walter Forgie <wforgie@sao5.org>
**Subject:** FW: Halbig Warrant

You wanted to see this one before it was approved.

**From:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Sent:** Tuesday, January 21, 2020 11:41 AM
**To:** Stephany Mahaney <smahaney@sao5.org>
**Subject:** Halbig Warrant

Good Morning Stephany,

Attached is the revised copy of the Habig warrant. Do you mind taking a look at it and seeing if it contains everything needed to push through? I will submit it to the on-call after your review, if you are able to review it, and go through the proper means to get it approved.

*Detective E. Osterberg (Borza)*
Lake County Sheriff's Office
360 W. Ruby St
Tavares, FL 32778
352-531-6209

*Peyton C. Grinnell, Sheriff*

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.

Arrest Warrant Wolfgang Halbig.doc

IN THE CIRCUIT OR COUNTY COURT
OF THE FIFTH JUDICIAL CIRCUIT OF
FLORIDA IN AND FOR LAKE COUNTY

State of Florida

      vs

Wolfgang Halbig (08/10/1946)

LCSO 190142079

Unlawful possession of the personal
identification information of another person
F.S.S. 817.5685

## AFFIDAVIT OF PROBABLE CAUSE

Comes now, the affiant, Detective Ellory Osterberg of the Lake County Sheriff's Office, a sworn
law enforcement officer, who personally appeared before a notary public or certified officer,
makes this affidavit, which has been electronically submitted to the Court. The affiant swears
under oath that she has probable cause to believe that certain laws have been violated in Lake
County, Florida and that on or about 02/18/2018, Wolfgang Halbig (08/10/1946) did commit
Unlawful Possession of Personal Identification Information of Another Person F.S.S. 817.5685, a
misdemeanor of the first degree.

1. That the events hereinafter set forth occurred at 25526 Hawks Run Ln, Sorrento
   Florida in Lake County.

2. That on 10/30/19, victim Leonard Pozner entered into the Lake County Sheriff's
   Office and reported that since February 18th, 2018, defendant Wolfgang Halbig
   has continued to harass him over the internet.

3. That defendant Halbig is a conspiracy theorist who is investigating the Sandy
   Hook shooting that occurred on December 14, 2012. Since the shooting,
   defendant Halbig has contacted the victim's family members and have continued
   to harass them, asking questions and alleging the children involved are crisis
   actors. Victim Pozner lost his youngest child in the shooting and has been
   getting harassing emails and phone calls in reference to defendant Halbig's
   investigation.

4. That defendant Halbig has obtained a copy of victim Pozner's personal
   identification information, to include his social security number and date of
   birth, and has released it to hundreds of people via email. Your Affiant has seen
   multiple different emails, one from victim Pozner and another from a Detective

from the Connecticut State Police. The date on the email from victim Pozner is dated September 16th, 2019. The email from the Connecticut State Police is dated September 16th, 2019. The main email address this email was sent to was dmaguire@worldnet.att.net, and there were also multiple different law enforcement agencies and news stations CC'd within the email as well. Victim Pozner has had to take the necessary steps to protect his personal credit information, which causes him to have to go through numerous different avenues to prevent fraudulent activity.

5. That during the investigation into the allegations in 2017, the email defendant Halbig used was subpoenad and was confirmed as belonging to him. This is the same email that is continuing to be used to contact victim Pozner.

6. That defendant Halbig has also contacted the Connecticut State Police where he has attempted to initiate a report in reference to defendant Halbig alleging that victim Pozner was using a deceased woman's social security number illegally. When defendant Halbig contacted the Connecticut State Police, the case was not pursued due to failure to find any criminal activity.

7. That on 1/16/2020, your Affiant received a sworn affidavit from Janet Ainsworth stating that she received an unsolicited email from defendant Halbig that contained victim Pozner's personal information claiming that he was using the identity of a deceased woman from Florida. Janet is a Staff Attorney and Ethics Liason with the State of Connecticut Department of Emergency Services and Public Protection in Connecticut. In her affidavit, Janet stated that her agency received an email from defendant Halbig on 10/03/2019 at approximately 1201 hours which contained the personal information of victim Pozner. The email was sent to desop.legal@ct.gov, which Janet's office monitors. The email contained a full and comprehensive TLOxp report about victim Pozner, detailing his biographical information. TLOxp is TransUnion's skip tracing, investigative research and risk management report. This email was also sent to three different FBI offices, two in Florida and the other in Washington, DC.

8. That your Affiant has confirmed the social security number contained within the TLOxp report, as well as the other emails claiming fraud, belongs to victim Pozner.

9. That victim Pozner wishes for prosecution in the case.

Your Affiant believes that probable cause exists for the arrest of Wolfgang Halbig for Unlawful Possession of Personal Identification Information of Another Person F.S.S. 817.5685.

_____
                    Detective Ellory Osterberg 2685
                    Lake County Sheriff's Office

*Sworn* to and *Subscribed* before me

this _____ day of _____, 2020.

_____

Circle One: Notary Public - Certified Officer        _____ Personally known to me
                                                      _____ Produced identification
                                                      Type:

Arrest Warrant Wolfgang Halbig.doc

IN THE CIRCUIT OR COUNTY COURT
OF THE FIFTH JUDICIAL CIRCUIT OF
FLORIDA IN AND FOR LAKE COUNTY

**State of Florida**

**Vs.**

**Wolfgang Halbig**

## ARREST WARRANT

IN THE NAME OF THE STATE OF FLORIDA, TO ALL AND SINGULAR THE SHERIFFS
OF THE STATE OF FLORIDA, SPECIAL AGENTS OF THE FLORIDA DEPARTMENT OF
LAW ENFORCEMENT, INVESTIGATORS OF THE STATE ATTORNEY'S OFFICES
AND/OR ALL OTHER AUTHORIZED POLICE OR LAW ENFORCEMENT OFFICERS
ACTING WITHIN THEIR JURISDICTION:

Whereas, Detective Ellory Osterberg of the Lake County Sheriff's Office has this day

electronically submitted a sworn affidavit, hereby incorporated herein, which establishes

probable cause that in the County aforesaid, Wolfgang Halbig (08/10/1946) did commit Unlawful

Possession of Personal Identification Information of Another Person, a misdemeanor of the first

degree, contrary to Florida State Statutes 817.5685 in such cases made and provided, and against

the peace and dignity of the State of Florida.

Therefore you are hereby commanded forthwith to arrest the said Wolfgang Halbig and bring him

before the proper court to be dealt with according to law.

Given under my hand and seal this _____ day of _____,2020.

_____

*County/Circuit Judge, Lake County*

Arrest Warrant Wolfgang Halbig.doc

*In the Circuit or County Court*
*of*
*Lake County*
*State of Florida*

*State of Florida*

*vs.*

**Name: Wolfgang Halbig**
**Address: 25526 Hawks Run Ln, Sorrento, FL**
**Race: White**
**Sex: Male**
**DOB: 08/10/1946**
**FL ID# ▮▮▮▮▮▮▮**
**SS#: ▮▮▮▮▮▮**
**Hgt: Unknown**
**Wgt: Unknown**

# Warrant

*Appearance Bond fixed at*
*Count 1: Unlawful Possession of Personal Identification*
*Information of Another Person F.S.S. 817.5685*

*Bond - $1,000*

*Total Bond: $1,000*

*Fixed this _____ day of*
*_____, 2020*

_____
*Clerk*

_____

*Received the warrant this _____ day of*
*_____, 2020 and executed the same in Lake*
*County, Florida on the _____ day of*
*_____, 2020 by arresting*
*the within named defendant, and at the same time*
*informing him/her of the cause of the arrest and the*
*issuance of this warrant.*

_____
*Sheriff of County*

_____D.S.

| | |
|---|---|
| **From:** | Osterberg, Ellory <Ellory.Osterberg@lcso.org> |
| **Sent time:** | 01/21/2020 11:40:39 AM |
| **To:** | Stephany Mahaney |
| **Subject:** | Halbig Warrant |
| **Attachments:** | Arrest Warrant Wolfgang Halbig.doc |

Good Morning Stephany,

Attached is the revised copy of the Habig warrant. Do you mind taking a look at it and seeing if it contains everything needed to push through? I will submit it to the on-call after your review, if you are able to review it, and go through the proper means to get it approved.

*Detective E. Osterberg (Borza)*
Lake County Sheriff's Office
360 W. Ruby St
Tavares, FL 32778
352-531-6209

*Peyton C. Grinnell, Sheriff*

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.

Arrest Warrant Wolfgang Halbig.doc

IN THE CIRCUIT OR COUNTY COURT
OF THE FIFTH JUDICIAL CIRCUIT OF
FLORIDA IN AND FOR LAKE COUNTY

State of Florida

      vs                            Unlawful possession of the personal
identification information of another person

Wolfgang Halbig (08/10/1946)         F.S.S. 817.5685

LCSO 190142079

### AFFIDAVIT OF PROBABLE CAUSE

Comes now, the affiant, Detective Ellory Osterberg of the Lake County Sheriff's Office, a sworn law enforcement officer, who personally appeared before a notary public or certified officer, makes this affidavit, which has been electronically submitted to the Court. The affiant swears under oath that she has probable cause to believe that certain laws have been violated in Lake County, Florida and that on or about 02/18/2018, Wolfgang Halbig (08/10/1946) did commit Unlawful Possession of Personal Identification Information of Another Person F.S.S. 817.5685, a misdemeanor of the first degree.

1. That the events hereinafter set forth occurred at 25526 Hawks Run Ln, Sorrento Florida in Lake County.

2. That on 10/30/19, victim Leonard Pozner entered into the Lake County Sheriff's Office and reported that since February 18th, 2018, defendant Wolfgang Halbig has continued to harass him over the internet.

3. That defendant Halbig is a conspiracy theorist who is investigating the Sandy Hook shooting that occurred on December 14, 2012. Since the shooting, defendant Halbig has contacted the victim's family members and have continued to harass them, asking questions and alleging the children involved are crisis actors. Victim Pozner lost his youngest child in the shooting and has been getting harassing emails and phone calls in reference to defendant Halbig's investigation.

4. That defendant Halbig has obtained a copy of victim Pozner's personal identification information, to include his social security number and date of birth, and has released it to hundreds of people via email. Your Affiant has seen multiple different emails, one from victim Pozner and another from a Detective

from the Connecticut State Police. The date on the email from victim Pozner is dated September 16th, 2019. The email from the Connecticut State Police is dated September 16th, 2019. The main email address this email was sent to was dmaguire@worldnet.att.net, and there were also multiple different law enforcement agencies and news stations CC'd within the email as well. Victim Pozner has had to take the necessary steps to protect his personal credit information, which causes him to have to go through numerous different avenues to prevent fraudulent activity.

5. That during the investigation into the allegations in 2017, the email defendant Halbig used was subpoenad and was confirmed as belonging to him. This is the same email that is continuing to be used to contact victim Pozner.

6. That defendant Halbig has also contacted the Connecticut State Police where he has attempted to initiate a report in reference to defendant Halbig alleging that victim Pozner was using a deceased woman's social security number illegally. When defendant Halbig contacted the Connecticut State Police, the case was not pursued due to failure to find any criminal activity.

7. That on 1/16/2020, your Affiant received a sworn affidavit from Janet Ainsworth stating that she received an unsolicited email from defendant Halbig that contained victim Pozner's personal information claiming that he was using the identity of a deceased woman from Florida. Janet is a Staff Attorney and Ethics Liason with the State of Connecticut Department of Emergency Services and Public Protection in Connecticut. In her affidavit, Janet stated that her agency received an email from defendant Halbig on 10/03/2019 at approximately 1201 hours which contained the personal information of victim Pozner. The email was sent to desop.legal@ct.gov, which Janet's office monitors. The email contained a full and comprehensive TLOxp report about victim Pozner, detailing his biographical information. TLOxp is TransUnion's skip tracing, investigative research and risk management report. This email was also sent to three different FBI offices, two in Florida and the other in Washington, DC.

8. That your Affiant has confirmed the social security number contained within the TLOxp report, as well as the other emails claiming fraud, belongs to victim Pozner.

9. That victim Pozner wishes for prosecution in the case.

Your Affiant believes that probable cause exists for the arrest of Wolfgang Halbig for Unlawful Possession of Personal Identification Information of Another Person F.S.S. 817.5685.

_____
                    Detective Ellory Osterberg 2685
                    Lake County Sheriff's Office

*Sworn* to and *Subscribed* before me

this _____ day of _____, 2020.

_____
Circle One: Notary Public - Certified Officer        _____ Personally known to me
                                                     _____ Produced identification
                                                     Type:

Arrest Warrant Wolfgang Halbig.doc

IN THE CIRCUIT OR COUNTY COURT
OF THE FIFTH JUDICIAL CIRCUIT OF
FLORIDA IN AND FOR LAKE COUNTY

**State of Florida**

**Vs.**

**Wolfgang Halbig**

## ARREST WARRANT

IN THE NAME OF THE STATE OF FLORIDA, TO ALL AND SINGULAR THE SHERIFFS
OF THE STATE OF FLORIDA, SPECIAL AGENTS OF THE FLORIDA DEPARTMENT OF
LAW ENFORCEMENT, INVESTIGATORS OF THE STATE ATTORNEY'S OFFICES
AND/OR ALL OTHER AUTHORIZED POLICE OR LAW ENFORCEMENT OFFICERS
ACTING WITHIN THEIR JURISDICTION:

Whereas, Detective Ellory Osterberg of the Lake County Sheriff's Office has this day

electronically submitted a sworn affidavit, hereby incorporated herein, which establishes

probable cause that in the County aforesaid, Wolfgang Halbig (08/10/1946) did commit Unlawful

Possession of Personal Identification Information of Another Person, a misdemeanor of the first

degree, contrary to Florida State Statutes 817.5685 in such cases made and provided, and against

the peace and dignity of the State of Florida.


Therefore you are hereby commanded forthwith to arrest the said Wolfgang Halbig and bring him

before the proper court to be dealt with according to law.


Given under my hand and seal this _____ day of _____,2020.




_____

*County/Circuit Judge, Lake County*

Arrest Warrant Wolfgang Halbig.doc

*In the Circuit or County Court*
*of*
*Lake County*
*State of Florida*

*State of Florida*

*vs.*

*Name: Wolfgang Halbig*
*Address: 25526 Hawks Run Ln, Sorrento, FL*
*Race: White*
*Sex: Male*
*DOB: 08/10/1946*
*FL ID# ████████████*
*SS#: ██████████*
*Hgt: Unknown*
*Wgt: Unknown*

# Warrant

*Appearance Bond fixed at*
*Count 1: Unlawful Possession of Personal Identification*
*Information of Another Person F.S.S. 817.5685*

*Bond - $1,000*

*Total Bond: $1,000*

*Fixed this _____ day of*
*_____, 2020*

*_____*
                          *Clerk*

*_____*

*Received the warrant this _____ day of*
*_____, 2020 and executed the same in Lake*
*County, Florida on the _____ day of*
*_____, 2020 by arresting*
*the within named defendant, and at the same time*
*informing him/her of the cause of the arrest and the*
*issuance of this warrant.*

*_____*
*Sheriff of County*

*_____D.S.*

| | |
|---|---|
| **From:** | Osterberg, Ellory <Ellory.Osterberg@lcso.org> |
| **Sent time:** | 01/24/2020 12:19:01 PM |
| **To:** | Kristalle Smoller |
| **Subject:** | Leachman |

Good Afternoon,

Did D/S Minor ever complete those search warrants for Mr. Leachman?

*Detective E. Osterberg (Borza)*
Lake County Sheriff's Office
360 W. Ruby St
Tavares, FL 32778
352-343-9541

*Peyton C. Grinnell, Sheriff*

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.

**From:**
**To:**                                        Walter Forgie
**Subject:**                                   RE: Halbig Warrant

---

**From:** Walter Forgie <wforgie@sao5.org>
**Sent:** Wednesday, January 22, 2020 1:17 PM
**To:** Jonathan Olson <jolson@sao5.org>
**Cc:** Stephany Mahaney <smahaney@sao5.org>
**Subject:** FW: Halbig Warrant

Will you review this with Stephany please

---

**From:** Stephany Mahaney <smahaney@sao5.org>
**Sent:** Wednesday, January 22, 2020 8:36 AM
**To:** Walter Forgie <wforgie@sao5.org>
**Subject:** FW: Halbig Warrant

You wanted to see this one before it was approved.

---

**From:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Sent:** Tuesday, January 21, 2020 11:41 AM
**To:** Stephany Mahaney <smahaney@sao5.org>
**Subject:** Halbig Warrant

Good Morning Stephany,

Attached is the revised copy of the Habig warrant. Do you mind taking a look at it and seeing if it contains everything needed to push through? I will submit it to the on-call after your review, if you are able to review it, and go through the proper means to get it approved.

*Detective E. Osterberg (Borza)*
Lake County Sheriff's Office
360 W. Ruby St
Tavares, FL 32778
352-531-6209

*Peyton C. Grinnell, Sheriff*

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.

| | |
|---|---|
| **From:** | Osterberg, Ellory <Ellory.Osterberg@lcso.org> |
| **Sent time:** | 01/22/2020 09:28:22 AM |
| **To:** | Stephany Mahaney |
| **Subject:** | Re: Halbig Warrant |

Okay cool. Thank you so much for all your help over these past couple months!

Sent from my iPhone

On Jan 22, 2020, at 9:14 AM, Stephany Mahaney <smahaney@sao5.org> wrote:

They need to make a report to LCSO or to the police in Washington.
I can't advise on what they have until they submit the paperwork.
If Halbig is reaching out to Washington he can be charged by them.
They do not have to file here.

**From:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Sent:** Wednesday, January 22, 2020 9:12 AM
**To:** Stephany Mahaney <smahaney@sao5.org>
**Subject:** Re: Halbig Warrant

Alright great thank you. Who can I talk to about another victim of his and what to advise their lawyer? He's harassing another victim in Washington state and has gone above their cease and desist letter.

Sent from my iPhone

On Jan 22, 2020, at 9:10 AM, Stephany Mahaney <smahaney@sao5.org> wrote:

It looks good to me. You can send to Judge.
When he is picked up make sure the jail knows to do a no contact order because I don't think they normally do with this charge.
When you email the Judge you might want to include that you would like to request the no contact order based on the on going harassment.

**From:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Sent:** Tuesday, January 21, 2020 11:41 AM
**To:** Stephany Mahaney <smahaney@sao5.org>
**Subject:** Halbig Warrant

Good Morning Stephany,

Attached is the revised copy of the Habig warrant. Do you mind taking a look at it and seeing if it contains everything needed to push through? I will submit it to the on-call after your review, if you are able to review it, and go through the proper means to get it approved.

*Detective E. Osterberg (Borza)*
Lake County Sheriff's Office
360 W. Ruby St
Tavares, FL 32778
352-531-6209

*Peyton C. Grinnell, Sheriff*

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records

request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed. Under Florida law, email addresses are public records. If you do not want your email address released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.

[CAUTION] This email originated from outside of the agency. DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.

Under Florida law, email addresses are public records. If you do not want your email address released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.

[CAUTION]   This email originated from outside of the agency. DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.

| | |
|---|---|
| **From:** | Osterberg, Ellory <Ellory.Osterberg@lcso.org> |
| **Sent time:** | 01/22/2020 09:12:03 AM |
| **To:** | Stephany Mahaney |
| **Subject:** | Re: Halbig Warrant |

Alright great thank you. Who can I talk to about another victim of his and what to advise their lawyer? He's harassing another victim in Washington state and has gone above their cease and desist letter.

Sent from my iPhone

> On Jan 22, 2020, at 9:10 AM, Stephany Mahaney <smahaney@sao5.org> wrote:
>
>
> It looks good to me. You can send to Judge.
> When he is picked up make sure the jail knows to do a no contact order because I don't think they normally do with this charge.
> When you email the Judge you might want to include that you would like to request the no contact order based on the on going harassment.
>
> **From:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
> **Sent:** Tuesday, January 21, 2020 11:41 AM
> **To:** Stephany Mahaney <smahaney@sao5.org>
> **Subject:** Halbig Warrant
>
> Good Morning Stephany,
>
> Attached is the revised copy of the Habig warrant. Do you mind taking a look at it and seeing if it contains everything needed to push through? I will submit it to the on-call after your review, if you are able to review it, and go through the proper means to get it approved.
>
> *Detective E. Osterberg (Borza)*
> Lake County Sheriff's Office
> 360 W. Ruby St
> Tavares, FL 32778
> 352-531-6209
>
> *Peyton C. Grinnell, Sheriff*
>
> Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.
> Under Florida law, email addresses are public records. If you do not want your email address released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.
>
> [CAUTION]   This email originated from outside of the agency. DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.

| | |
|---|---|
| **From:** | Osterberg, Ellory <Ellory.Osterberg@lcso.org> |
| **Sent time:** | 01/21/2020 03:12:04 PM |
| **To:** | Stephany Mahaney |
| **Subject:** | RE: Halbig Warrant |

That's fine with me!

---

**From:** Stephany Mahaney <smahaney@sao5.org>
**Sent:** Tuesday, January 21, 2020 3:09 PM
**To:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Subject:** Re: Halbig Warrant

I'll respond tomorrow morning if that's ok.
I can't read it on my phone and am out of the office.

Sent from my iPhone


On Jan 21, 2020, at 11:40 AM, Osterberg, Ellory <Ellory.Osterberg@lcso.org> wrote:

Good Morning Stephany,

Attached is the revised copy of the Habig warrant. Do you mind taking a look at it and seeing if it contains everything needed to push through? I will submit it to the on-call after your review, if you are able to review it, and go through the proper means to get it approved.

*Detective E. Osterberg (Borza)*
Lake County Sheriff's Office
360 W. Ruby St
Tavares, FL 32778
352-531-6209

*Peyton C. Grinnell, Sheriff*

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.
<Arrest Warrant Wolfgang Halbig.doc>

Under Florida law, email addresses are public records. If you do not want your email address released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.

> [CAUTION] This email originated from outside of the agency. DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.

**From:** smahaney@sao5.org

**To:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>

**Subject:** Re: Halbig Warrant

I'll respond tomorrow morning if that's ok.
I can't read it on my phone and am out of the office.

Sent from my iPhone

> On Jan 21, 2020, at 11:40 AM, Osterberg, Ellory <Ellory.Osterberg@lcso.org> wrote:

> Good Morning Stephany,

> Attached is the revised copy of the Habig warrant. Do you mind taking a look at it and seeing if it contains everything needed to push through? I will submit it to the on-call after your review, if you are able to review it, and go through the proper means to get it approved.

> *Detective E. Osterberg (Borza)*
> Lake County Sheriff's Office
> 360 W. Ruby St
> Tavares, FL 32778
> 352-531-6209

> *Peyton C. Grinnell, Sheriff*

> Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.
> <Arrest Warrant Wolfgang Halbig.doc>

| | |
|---|---|
| **From:** | Stephany Mahaney |
| **Sent time:** | 01/22/2020 09:37:06 AM |
| **To:** | Osterberg, Ellory <Ellory.Osterberg@lcso.org> |
| **Subject:** | RE: Halbig Warrant |

NO problem I am glad we could finally do something and it's been thanks to your persistence on getting all the documents.

---

**From:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Sent:** Wednesday, January 22, 2020 9:28 AM
**To:** Stephany Mahaney <smahaney@sao5.org>
**Subject:** Re: Halbig Warrant

Okay cool. Thank you so much for all your help over these past couple months!

Sent from my iPhone

On Jan 22, 2020, at 9:14 AM, Stephany Mahaney <smahaney@sao5.org> wrote:

They need to make a report to LCSO or to the police in Washington.
I can't advise on what they have until they submit the paperwork.
If Halbig is reaching out to Washington he can be charged by them.
They do not have to file here.

**From:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Sent:** Wednesday, January 22, 2020 9:12 AM
**To:** Stephany Mahaney <smahaney@sao5.org>
**Subject:** Re: Halbig Warrant

Alright great thank you. Who can I talk to about another victim of his and what to advise their lawyer? He's harassing another victim in Washington state and has gone above their cease and desist letter.

Sent from my iPhone

On Jan 22, 2020, at 9:10 AM, Stephany Mahaney <smahaney@sao5.org> wrote:

It looks good to me. You can send to Judge.
When he is picked up make sure the jail knows to do a no contact order because I don't think they normally do with this charge.
When you email the Judge you might want to include that you would like to request the no contact order based on the on going harassment.

**From:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Sent:** Tuesday, January 21, 2020 11:41 AM
**To:** Stephany Mahaney <smahaney@sao5.org>
**Subject:** Halbig Warrant

Good Morning Stephany,

Attached is the revised copy of the Habig warrant. Do you mind taking a look at it and seeing if it contains everything needed to push through? I will submit it to the on-call after your review, if you are able to review it, and go through the proper means to get it approved.

*Detective E. Osterberg (Borza)*
Lake County Sheriff's Office
360 W. Ruby St
Tavares, FL 32778

*Peyton C. Grinnell, Sheriff*

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed. Under Florida law, email addresses are public records. If you do not want your email address released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.

[CAUTION] This email originated from outside of the agency. DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed. Under Florida law, email addresses are public records. If you do not want your email address released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.

[CAUTION] This email originated from outside of the agency. DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.

| From: | Stephany Mahaney |
|---|---|
| Sent time: | 01/22/2020 09:14:40 AM |
| To: | Osterberg, Ellory <Ellory.Osterberg@lcso.org> |
| Subject: | RE: Halbig Warrant |

They need to make a report to LCSO or to the police in Washington.
I can't advise on what they have until they submit the paperwork.
If Halbig is reaching out to Washington he can be charged by them.
They do not have to file here.

---

**From:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Sent:** Wednesday, January 22, 2020 9:12 AM
**To:** Stephany Mahaney <smahaney@sao5.org>
**Subject:** Re: Halbig Warrant

Alright great thank you. Who can I talk to about another victim of his and what to advise their lawyer? He's harassing another victim in Washington state and has gone above their cease and desist letter.

Sent from my iPhone


On Jan 22, 2020, at 9:10 AM, Stephany Mahaney <smahaney@sao5.org> wrote:


It looks good to me. You can send to Judge.
When he is picked up make sure the jail knows to do a no contact order because I don't think they normally do with this charge.
When you email the Judge you might want to include that you would like to request the no contact order based on the on going harassment.

**From:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Sent:** Tuesday, January 21, 2020 11:41 AM
**To:** Stephany Mahaney <smahaney@sao5.org>
**Subject:** Halbig Warrant

Good Morning Stephany,

Attached is the revised copy of the Habig warrant. Do you mind taking a look at it and seeing if it contains everything needed to push through? I will submit it to the on-call after your review, if you are able to review it, and go through the proper means to get it approved.

*Detective E. Osterberg (Borza)*
Lake County Sheriff's Office
360 W. Ruby St
Tavares, FL 32778
352-531-6209

*Peyton C. Grinnell, Sheriff*

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.
Under Florida law, email addresses are public records. If you do not want your email address released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.

[CAUTION] This email originated from outside of the agency. DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and

any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.

**From:** Stephany Mahaney
**Sent time:** 01/22/2020 09:10:20 AM
**To:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Subject:** RE: Halbig Warrant

It looks good to me. You can send to Judge.
When he is picked up make sure the jail knows to do a no contact order because I don't think they normally do with this charge. When you email the Judge you might want to include that you would like to request the no contact order based on the on going harassment.

---

**From:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Sent:** Tuesday, January 21, 2020 11:41 AM
**To:** Stephany Mahaney <smahaney@sao5.org>
**Subject:** Halbig Warrant

Good Morning Stephany,

Attached is the revised copy of the Habig warrant. Do you mind taking a look at it and seeing if it contains everything needed to push through? I will submit it to the on-call after your review, if you are able to review it, and go through the proper means to get it approved.

*Detective E. Osterberg (Borza)*
Lake County Sheriff's Office
360 W. Ruby St
Tavares, FL 32778
352-531-6209

*Peyton C. Grinnell, Sheriff*

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.

| | |
|---|---|
| **From:** | Stephany Mahaney |
| **Sent time:** | 01/21/2020 03:08:53 PM |
| **To:** | Osterberg, Ellory <Ellory.Osterberg@lcso.org> |
| **Subject:** | Re: Halbig Warrant |

I'll respond tomorrow morning if that's ok.
I can't read it on my phone and am out of the office.

Sent from my iPhone

> On Jan 21, 2020, at 11:40 AM, Osterberg, Ellory <Ellory.Osterberg@lcso.org> wrote:


Good Morning Stephany,

Attached is the revised copy of the Habig warrant. Do you mind taking a look at it and seeing if it contains everything needed to push through? I will submit it to the on-call after your review, if you are able to review it, and go through the proper means to get it approved.

*Detective E. Osterberg (Borza)*
Lake County Sheriff's Office
360 W. Ruby St
Tavares, FL 32778
352-531-6209

*Peyton C. Grinnell, Sheriff*

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.
<Arrest Warrant Wolfgang Halbig.doc>

**From:**          smahaney@sao5.org
**To:**            Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Subject:**     Re: Halbig

It's a holiday
We're back Tuesday

Sent from my iPhone

> On Jan 18, 2020, at 8:38 PM, Osterberg, Ellory <Ellory.Osterberg@lcso.org> wrote:
>
> Well I'm going to finish it up on Monday and resubmit it. Am I able to send it to you on Monday? Or is it a holiday for you all?
>
> Sent from my iPhone
>
>> On Jan 18, 2020, at 3:40 PM, Stephany Mahaney <smahaney@sao5.org> wrote:
>>
>> No problem
>> If I had my lap top to access it I would have reviewed it for you so you wouldn't have to go through anyone else but at least it got done and you can go on FMLA in peace
>>
>> Sent from my iPhone
>>
>>> On Jan 18, 2020, at 10:09 AM, Osterberg, Ellory <Ellory.Osterberg@lcso.org> wrote:
>>>
>>>
>>> No dispatch gave me the duty phone number and I spoke with the on-call about the warrant. I tried letting her know that I had been speaking with you about the warrant and to give you a call if she had any questions. She was rude and said if she had any questions she would call me directly because it was my warrant. She wanted me to put a few more things in the warrant, so I will do that and resubmit it on Monday.
>>>
>>>
>>> I had no idea you all were closed yesterday, I don't think anyone in the office knew that either.
>>>
>>> ---
>>> **From:** Stephany Mahaney <smahaney@sao5.org>
>>> **Sent:** Saturday, January 18, 2020 9:57:40 AM
>>> **To:** Osterberg, Ellory
>>> **Subject:** Re: Halbig
>>>
>>> You had dispatch call the duty phone?
>>> Our office was closed yesterday.
>>>
>>> Sent from my iPhone
>>>
>>>> On Jan 17, 2020, at 2:54 PM, Osterberg, Ellory

Ellory Osterberg@lcso.org wrote

Yeah I called and it goes straight to VM. I called the oncall (Kim??) and left a voicemail but haven't gotten anything back yet. Not sure what else to do. But I did leave a VM saying to have the oncall give me a call and that I had been in contact with you regarding the case.

**From:** Stephany Mahaney <smahaney@sao5.org>
**Sent:** Friday, January 17, 2020 2:53 PM
**To:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Subject:** Re: Halbig

Yes. Let the on call know you've been talking to me in case they have questions but you should be fine. It's a ss# !!!

Sent from my iPhone

> On Jan 17, 2020, at 10:50 AM, Osterberg, Ellory <Ellory.Osterberg@lcso.org> wrote:

> So I can submit the warrant? I submit to the on-call correct?

> **From:** Stephany Mahaney <smahaney@sao5.org>
> **Sent:** Friday, January 17, 2020 10:44 AM
> **To:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
> **Subject:** Re: Halbig

> Great. You got it !

> Sent from my iPhone

> On Jan 16, 2020, at 4:53 PM, Osterberg, Ellory <Ellory.Osterberg@lcso.org> wrote:

> Yes it's straight from TLO. He hired a private investigator who gave him all of that information.

> **From:** Stephany Mahaney <smahaney@sao5.org>
> **Sent:** Thursday, January 16, 2020 4:46 PM
> **To:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
> **Subject:** RE: Halbig

> I assume the TLO report contains his SS# ?

> How do you even get a TLO report as a civilian? Those are a big deal in my office.

> **From:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
> **Sent:** Thursday, January 16, 2020 11:20 AM
> **To:** Stephany Mahaney <smahaney@sao5.org>
> **Subject:** Halbig

Good Morning Stephanie,

I finally received the statement I've been waiting on from the CT State Police Crime Analyst who received the email from Halbig with Pozner's personal information. I will update that I received it within the warrant. I have attached it so that you may read it and make sure it is what we need to move forward. Please let me know if there is anything else I will need to get, I want to get this warrant pushed through before I go onto FMLA!

Thank you!

*Detective E. Osterberg (Borza)*
Lake County Sheriff's Office
360 W. Ruby St
Tavares, FL 32778
352-531-6209

*Peyton C. Grinnell, Sheriff*

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.
Under Florida law, email addresses are public records. If you do not want your email address released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.

> [CAUTION] <span style="color:red">This email originated from outside of the agency. DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.</span>

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.

Under Florida law, email addresses are public records. If you do not want your email address released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.

> [CAUTION] <span style="color:red">This email originated from outside of the agency. DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.</span>

Under Florida Law, e-mail addresses and the contents of the

e-mail are public records. If you do not want your e-mail
address or the contents of the e-mail released in response to
a public records request, do not send e-mail to this entity.
This e-mail and any files transmitted with it are confidential
and intended solely for the use of the individual or entity to
which they are addressed.

Under Florida law, email addresses are public records. If you do not want
your email address released in response to a public records request, do not
send electronic mail to this entity. Instead, contact this office by phone or
in writing.

> [CAUTION] This email originated from outside of the agency. DO NOT
> CLICK links or attachments unless you recognize the sender and know the
> content is safe.

Under Florida Law, e-mail addresses and the contents of the e-mail are
public records. If you do not want your e-mail address or the contents of the
e-mail released in response to a public records request, do not send e-mail to
this entity. This e-mail and any files transmitted with it are confidential and
intended solely for the use of the individual or entity to which they are
addressed.

Under Florida law, email addresses are public records. If you do not want your email
address released in response to a public records request, do not send electronic mail to
this entity. Instead, contact this office by phone or in writing.

> [CAUTION]    This email originated from outside of the agency. DO NOT CLICK
> links or attachments unless you recognize the sender and know the content is
> safe.

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If
you do not want your e-mail address or the contents of the e-mail released in response to
a public records request, do not send e-mail to this entity. This e-mail and any files
transmitted with it are confidential and intended solely for the use of the individual or entity
to which they are addressed.

Under Florida law, email addresses are public records. If you do not want your email address released
in response to a public records request, do not send electronic mail to this entity. Instead, contact this
office by phone or in writing.

> [CAUTION]    This email originated from outside of the agency. DO NOT CLICK links or
> attachments unless you recognize the sender and know the content is safe.

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-
mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this
entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or
entity to which they are addressed.

| | |
|---|---|
| **From:** | Stephany Mahaney |
| **Sent time:** | 01/19/2020 08:56:21 PM |
| **To:** | Osterberg, Ellory <Ellory.Osterberg@lcso.org> |
| **Subject:** | Re: Halbig |

It's a holiday
We're back Tuesday

Sent from my iPhone

> On Jan 18, 2020, at 8:38 PM, Osterberg, Ellory <Ellory.Osterberg@lcso.org> wrote:
>
> Well I'm going to finish it up on Monday and resubmit it. Am I able to send it to you on Monday? Or is it a holiday for you all?
>
> Sent from my iPhone
>
>> On Jan 18, 2020, at 3:40 PM, Stephany Mahaney <smahaney@sao5.org> wrote:
>>
>> No problem
>> If I had my lap top to access it I would have reviewed it for you so you wouldn't have to go through anyone else but at least it got done and you can go on FMLA in peace
>>
>> Sent from my iPhone
>>
>>> On Jan 18, 2020, at 10:09 AM, Osterberg, Ellory <Ellory.Osterberg@lcso.org> wrote:
>>>
>>>
>>> No dispatch gave me the duty phone number and I spoke with the on-call about the warrant. I tried letting her know that I had been speaking with you about the warrant and to give you a call if she had any questions. She was rude and said if she had any questions she would call me directly because it was my warrant. She wanted me to put a few more things in the warrant, so I will do that and resubmit it on Monday.
>>>
>>>
>>> I had no idea you all were closed yesterday, I don't think anyone in the office knew that either.
>>>
>>> **From:** Stephany Mahaney <smahaney@sao5.org>
>>> **Sent:** Saturday, January 18, 2020 9:57:40 AM
>>> **To:** Osterberg, Ellory
>>> **Subject:** Re: Halbig
>>>
>>> You had dispatch call the duty phone?
>>> Our office was closed yesterday.
>>>
>>> Sent from my iPhone

On Jan 17, 2020 at 2:54 PM, Osterberg, Ellory
<Ellory.Osterberg@lcso.org> wrote:

Yeah I called and it goes straight to VM. I called the oncall (Kim??) and left a voicemail but haven't gotten anything back yet. Not sure what else to do. But I did leave a VM saying to have the oncall give me a call and that I had been in contact with you regarding the case.

**From:** Stephany Mahaney <smahaney@sao5.org>
**Sent:** Friday, January 17, 2020 2:53 PM
**To:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Subject:** Re: Halbig

Yes. Let the on call know you've been talking to me in case they have questions but you should be fine. It's a ss# !!!

Sent from my iPhone

On Jan 17, 2020, at 10:50 AM, Osterberg, Ellory
<Ellory.Osterberg@lcso.org> wrote:

So I can submit the warrant? I submit to the on-call correct?

**From:** Stephany Mahaney <smahaney@sao5.org>
**Sent:** Friday, January 17, 2020 10:44 AM
**To:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Subject:** Re: Halbig

Great. You got it !

Sent from my iPhone

On Jan 16, 2020, at 4:53 PM, Osterberg, Ellory
<Ellory.Osterberg@lcso.org> wrote:

Yes it's straight from TLO. He hired a private investigator who gave him all of that information.

**From:** Stephany Mahaney <smahaney@sao5.org>
**Sent:** Thursday, January 16, 2020 4:46 PM
**To:** Osterberg, Ellory
<Ellory.Osterberg@lcso.org>
**Subject:** RE: Halbig

I assume the TLO report contains his SS# ?

How do you even get a TLO report as a civilian? Those are a big deal in my office.

**From:** Osterberg, Ellory
<Ellory.Osterberg@lcso.org>
**Sent:** Thursday, January 16, 2020 11:20 AM

**To:** Stephany Mahaney
**Subject:** Halbig

Good Morning Stephanie,

I finally received the statement I've been waiting on from the CT State Police Crime Analyst who received the email from Halbig with Pozner's personal information. I will update that I received it within the warrant. I have attached it so that you may read it and make sure it is what we need to move forward. Please let me know if there is anything else I will need to get, I want to get this warrant pushed through before I go onto FMLA!

Thank you!

*Detective E. Osterberg (Borza)*
Lake County Sheriff's Office
360 W. Ruby St
Tavares, FL 32778
352-531-6209

*Peyton C. Grinnell, Sheriff*

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.
Under Florida law, email addresses are public records. If you do not want your email address released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.

[CAUTION] This email originated from outside of the agency. DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.

Under Florida law, email addresses are public records. If you do not want your email address released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.

[CAUTION] This email originated from outside of the agency. DO NOT CLICK links or attachments unless you

Under Florida Law, e-mail addresses and the contents of the
e-mail are public records. If you do not want your e-mail
address or the contents of the e-mail released in response to
a public records request, do not send e-mail to this entity.
This e-mail and any files transmitted with it are confidential
and intended solely for the use of the individual or entity to
which they are addressed.

Under Florida law, email addresses are public records. If you do not want
your email address released in response to a public records request, do not
send electronic mail to this entity. Instead, contact this office by phone or
in writing.

[CAUTION] This email originated from outside of the agency. DO NOT
CLICK links or attachments unless you recognize the sender and know the
content is safe.

Under Florida Law, e-mail addresses and the contents of the e-mail are
public records. If you do not want your e-mail address or the contents of the
e-mail released in response to a public records request, do not send e-mail to
this entity. This e-mail and any files transmitted with it are confidential and
intended solely for the use of the individual or entity to which they are
addressed.

Under Florida law, email addresses are public records. If you do not want your email
address released in response to a public records request, do not send electronic mail to
this entity. Instead, contact this office by phone or in writing.

[CAUTION]    This email originated from outside of the agency. DO NOT CLICK
links or attachments unless you recognize the sender and know the content is
safe.

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If
you do not want your e-mail address or the contents of the e-mail released in response to
a public records request, do not send e-mail to this entity. This e-mail and any files
transmitted with it are confidential and intended solely for the use of the individual or entity
to which they are addressed.

Under Florida law, email addresses are public records. If you do not want your email address released
in response to a public records request, do not send electronic mail to this entity. Instead, contact this
office by phone or in writing.

[CAUTION]    This email originated from outside of the agency. DO NOT CLICK links or
attachments unless you recognize the sender and know the content is safe.

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.

| | |
|---|---|
| **From:** | Kristalle Smoller |
| **Sent time:** | 01/24/2020 12:25:55 PM |
| **To:** | Osterberg, Ellory <Ellory.Osterberg@lcso.org> |
| **Subject:** | RE: Leachman |

Afternoon

I have spoken with him, It will be done within the next 2 weeks

**From:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Sent:** Friday, January 24, 2020 12:19 PM
**To:** Kristalle Smoller <ksmoller@sao5.org>
**Subject:** Leachman

Good Afternoon,

Did D/S Minor ever complete those search warrants for Mr. Leachman?

*Detective E. Osterberg (Borza)*
Lake County Sheriff's Office
360 W. Ruby St
Tavares, FL 32778
352-343-9541

*Peyton C. Grinnell, Sheriff*

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.

| | |
|---|---|
| **From:** | Osterberg, Ellory <Ellory.Osterberg@lcso.org> |
| **Sent time:** | 01/24/2020 12:34:08 PM |
| **To:** | Kristalle Smoller |
| **Subject:** | Re: Leachman |

Alright good to hear

Sent from my iPhone

On Jan 24, 2020, at 12:25 PM, Kristalle Smoller <ksmoller@sao5.org> wrote:

Afternoon

I have spoken with him, It will be done within the next 2 weeks

**From:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Sent:** Friday, January 24, 2020 12:19 PM
**To:** Kristalle Smoller <ksmoller@sao5.org>
**Subject:** Leachman

Good Afternoon,

Did D/S Minor ever complete those search warrants for Mr. Leachman?

*Detective E. Osterberg (Borza)*
Lake County Sheriff's Office
360 W. Ruby St
Tavares, FL 32778
352-343-9541

*Peyton C. Grinnell, Sheriff*

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.
Under Florida law, email addresses are public records. If you do not want your email address released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.

[CAUTION]   This email originated from outside of the agency. DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address or the contents of the e-mail released in response to a public records request, do not send e-mail to this entity. This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed.

**From:**  smahaney@sao5.org
**To:**  Jae Hee Kim
**Subject:**  Re: Wolfgang Halbig

I emailed her back I'm going to review it and get with her in the morning.
I've been working with her on this one for a while

Sent from my iPhone

On Jan 21, 2020, at 3:28 PM, Jae Hee Kim <jkim@sao5.org> wrote:

Det. Osterberg needs to talk to you regarding the above defendant.

████████████

**JAE HEE KIM**
Assistant State Attorney
5th Judicial Circuit
State Attorney's Office – Lake County
550 W. Main Street/PO BOX 7800
Tavares, FL 32778
(352) 742-4236 (tel)
(352) 742-4269 (fax)
jkim@sao5.org

**From:**  Stephany Mahaney

**Sent time:**  01/21/2020 05:44:23 PM

**To:**  Jae Hee Kim

**Subject:**  Re: Wolfgang Halbig

I emailed her back I'm going to review it and get with her in the morning.
I've been working with her on this one for a while

Sent from my iPhone

> On Jan 21, 2020, at 3:28 PM, Jae Hee Kim <jkim@sao5.org> wrote:
>
>
> Det. Osterberg needs to talk to you regarding the above defendant.

████████████

**JAE HEE KIM**
Assistant State Attorney
5th Judicial Circuit
State Attorney's Office – Lake County
550 W. Main Street/PO BOX 7800
Tavares, FL 32778
(352) 742-4236 (tel)
(352) 742-4269 (fax)
jkim@sao5.org

| | |
|---|---|
| **From:** | Stephany Mahaney |
| **Sent time:** | 01/21/2020 05:44:23 PM |
| **To:** | Jae Hee Kim |
| **Subject:** | Re: Wolfgang Halbig |

I emailed her back I'm going to review it and get with her in the morning.
I've been working with her on this one for a while

Sent from my iPhone

On Jan 21, 2020, at 3:28 PM, Jae Hee Kim <jkim@sao5.org> wrote:

Det. Osterberg needs to talk to you regarding the above defendant.

**JAE HEE KIM**
Assistant State Attorney
5th Judicial Circuit
State Attorney's Office – Lake County
550 W. Main Street/PO BOX 7800
Tavares, FL 32778
(352) 742-4236 (tel)
(352) 742-4269 (fax)
jkim@sao5.org

| | |
|---|---|
| **From:** | Jae Hee Kim |
| **Sent time:** | 01/21/2020 03:28:46 PM |
| **To:** | Stephany Mahaney |
| **Subject:** | Wolfgang Halbig |

Det. Osterberg needs to talk to you regarding the above defendant.

███████████

**JAE HEE KIM**
Assistant State Attorney
5th Judicial Circuit
State Attorney's Office – Lake County
550 W. Main Street/PO BOX 7800
Tavares, FL 32778
(352) 742-4236 (tel)
(352) 742-4269 (fax)
jkim@sao5.org

| | |
|---|---|
| **From:** | Jae Hee Kim |
| **Sent time:** | 01/21/2020 03:28:46 PM |
| **To:** | Stephany Mahaney |
| **Subject:** | Wolfgang Halbig |

Det. Osterberg needs to talk to you regarding the above defendant.

**JAE HEE KIM**
Assistant State Attorney
5th Judicial Circuit
State Attorney's Office – Lake County
550 W. Main Street/PO BOX 7800
Tavares, FL 32778
(352) 742-4236 (tel)
(352) 742-4269 (fax)
jkim@sao5.org

Case Number 5:22-cv-106-JA-PRL

# Exhibit 4

# Suncoast District Consumer Affairs letter, 2-16-2016, LCSO supplement, Mental Patient Notation, and Query

# Supplemental Narratives

Supplemental Narratives Incident 150173319

---

**SUPPLEMENTAL NARRATIVE:**

**Supplement number:** 8

**Name:** CONLEE 556

**Date:** 16:40:26 04/01/16

Report Written By: DETECTIVE CONLEE (556)

Offense/Class: SUPPLEMENT

Evidence: NONE

Crime Scene: N/A

Attachments: PR 259792 - PRINTOUT OF EMAIL FROM PONDS TO CONLEE

Canvass Area: N/A

Narrative:

On April 1, 2016, at approximately 1258 hours, Wolfgang Halbig called the Lake
County Sheriff's Office and requested to speak to Lt. Conlee. Mr. Halbig told
the clerk that it was urgent. On that date, at approximately 1525 hours, Lt.
Conlee called me Halbig from a recorded line at the Lake County Sheriff's
Office.

Mr. Halbig told Conlee the Sorrento Post Master came to his house and told him
that Conlee or someone from the Sheriff's Office told him (the Post Master) that
Wolfgang Halbig was "mentally unstable". Conlee informed Mr. Halbig that he
speak to the Sorrento Post Master while investigating this case but Conlee did
not tell the Post Master that he (Wolfgang Halbig) was unstable. Mr. Halbig told
Conlee he needs to look into who, at the Sheriff's Office, might have said he
was "mentally unstable".

Conlee asked Mr. Halbig if he had called Conlee and the Sheriff "chicken shits"
and "cowards" in emails cc'd to Conlee. Mr. Halbig admitted he did and accused
Conlee of not protecting him, a former Lake County School Board employee.
Halbig did not explain why he told a clerk at the Sheriff's Office that it was
"urgent" he speak to Conlee. Mr. Halbig stated he was going to sue Conlee for
telling the Post Master, "under the color of law", that he (Halbig) was mentally
unstable.

A disk containing the recording of this phone conversation was placed into
evidence on Property Receipt #259792

+1   1

Shared publicly · View activity

SUNCOAST DISTRICT CONSUMER AFFAIRS


**UNITED STATES**
**POSTAL SERVICE**

June 21, 2016

2016 JUN 23  PM 3: 44

RECEIVED-ORLANDO

Senator Marco Rubio
Attn: David Huff
201 South Orange Ave Suite 350
Orlando FL 32801

Dear Senator Rubio:

Thank you for contacting the United States Postal Service regarding the concerns of your constituent, Wolfgang Halbig.

Please know that the United States Postal Inspection Service has reviewed and spoken with Mr. Halbig about this case in the past. He has been informed the case has been turned over to the Lake County Florida Sheriff's Office for any further investigation.  No further involvement by the U.S. Postal Inspection Service is warranted at this time.

Thank you for calling this matter to our attention.

Sincerely,

Gary Desmond
Manager, Consumer & Industry Contact

PO Box 39756
Tampa, FL 33630-9756
813-354-6200
Fax: 813-354-6150

# LAKE COUNTY SHERIFF'S OFFICE

## Case Report for Incident 160122274

**Nature:** S27A
**Location:** L5

**Address:** 25526 HAWKS RUN LN
SORRENTO FL 32776

**Offense Codes:**
**Received By:** JACKSON 2233     **Agency:** LCSO
**Responding Officers:** SOMMER 1355, SNYDER 1857, BOWLIN 1389
**Responsible Officer:** SOMMER 1355     **Disposition:** INA 08/04/16
**When Reported:** 09:28:00 08/04/16     **Occurred Between:** 09:27:50 08/04/16 and 09:27:50 08/04/16

**Assigned To:**     **Detail:**     **Date Assigned:** **/**/**
**Status:**     **Status Date:** **/**/**     **Due Date:** **/**/**

**Complainant:** 176824
    **Last:** HALBIG     **First:** WOLFGANG     **Mid:** WALTER
    **DOB:** 08/10/46     **Dr Lic:** H412899462900     **Address:** 25526 HAWKS RUN LN
    **Race:** W     **Sex:** M     **Phone:** (352)729-2559     **City:** SORRENTO, FL 32776
**Alert Codes:**
MPAT Mental Patient

**Offense Codes**
    **Reported:**     **Observed:**

**Circumstances**

**Responding Officers:**     **Unit:**
    SOMMER 1355     1355
    SNYDER 1857     1857
    BOWLIN 1389     1389

**Responsible Officer:** SOMMER 1355     **Agency:** LCSO
**Received By:** JACKSON 2233     **Last Radio Log:** 10:44:26 08/04/16 CMPLT
:     **Clearance:** NR NO REPORT
**When Reported:** 09:28:00 08/04/16     **Disposition:** INA **Date:** 08/04/16
**Judicial Status:**     **Occurred between:** 09:27:50 08/04/16
**Misc Entry:**     **and:** 09:27:50 08/04/16

**Modus Operandi:**     **Description :**     **Method :**

**LAKE COUNTY SHERIFF'S OFFICE**

LAKE COUNTY, FLORIDA / WWW.LCSO.ORG
360 W. RUBY ST / TAVARES

**PEYTON C. GRINNELL, SHERIFF**

May 30, 2018

Ms. Julie Henry
Via email: JHFocus@yahoo.com

RE:     Public records request
        Reference number: 2018-279

Dear Ms. Henry:

I am in receipt of your letter dated May 16, 2018, which I have treated as a Public Records Request. I will address each of your requested items in turn and the records that relate thereto.

1. **Request:** "Provide copies of all Mental Health Examinations/Assessments/Evaluations conducted by the Lake County Sheriff's Office on Wolfgang W. Halbig that allowed you to diagnose him as a Mental Health Patient by your agency."

   **Response:** The Lake County Sheriff's Office does not have any public records responsive to this request.

2. **Request:** "Provide any and all emails and/or communication from the Lake County Sheriff's staff to the Sheriff's dispatch in directing Wolfgang W. halbig to be listed as a Mental Patient (MPAT code)."

   **Response:** The Lake County Sheriff's Office does not have any public records responsive to this request.

3. **Request:** "If a Licensed Practitioner has conducted a psychological mental health evaluation on Mr. Halbig, please provide copies of the evaluation."

   **Response:** The Lake County Sheriff's Office does not have any public records responsive to this request.

Sincerely,

David W. Porter
General Counsel

Case Number 5:22-cv-106-JA-PRL

# Exhibit 5

# LCSO Citizen's Complaint

*Leonard Pozner vs Wolfgang Halbig*

**Subject:** LCSO complaint revised on email html
**Date:** Tuesday, September 27, 2016 10:02:03 PM Eastern Daylight Time
**From:** ~~████████~~
**To:** Wolfgang Halbig



## Lake County Sheriff's Office
## Internal Affairs Bureau

*2016 OCT -5 AM 11: 25*
*CLERK OF CIRCUIT AND COUNTY COURT LAKE COUNTY TAVARES FLO.*

### FLORIDA STATUTES

**RECEIVED**

OCT 0 4 2016

DON F. BRIGGS
CIRCUIT JUDGE

### Perjury When Not in an Official Proceeding - F.S. 837.012

Whoever makes a false statement, which he does not believe to be true, under oath, not in an official proceeding, in regards to a material matter shall be guilty of a misdemeanor of the first degree, punishable by up to one year in jail.

Knowledge of the materiality of the statement is not an element of this crime, and the defendant's mistaken belief that his/her statement was not material is not a defense.

### Civil Suits Brought By Law Enforcement or Correction Officers – F.S. 112.532

Every law enforcement officer or correctional officer shall have the right to bring civil suit against any person, group of persons, or organization, or the head of such organization or corporation, for damages, either pecuniary or otherwise, suffered during the performance of the officer's official duties or for abridgement of the officer's civil rights arising out of the officer's performance of official duties.

I hereby swear or affirm that the allegations made by me against a member or members of the Lake County Sheriff's Office is (are) true to the best of my knowledge and belief.

Further, by affixing my signature to this document, I understand that if I have wrongly accused the employee(s) of criminal conduct, as defined by Florida Statutes, the employee(s) may elect to seek redress of the unfounded accusation(s) by referring the matter to the appropriate court for disposition.

_____          Sept 29, 2016
Complainant's Signature                      Date

*Sworn to and Subscribed before me this* 29 *day of* September , 2016.

_____
Notary Public / Law Enforcement Officer



ELGIN AGUILAR
Notary Public, State of Florida
Commission# FF 110006
My comm. expires Apr. 08, 2018

____Personally Known to Me
____Produced Identification   Type:_____



## Lake County Sheriff's Office
## Citizen's Complaint



| | |
|---|---|
| Complainant's Name: **Wolfgang W. Halbig** | |
| Street Address:     **25526 Hawks Run Lane** | |
| City:     **Sorrento** | State:    **Florida**     Zip:   **32776** |
| Home Phone Number: **(352) 729-2559**   Work Phone | ) **496-5551** |
| (OPTIONAL) DOB: **8-10-1946**   Sex: **M**   Race:   **W**   SS# | |
| Date of Alleged Incident: **12/6/2013**   **On-going**   Time of Alleged Incident: | |
| Location of Alleged Incident: **25526 Hawks Run Lane, Sorrento, Florida  32776** | |

## Narrative

| | |
|---|---|
| Subject Officer: { } Sworn { } Civilian {X} Unknown |
| Subject Officer: { } Sworn { } Civilian { } Unknown |
| Subject Officer: { } Sworn { } Civilian { } Unknown |

Nature of Complaint: **ABUSIVE LAW ENFORCEMENT - DEPRIVATION OF CIVIL RIGHTS – FALSE CLAIM ON A POLICE REPORT – FORMAL RQUEST FOR OFFICIAL INVESTIGATION**

**Administrator,**
**Persons unknown to me are currently cyber stalking me on Internet social media. The same or other unknowns have physically threatened me by mailing materials to my home via the United States Postal Service. Officers of the Lake County Sheriff have not investigated my complaints. At least one official document of the office of the Lake County Sheriff contains erroneous, deceptive and inflammatory information about me.**

**Certain LCSO officials, arrived at my home uninvited, dressed in civilian clothing, demonstrated exceptional foreknowledge of my personal information and used coercion, threats of arrest and intimidation with a show of force while ordering me to stop asking questions regarding my gainful employment.**

**I expect the office of the Lake County Sheriff to provide proper, verifiable and accountable written answers to the following NARATIVE COUNTS and specific DATED INCIDENT questions forthright and in a timely manner, meaning in less than thirty days or by October 27, 2016.**

COUNT 1__Two or more persons have conspired to injure me, oppress me, threaten me, intimidate me and deprive me of my civil rights and privileges provided to me when I became a Naturalized US Citizen in 1968 at Abilene, Texas.

My repeated written and verbal notifications to the office of the Lake County, Florida Sheriff and Postmaster Joe Morabito, of the Sorrento, Florida Post Office end with verbal diversions and obfuscation from them.  These officials still refuse to investigate my formal complaints of criminal acts against me even when I am providing them with physical and documentary evidence.  These are overt acts of negligence and derelictions of their duties.  Explain why they cannot do their assigned work.

COUNT 2__  Separately, the same office of the Lake County, Florida Sheriff and its agents violated my Constitutional Right of Free Speech on December 6, 2013..

They acted in association with Connecticut State Police agents and the Newtown, Connecticut Police Department, and its agents to violate my Constitutional Right of Free Speech by using coercion, threats of arrest, intimidation with their uninvited presence and a show of force.   These officials, dressed in civilian clothing, demonstrated exceptional foreknowledge of my personal information and committed these acts at my home.  They then refused to investigate my formal written and verbal complaints of others criminal acts against me.  The acts of the employees of the office of the Lake County sheriff and of the US Post Office are violations of US CODE 18 - 241 and 242.  Explain why these officials violate US CODE 18 – 241 and 242.

COUNT 3__On a Lake County Sheriff's Office case report for incident number 160122274, the report, dated 8-10-16 on the lower right corner, clearly states an "Alert Code" near the left center of the page.  The code clearly states "MPAT Mental Patient".  I am NOT now nor have I EVER been a mental patient and therefore demand that the office of the Lake County Sheriff provide the source of this error to me in a letter of explanation.

Your letter to me should clearly state all of the details from where the LCSO obtained this erroneous data and clearly state the names of the medical or psychiatric professionals that provided the LCSO with this erroneous information.  Explain how the LCSO will immediately correct the error on all previous and subsequent reports associated with me.  Explain why this error happened.  Your official letter should further clearly explain why the office of the Lake County Sheriff contacted my family members on their cell phones and told them that I am mentally unstable.  Explain who gave the order to call my family members and for what purpose.  Explain why the Sorrento, Florida Postmaster, Joe Morabito, knew to come to my home at 25526 hawks Run Lane to share with me that the office of the lake County Sheriff contacted him and told him that the Sheriff's Office will do nothing to help me since I am declared to be mentally unstable.

**The following are specific questions regarding the uninvited visit by alleged official LCSO employees to my home on Dec 6, 2013.**

My Question 1__Watkins and Huskey introduce themselves to me as homicide investigators for the office of the Lake County Sheriff.
Your answer  1__True or False

My Question 2__Watkins and Huskey arrived at my home uninvited, and dressed in civilian clothing then demonstrated exceptional foreknowledge of my personal information.  These men used coercion, threats of arrest and intimidation with a show of force while ordering me to stop asking questions regarding my gainful employment.  They specifically ordered me to stop asking questions about the Sandy Hook, Connecticut school shooting of December 14, 2012.  They then informed me that the Connecticut State Police would arrest and extradite me with their aid if I failed to follow their orders.
Your answer  2__True or False

My question 3__Watkins and Huskey had a complete Dossier on me when interrogating me at my home at 25526 Hawks Run Lane, Sorrento, Florida  32776.
Your answer 3__True or False

My question 4__Watkins and Huskey reviewed my complete Dossier with me.  Then using coercion, threats of arrest, intimidation with a show of force they ordered me to stop asking Sandy Hook questions that are specifically pertinent to and regarding my gainful employment.
Your answer 4__True or False

My question 5__Who directed the office of the Lake County Sheriff to come to my home to interrogate me on Dec 6, 2013.
Your answer 5__Requires narrative

My question 6__To whom did Watkins and Huskey respond or report after they interrogated me?
Your answer 6__Requires narrative

My question 7__To what agency, State or Jurisdiction did Watkins and Huskey respond or report.
Your answer 7__Requires narrative

My question 8__Why is Watkins, Huskey and LCSO refusing to provide me with a copy of the Dossier that they pulled from DAVID and the NCIC computers.
Your answer 8__Requires narrative

My question 9__Did they have an earlier copy of the Dossier in their file drawer?
Your answer 9__Requires narrative

My questions 10__Why are Watkins and Huskey refusing to provide me with copies of their incident reports or narratives they wrote up after their interrogation of me at my home.

Your answer 10__Requires narrative

**The following are specific questions regarding an uninvited visit by an alleged official LCSO employee to my home on February 17, 2014.**

A Deputy Dobbs driving a marked LCSO vehicle came to my home at 25526 Hawks Run Lane, Sorrento, Florida  32776.  He apologized before interrogating me with the questions that he said he is required to ask me.  Deputy Dobbs asked the following questions.
1__How many guns do you own?
2__What clothing do you wear?
3__Do you ware camo pants and camo shirt?

My question to numbers 1, 2, and 3 are why does the LCSO want to know?
Your answer requires a narrative.

Deputy Dobbs made the following statements.
4__He told me that if I travel to Newtown, Connecticut I must let the Newtown Police know that I am in Newtown.
5__He told me that his orders were to observe my home in regards to how many deer heads I had hanging on my walls.

My question to numbers 4 and 5 is who are the official or non-official people that ordered this officer to question and command me?
Your answer requires narrative

This letter and its attachments serve as my initial filing of complaints against the office of the Lake County, Florida Sheriff. This complaint addresses 1, their failure to perform their duties to serve and protect a member of the public, 2, their coercion, threats, suppression and intimidation of me as a victim and a reporter of criminal activity within their Jurisdiction and 3, displaying false information on an official agency document. I expect the office of the Lake County Sheriff to answer these three COUNTS questions and specific DATED INCIDENT questions forthright and in a timely manner, meaning within thirty days or by October 27, 2016

Complainant's Signature: _____      Date: Sept 26, 2016

Is This Statement Continued:  Yes _____      No _____

Wolfgang W. Halbig, pro se
25526 Hawks Run Lane
Sorrento, Florida 32776
Phone:  352-729-2559
Email:  Wolfgang.halbig@comcast.net

November 29, 2016

Crystal Fukushima
Office of Citizen Services
Florida Attorney General's Office
PL-01, The Capitol
Tallahassee, Florida 32399-1050
Telephone:  (850) 414-3990
Toll-free within Florida: (866) 966-7226
Website:  www.myfloridalegal.com

Ms. Fukushima

This letter is to inform you of my ongoing wait to obtain a reply from the
office of the Lake County, Florida Sheriff to my written complaint about
them.  It is also my request that you investigate and report to me the
reason for their delayed reply.

I delivered this written complaint to their internal affairs office on September
29, 2016, two months ago.  Two months is sufficient time for their office to
respond.

Please find a copy of my written complaint attached to this letter.  Let me
know soon of your findings as to when the office of the Lake County,
Florida Sheriff intends to answer the questions contained therein and to
exactly what they intend to do about the issues contained within my
complaint.

Sincerely


Wolfgang W. Halbig

1

Wolfgang W. Halbig, pro se
25526 Hawks Run Lane
Sorrento, Florida 32776
Phone:  352-729-2559
Email:  Wolfgang.halbig@comcast.net

November 29, 2016

Brad King
Office of the State Attorney
Lake County Judicial Center
550 West Main St.
PO Box 7800
Tavares, FL 32778

Mr. King

This letter is to inform you of my ongoing wait to obtain a reply from the
office of the Lake County, Florida Sheriff to my written complaint about
them.  It is also my request that you investigate and report to me the
reason for their delayed reply.

I delivered this written complaint to their internal affairs office on September
29, 2016, two months ago.  Two months is sufficient time for their office to
respond.

Please find a copy of my written complaint attached to this letter.  Let me
know soon of your findings as to when the office of the Lake County,
Florida Sheriff intends to answer the questions contained therein and to
exactly what they intend to do about the issues contained within my
complaint.

Sincerely


Wolfgang W. Halbig

Wolfgang W. Halbig, pro se
25526 Hawks Run Lane
Sorrento, Florida 32776
Phone:  352-729-2559
Email:  Wolfgang.halbig@comcast.net

November 29, 2016

OFFICE OF PROFESSIONAL STANDARDS
360 W. RUBY STREET
TAVARES FL 32778

Administrator

This letter is to inform you of my ongoing wait to obtain a reply from the office of the Lake County, Florida Sheriff to my written complaint about them.  It is also my request that you investigate and report to me the reason for their delayed reply.

I delivered this written complaint to their internal affairs office on September 29, 2016, two months ago.  Two months is sufficient time for their office to respond.

Please find a copy of my written complaint attached to this letter.  Let me know soon of your findings as to when the office of the Lake County, Florida Sheriff intends to answer the questions contained therein and to exactly what they intend to do about the issues contained within my complaint.

Sincerely


Wolfgang W. Halbig

Case Number 5:22-cv-106-JA-PRL

# Exhibit 6
# Results of IA-16-27
# Citizens Complaint



**Sheriff**

Lake County

**Peyton C. Grinnell**

360 West Ruby Street          Tavares, Florida 32778
Phone 352-343-9500

February 2, 2017

Mr. Wolfgang Halbig
25526 Hawks Run Lane
Sorrento, FL  32776

RE:  Results of IA-16-27 / Complaint against Lake County Sheriff's Office

Dear Mr. Halbig,

Your complaint dated September 26, 2016, concerning your allegations that you are being cyberstalked by unknown individuals and that detectives from this agency have failed to perform their duties has been reviewed and finalized.

The now retired, Sheriff Gary Borders and his staff diligently reviewed your complaint and concerns to include all associated reports.  After reviewing your complaint and conducting a review, there has been no evidence of a violation of Standard Operational Procedures or Florida State Statute on the part of any Lake County Sheriff's Office employees.  As a result, administrative agency action will not be taken as a result of this complaint.  If you feel this result was not to your liking you may direct your complaint to the Florida Department of Law Enforcement.

Thank you for directing our attention to this matter and also for allowing us the opportunity to respond to your complaint.

Sincerely,

*Todd Rowley*

Todd Rowley
Detective
Internal Affairs

**Sheriff Peyton C. Grinnell**

CC:  Office of Professional Standards

**Case Number 5:22-cv-106-JA-PRL**

# Exhibit 7
# Request to charge Pozner with trespass



# LAKE COUNTY SHERIFF'S OFFICE
Case Report for Incident 140082624

| | |
|---|---|
| **Nature:** S41 | **Address:** 25526 HAWKS RUN LN |
| **Location:** L5 | SORRENTO FL 32776 |

| | |
|---|---|
| **Offense Codes:** 9004 | |
| **Received By:** GROOVER 2090 | **Agency:** LCSO |
| **Responding Officers:** DOLAN 1135 | |
| **Responsible Officer:** DOLAN 1135 | **Disposition:** ECM 06/03/14 |
| **When Reported:** 15:00:53 06/03/14 | **Occurred Between:** 18:00:00 05/28/14 and 18:30:00 05/30/14 |

| | | |
|---|---|---|
| **Assigned To:** DOLAN 1135 | **Detail:** RP | **Date Assigned:** 06/03/14 |
| **Status:** ECM | **Status Date:** 06/03/14 | **Due Date:** \*\*/\*\*/\*\* |

**Complainant:**

| | | |
|---|---|---|
| **Last:** | **First:** | **Mid:** |
| **DOB:** \*\*/\*\*/\*\* | **Dr Lic:** | **Address:** |
| **Race:** | **Sex:** | **Phone:** | **City:** , |

## Offense Codes

| | | |
|---|---|---|
| **Reported:** | 9004 HARASSING TELEPHONE CALLS | **Observed:** |
| **Additional Offense:** | 9004 HARASSING TELEPHONE CALLS | |

## Circumstances

| | |
|---|---|
| **Responding Officers:** | **Unit :** |
| DOLAN 1135 | 1135 |

| | | |
|---|---|---|
| **Responsible Officer:** DOLAN 1135 | | **Agency:** LCSO |
| **Received By:** GROOVER 2090 | | **Last Radio Log:** 16:37:59 06/03/14 CMPLT |
| : | | **Clearance:** R REPORT |
| **When Reported:** 15:00:53 06/03/14 | | **Disposition:** ECM **Date:** 06/03/14 |
| **Judicial Status:** | | **Occurred between:** 18:00:00 05/28/14 |
| **Misc Entry:** | | **and:** 18:30:00 05/30/14 |

| | | |
|---|---|---|
| **Modus Operandi:** | **Description :** | **Method :** |

## Involvements

**SCANNED**

06/03/14

| Date | Type | Description | |
|------|------|-------------|--|
| 06/03/14 | Name | HALBIG, WOLFGANG | victim |
| 06/03/14 | Name | WATT, KELLEY | other one |
| 06/03/14 | Name | POZNER, LEN | offender suspect |
| 06/03/14 | Cad Call | 15:00:53 06/03/14 S41 | Initiating Call |

06 03 14

## Narrative

Offense/Class:   365.16 - Harassing Communication (M)

Reporting Officer: M/D M. Dolan (P-1135)

Evidence:  None

Crime Scene:  Interviewed

Attachments:     Sworn Affidavit with intent to prosecute, Victim's
   Rights receipt, copy of email

Canvass Area:  N/A

Narrative:

On June 3, 2014, at approximately 1503 hrs, I responded to the incident location
and met with the Victim, Wolfgang Halbig, in reference to harassing
communication.

Mr. Halbig advised that during the end of May he traveled to Newtown,
Connecticut, in reference to obtaining answers about the Sandy Hook School
massacre investigation.  He advised that while still in Connecticut he received
an email from a subject identifying himself as the Suspect. Len Pozner, who
reportedly lost a child to the shooting.  He advised that he did not respond,
but returned to Florida on the night of 5/29/2014.  He advised that on Friday,
5/30/2014, at approximately 1830 hrs, he received a telephone call from Other
one, Kelley Watt, advising that Mr. Pozner was at the community gate wanting to
be let in.  He advised that Kelley Watt described the entrance as reportedly
told to her by the Suspect.  He advised that again he did not meet with Mr.
Pozner, and has since received two (2) telephone calls, which he believes
are from Mr. Pozner.  He advised at this time he is unable to locate a phone
number that Mr. Pozner called from, and Mr. Pozner does not leave a message.

Mr. Halbig provided a copy of a page from his email, stating it is from the
Suspect, Mr. Pozner, and that he wants to speak with the Victim.  There is no
email or IP address visible on the page.

Mr. Halbig completed a sworn affidavit with intent to prosecute and was issued a
Victim's Rights sheet.  He was also advised in reference to follow up with the
State Attorney's Office and contacting this agency if he has additional
information.

Nothing further.

## Name Involvements:

**victim :**  176824
| | | |
|---|---|---|
| **Last:** HALBIG | **First:** WOLFGANG | **Mid:** |
| **DOB:** 08/10/46 | **Dr Lic:** H41289946290 | **Address:** 25526 HAWKS RUN LN |
| **Race:** W     **Sex:** M | **Phone:** (352)729-2559 | **City:** SORRENTO, FL 32776 |

**offender suspect**176826
| | | |
|---|---|---|
| **Last:** POZNER | **First:** LEN | **Mid:** |
| **DOB:** \*\*/\*\*/\*\* | **Dr Lic:** | **Address:** |
| **Race:**     **Sex:** M | **Phone:** ( ) - | **City:** NEWTOWN, CT |

**other one :**  176825
| | | |
|---|---|---|
| **Last:** WATT | **First:** KELLEY | **Mid:** |
| **DOB:** \*\*/\*\*/\*\* | **Dr Lic:** | **Address:** |
| **Race:**     **Sex:** F | **Phone:** (918)853-1882 | **City:** , TX |

06 03 14

## VICTIM/WITNESS/SUSPECT
## AFFIDAVIT

|  | 1. Offense 2. Arrest | Juvenile | 1. Original 2. Supplement |
|---|---|---|---|

**ADM**

| Agency ORI Number FLO 3 5 0 0 0 0 | Agency Name LAKE COUNTY S.O. | Agency Report Number 1 4 - 0 0 8 2 6 2 4 |
|---|---|---|

| Original Date Reported 0 6 0 3 1 4 | Case Reference Harassing Communications |
|---|---|

X **Name:** Wolfgang W. Halbig   X **DOB:** 08-10-1946   **Age:** 67

**AKA:**

**Relation to Offender:**

**Contact Information** --------------------------------

X **Address:** 25526 Hawks Run Ln, Sorrento, Fl. 32776

X **Mailing Address:** Same

**Home Phone:** 352-729-2559   X **Alt Phone:** 407-496-5551

**Personal Information** --------------------------------

| **Race:** | **Sex:** | **Height:** | **Weight:** |
|---|---|---|---|
| **Build:** | **Complexion:** | **Eye Color:** | **Hair Color:** |

**Scars/Marks/Tattoos:**

**Clothing/Description:**

X **SSN:**

X **License:** H412-599-46   **State:** FL-0   **EXP:**   **CLASS:**

**Birthplace - City:**   **State/Country:**   **Citizen:**

**Comments:**

**Employer Information** --------------------------------

**Employer:**

**Address:**

**Work Phone:**

## NARRATIVE

X On May 30, 2014 was notified by Kelley Watt via phone that a man named Lenny Pozner father of Noah Pozner who was shot and killed at Sandy Hook Elementary School on Dec 14, 2012 was at my house and SR 46, she was concerned for my safety and just gave me notice that he is trying to get to my house. He has e-mailed me, he has called me with me not returning messages.

I notified the Lake County Sheriffs at about and requesting them to take a report in the event this escalates. I do not wish to see this person on my premises.

**INTENT TO PROSECUTE**
**YES** ☒   **NO** ☐   **N/A** ☐

Signature of person making statement
Sworn to and subscribed before me
this _03_ day of _06_ 20_14_.

_____
Law Enforcement Officer or Notary

SCANNED

**Report Contains** Victim

| Officer(s) Reporting M Dolan | ID. Number(s) P- 1135 | Unit | Date 06 03 14 |
|---|---|---|---|
| Officer Reviewing (If Applicable) | ID. Number | Routed To | Referred To | Assigned To | By | Date |

| Case Status | Clearance Type 1. Arrest 2. Exceptional | 3. Unfounded | A-Adult J-Juvenile | Date Cleared | Arrest Number | Number Arrested |
|---|---|---|---|---|---|---|
| Exception Type 1. Extradition Declined | 2. Arrest on Primary Offense Secondary Offense Without Prosecution | 3. Death of Offender 4. V / W Refused to Cooperate | 5. Prosecution Declined 6. Juvenile / No Custody | | OBTS Number | Page _1_ Page of |

LCSO-128

Case Number 5:22-cv-106-JA-PRL

# Exhibit 8
# Altered Bail Statement

Arrest Warrant Wolfgang Halbig.doc

---

**In the Circuit or County Court
of
Lake County
State of Florida**

---

**State of Florida**

**vs.**

**Name: Wolfgang Halbig**
**Address: 25526 Hawks Run Ln, Sorrento, FL**
**Race: White**
**Sex: Male**
**DOB: 08/10/1946**
**FL ID#** ███████████
**SS#:** ███████
**Hgt: Unknown**
**Wgt: Unknown**

---

# *Warrant*

---

*Appearance Bond fixed at*
*Count 1: Unlawful Possession of Personal Identification*
*Information of Another Person F.S.S. 817.5685*

*Bond - $1,000*

*Total Bond: $1,000*

*Fixed this _____ day of*

*_____, 2020*

---

_____
                              *Clerk*

_____

*Received the warrant this _____ day of*

*_____, 2020 and executed the same in Lake*

*County, Florida on the _____ day of*

*_____, 2020 by arresting*

*the within named defendant, and at the same time*

*informing him/her of the cause of the arrest and the*

*issuance of this warrant.*

_____

*Sheriff of County*

_____ *D.S.*

---

| From: | Stephany Mahaney |
|---|---|
| Sent time: | 01/22/2020 08:35:59 AM |
| To: | Walter Forgie |
| Subject: | FW: Halbig Warrant |
| Attachments: | Arrest Warrant Wolfgang Halbig.doc |

You wanted to see this one before it was approved.

**From:** Osterberg, Ellory <Ellory.Osterberg@lcso.org>
**Sent:** Tuesday, January 21, 2020 11:41 AM
**To:** Stephany Mahaney <smahaney@sao5.org>
**Subject:** Halbig Warrant

*In the Circuit or County Court*
*of*
*Lake County*
*State of Florida*

*State of Florida*

*vs.*

Name: *Wolfgang Halbig*
Address: *25526 Hawks Run Ln, Sorrento, FL*
Race: *White*
Sex: *Male*
DOB: *08/10/1946*
FL ID# *H412899462900*
SS#: ▮▮▮▮▮▮▮
Hgt: *Unknown*
Wgt: *Unknown*

# *Warrant*

*Appearance Bond fixed at*
*Count 1: Unlawful Possession of Personal Identification*
*Information of Another Person F.S.S. 817.5685*

*Bond – $5,000*

*Total Bond: $5,000*

*Fixed this _____ day of*
*_____, 2020*

_____
                *Clerk*

_____

*Received the warrant this _____ day of*
*_____, 2020 and executed the same in Lake*
*County, Florida on the _____ day of*
*_____, 2020 by arresting*
*the within named defendant, and at the same time*
*informing him/her of the cause of the arrest and the*
*issuance of this warrant.*

_____
*Sheriff of County*

_____ *D.S.*

# Exhibit 2, Excerpt



ARREST AFFIDAVIT/FIRST APPEARANCE FORM
LAKE COUNTY, FLORIDA

20000668

| OBTS # 3501207406 | | | Agency ORI # FL0350000 | | | | | |
|---|---|---|---|---|---|---|---|---|

| Court Case Number: 20CF000224 | ☑ Felony ☐ Traffic ☐ Misdemeanor ☐ Juvenile | County or Municipal Ordinance ☑ Warrant / C A P I A S | | | | Agency Case Number: 2000 15470 |
|---|---|---|---|---|---|---|

| Defendant's Name: Last Halbig | First Wolfgang | Middle W | DOB Mo. Day Yr 08/10/1946 | SEX M | RACE W | HGT 600 | WGT 200 | HAIR WHI | EYES BLU |
|---|---|---|---|---|---|---|---|---|---|

Mailing Address: St./P.O. Box 25526 Hawks Run Ln
City Sorrento          State Fl     Zip 32776

Scars- Marks-Tatoos-Amputations (describe each) N/A

St. Add. (if different), Street N/A
City N/A          State N/A     Zip N/A

Phone: Home ( 352 ) 729-2559
Place of Birth: Germany

Place of Employment: Street N/A
City N/A          State N/A     Zip N/A

Phone: Business N/A
Occupation: N/A          Alias:

Driver Lic. No.: H412899462900
State: Florida

Vehicle towed by: N/A

Hold on Vehicle: Yes☐ No☐
Agency: N/A

Arrest Suffix:

Arrest Date: mo 01 day 27 year 20
Arrest Time: 0139 Hours
Arrest Location: 25526 Hawks Run Ln.

U.S. Citizen: Y☑  N☐  U☐   Residence Type: ☐ 1. City  ☑ 2. County  ☐ 3. Florida  ☐ 4. Out-of-Florida

### ACTIVITY

| A. Fraud | K. Dispense/ | M. Manufacture/ | O. Counterfeit | T. Traffic |
|---|---|---|---|---|
| B. Buy | Distribute | Produce/ | P. Possess | U. Use |
| D. Deliver | | Cultivate | R. Smuggle | X. Stolen Property |
| F. Forgery | | N. N/A | S. Sell | Z. Other |

### TYPE

| A. Amphetamine | M. Marijuana | P. Paraphernalia/ | U. Unknown |
|---|---|---|---|
| B. Barbiturate | N. N/A | Equipment | 2. Other |
| C. Cocaine | 0. Opium/Deriv. | P. Heroin | |
| H. Hallucinogan | | S. Synthetic | |

| | Description | Counts | Activity | Type | NCIC | Status | Bond Amount | In Accordance to Bond Schedule |
|---|---|---|---|---|---|---|---|---|
| C | Active Lake County Warrant | | | | | | | Y☐ N☐ |
| H | UNLAWFUL POSSESSION OF PERSONAL IDENTIFICATION INFORMATION OF ANOTHER PERSON | 1 | | | | 817.5685 -383 | $5000 | Y☑ N☐ |
| A | | | | | | | | Y☐ N☐ |
| R | | | | | | | | Y☐ N☐ |
| G | | | | | | | | Y☐ N☐ |
| E | | | | | | | | Y☐ N☐ |
| S | | | | | | | | Y☐ N☐ |
| | | | | | | | | Y☐ N☐ |
| | | | | | | | | Y☐ N☐ |

Indication of:
Alcohol Influence Y☐  N☐  Unknown☑
Drug Influence Y☐  N☐  Unknown☑

Weapon Seized:  Y☐  N☑

JAIL LOG: (To be completed by Booking Officer)  Lcoo Wengo 2784

Jail Inmate Number: 141586

| Date Booked: 1/27/20 | Time Booked: 0318 | AM☐ PM☐ | Booking Officer: Lirnoq | Fingerprinted By: Bambridge | Photographed By: Colas | Bin Number: |
|---|---|---|---|---|---|---|

Advised of Rights By:

Check for Warrant(s):
NCIC ☐  FCIC ☐  Local ☐

Holds:
Yes☐  No ☐

Agency of Hold:

Attorney (if known):

Religion:
J☐  Pr☐  C☐  Other☐

Marital Status:
S☐  M☐  D☐  Sep☐

Telephone call logged:  AM☐  PM☐
Time

Telephone No

Next of Kin./PARENTS OF JUVENILE
(for emergency)

Relation          Address

Telephone No

Juvenile Disposition:

___ 1. Hand led/Processed Within Dept and Released   ___ 2. Turned Over to D.J.J.   ___ 3 Incarcerated (County Jail)



FAXED          Page 1 of ___          ORIGINAL

fpdf v | 20040624

# LAKE COUNTY SHERIFF'S OFFICE

Case Report for Incident 160122274

**Nature:** S27A
**Location:** L5

**Address:** 25526 HAWKS RUN LN
SORRENTO FL 32776

**Offense Codes:**
**Received By:** JACKSON 2233          **Agency:** LCSO
**Responding Officers:** SOMMER 1355, SNYDER 1857, BOWLIN 1389
**Responsible Officer:** SOMMER 1355          **Disposition:** INA 08/04/16
**When Reported:** 09:28:00 08/04/16          **Occurred Between:** 09:27:50 08/04/16 and 09:27:50 08/04/16

**Assigned To:**          **Detail:**          **Date Assigned:** \*\*/\*\*/\*\*
**Status:**          **Status Date:** \*\*/\*\*/\*\*          **Due Date:** \*\*/\*\*/\*\*

**Complainant:** 176824
**Last:** HALBIG          **First:** WOLFGANG          **Mid:** WALTER
**DOB:** 08/10/46          **Dr Lic:** H412899462900          **Address:** 25526 HAWKS RUN LN
**Race:** W     **Sex:** M          **Phone:** (352)729-2559          **City:** SORRENTO, FL 32776
**Alert Codes:**
MPAT Mental Patient

**Offense Codes**
**Reported:**          **Observed:**

**Circumstances**

**Responding Officers:**          **Unit :**
SOMMER 1355          1355
SNYDER 1857          1857
BOWLIN 1389          1389

**Responsible Officer:** SOMMER 1355          **Agency:** LCSO
**Received By:** JACKSON 2233          **Last Radio Log:** 10:44:26 08/04/16 CMPLT
:          **Clearance:** NR NO REPORT
**When Reported:** 09:28:00 08/04/16          **Disposition:** INA **Date:** 08/04/16
**Judicial Status:**          **Occurred between:** 09:27:50 08/04/16
**Misc Entry:**          **and:** 09:27:50 08/04/16

**Modus Operandi:**          **Description :**          **Method :**

Case Number 5:22-cv-106-JA-PRL

# Exhibit 9

# Arrest Affidavit / First Appearance Form



## ARREST AFFIDAVIT/FIRST APPEARANCE FORM
### LAKE COUNTY, FLORIDA

20000668

| OBTS # 35012074O6 | | Agency ORI # FL0350000 | |
|---|---|---|---|

| Court Case Number: 20CF000224 | ☑ Felony ☐ Traffic   ☐ Misdemeanor ☐ Juvenile | ☐ County or Municipal Ordinance ☑ Warrant / C A P I A S | Agency Case Number: 200015470 |
|---|---|---|---|

| Defendant's Name:  Last  Halbig | First  Wolfgang | Middle  W | DOB Mo. Day Yr 08/10/1946 | SEX M | RACE W | HGT 600 | WGT 200 | HAIR WHI | EYES BLU |
|---|---|---|---|---|---|---|---|---|---|

| Mailing Address: St./P.O. Box 25526 Hawks Run Ln | | | Scars- Marks-Tatoos-Amputations (describe each) |
|---|---|---|---|
| City Sorrento | State Fl | Zip 32776 | N/A |

| St. Add. (if different), Street N/A | | | Phone: Home ( 352 ) 729-2559 | Place of Birth: Germany | |
|---|---|---|---|---|---|
| City N/A | State N/A | Zip N/A | | | |

| Place of Employment: Street N/A | | | Phone: Business ( ) N/A | Occupation: N/A | Alias: |
|---|---|---|---|---|---|
| City N/A | State N/A | Zip N/A | | | |

| Driver Lic. No.: H412899462900 | Vehicle towed by: N/A | Hold on Vehicle: Yes☐ No☐ | Arrest Suffix: |
|---|---|---|---|
| State: Florida | | Agency: N/A | |

| Arrest Date: mo 01 day 27 year 20 | Arrest Time: 0139 Hours | Arrest Location: 25526 Hawks Run Ln. |
|---|---|---|

| U.S. Citizen: Y☑  N☐  U☐ | Residence Type: | ☐ 1. City | ☑ 2. County | ☐ 3. Florida | ☐ 4. Out-of-Florida |
|---|---|---|---|---|---|

| ACTIVITY | | TYPE | |
|---|---|---|---|
| A. Fraud    K. Dispense/ B. Buy      Distribute D. Deliver F. Forgery | M. Manufacture/     O. Counterfeit      Produce/       P. Possess   Cultivate     R . Smuggle   N. N/A        S . Sell | T. Traffic U. Use X . Stolen Property Z. Other | A. Amphetamine   M. Marijuana B. Barbiturate    N. N/A C. Cocaine       O. Opium/Deriv H. Hallucinogen | P. Paraphernalia/   U Unknown   Equipment    2. Other P. Heroin S Synthetic |

| | Description | Counts | Activity | Type | NCIC | Statue | Bond Amount | In Accordance to Bond Schedule |
|---|---|---|---|---|---|---|---|---|
| C | Active Lake County Warrant | | | | | | | Y☐ N☐ |
| H | UNLAWFUL POSSESSION OF PERSONAL IDENTIFICATION INFORMATION OF ANOTHER PERSON | 1 | | | | 817.5685 -38.3 | $5000 | Y☑ N☐ |
| A | | | | | | | | Y☐ N☐ |
| R | | | | | | | | Y☐ N☐ |
| G | | | | | | | | Y☐ N☐ |
| E | | | | | | | | Y☐ N☐ |
| S | | | | | | | | Y☐ N☐ |
| | | | | | | | | Y☐ N☐ |
| | | | | | | | | Y☐ N☐ |

| Indication of: Alcohol Influence  Y☐   N☐   Unknown☑ Drug Influence     Y☐   N☐   Unknown☑ | Weapon Seized: | Y☐ | N☑ |
|---|---|---|---|

| JAIL LOG: (To be completed by Booking Officer)  LCSO WFnqc 2784 | Jail Inmate Number: 141586 |
|---|---|

| Date Booked: 1/27/20 | Time Booked: 0318 | AM PM | Booking Officer: Licroa | Fingerprinted By: Bambridge | Photographed By: Colas | Bin Number |
|---|---|---|---|---|---|---|

| Advised of Rights By: | Check for Warrant(s): NCIC ☐   FCIC ☐   Local ☐ | Holds: Yes☐ No ☐ | Agency of Hold: | |
|---|---|---|---|---|

| Attorney (if known): | Religion: | Marital Status: J☐ Pr☐ C ☐ Other☐   S ☐ M ☐ D ☐ Sep ☐ | Telephone call logged: Time | AM PM | Telephone No |
|---|---|---|---|---|---|

| Next of Kin./PARENTS OF JUVENILE (for emergency) | Relation | Address | Telephone No ( ) |
|---|---|---|---|

**Juvenile Disposition:**

____ 1 . Hand led/Processed Within Dept and Released    ____ 2. Turned Over to D.J.J.    ____ 3 Incarcerated (County Jail)



ORIGINAL

fpdf v1 20040624

| Complaint/ Arrest Affidavit Continuation | | Court Case No. 20CF000224 | | Agency Case No. | |
|---|---|---|---|---|---|
| Defendant s Name. Last | First | Middle | Date of Birth | | |
| Halbig | Wolfgang | W | | 08/10/1946 | |

PROBABLE CAUSE AFFIDAVIT:
(specify probable cause. for each charge)

D/S Wingo

Before Me. the undersigned authority personally appeared ———————————————————— who being duly sworn. alleges, on information and belief. that on the ___27th___ day of ___January___ , 20 _20_ , in _____ LAKE _____ County, Florida, the defendant did:

Have an Active Lake County Warrant for:

CT1- UNLAWFUL POSSESSION OF PERSONAL IDENTIFICATION
INFORMATION OF ANOTHER PERSON

Bond: $5,000

Court Case Number: 20CF224-04

SWORN to and SUBSCRIBED before me

this ___27th___ day of ___January___

20 20

Notary Public       Certified Officer
(circle one)

Personally Known       OR Produced Identification

Type of Identification Produced _____

D/8 Wgo 2784

AFFIANT

L C S O

ARRESTING AGENCY

SEAL

LORA LANE
Commission # GG 345164
Expires June 13, 2023
Bonded Thru Troy Fain Insurance 800-385-7010

Page ____ of ____ Page

fpdf v1 20040624

| Complaint/Arrest Affidavit Continuation | | Court Case No. 20 CF 000224 | | Agency Case No. 200015470 |
|---|---|---|---|---|
| Defendant's Name: | Last  Halbig | First  Wolfgang | Middle  W | Date of Birth  08/10/1996 |

## FIRST APPEARANCE FINDINGS & ORDERS

Based upon the foregoing Affidavit and/or Sworn Testimony of _____ the undersigned finds and determines:

☐ As to charge(s) ___, ___, ___, ___, ___, that there was at the time of arrest and is probable cause to believe the defendant has committed the offense with which he/she is accused and it is hereby Ordered and Adjudged that defendant is to be detained or post bond as otherwise affixed pending further proceedings.

☐ As to charge(s) ___, ___, ___, ___, ___, that there is a lack of evidence that the defendant committed the offense with which he/she is accused, and it is hereby Ordered and Adjudged that the Sheriff or Chief of Police having custody is directed to forthwith release defendant from custody on defendant's own recognizance, subject to defendant appearing at all subsequent court proceedings upon proper notice.

☐ As to charge(s) ___, ___, ___, ___, ___, that it is hereby Ordered and Adjudged the matter of probable cause is hereby continued until the next First Appearance Hearing after date hereof, at which Hearing the Arresting Agency shall present any further proof of probable cause that it may possess.

### RELEASE ORDER

The above named Defendant was brought before the undersigned on this date at 730 o'clock, A M. for a first appearance hearing and the undersigned thereupon informed him/her of the charge against him/her and provided him/her with a copy thereof and also adequately advised him/her that (1) he/she was not required to say anything and that anything he/she did say might be used against him/her, (2) if he/she was financially unable to afford an attorney that the Court would appoint one to represent him/her, and (3) he/she had the right to communicate with his/her attorney, his/her family, or his/her friends and if necessary reasonable means would be provided to enable him/her to do so; and the undersigned having considered all available relevant factors necessary to determine whether bail is necessary to assure Defendant's future appearance, and found that same is _____ necessary, it is upon consideration thereof ORDERED AND ADJUDGED that the Defendant

☐ Be released on his/her own recognizance upon the condition that he/she appear as agreed below.

☐ Be admitted to bail in the amount of $ _____ as to charge A, _____ as to charge B, $ _____ as to charge C, $ _____ as to charge D, and $ _____ as to charge E, upon the condition that he/she appear as agreed below.

DONE AND ORDERED this 21 day of Jan , 2020 , at _____ Lake _____ County, Florida

_____
JUDGE

## DEFENDANT'S OATHS & AGREEMENTS
### OATH OF INDIGENCY

( ) The above name Defendant personally appeared before me and, being duly sworn, states:

(1) I am the Defendant above named and desire the assistance of counsel in these proceedings.

(2) I represent to the court, under penalty of perjury, that I am without money or means with which to employ a lawyer. I have no assets which could be converted to cash, mortgaged or pledged to raise sufficient funds to employ a lawyer.

(3) Pursuant to Section 27.56, Florida Statutes, I understand that in the event I am found guilty of a criminal act, I may be civilly liable for Court cost and a reasonable attorney's fee incurred in my defense. I further understand that I shall have the opportunity to be heard and offer objections to the determination of the value of the services of the Public Defender or appointed private counsel, and cost, at the time of the final disposition of my case.

### AGREEMENT TO APPEAR

I hereby acknowledge receipt of a copy of the above and I agree and promise to appear in Courtroom _Secretary_ of the _Lake_ County Courthouse, in _Tavares_ , Florida, on the _24_ day of _Feb_ , 2020 , at 0830 o'clock, A .M., and at such other times as the Court may order, and also agree to notify the Clerk of the Court, in writing, of my new address should I move from the address below.

DATED: _Jan 27_ , 2020

SWORN TO AND SUBSCRIBED BEFORE ME THIS 27 DAY OF _Jan_ 2020

_Bainbridge_ 2535

Notary Public/Certified Officer (Circle One) Seal
Personally known OR produced identification  ID
Type of identification produced _____

_Defendant_
25526 Hawks Blvd
_Address_
Sorrel, Fl. 32776

Page 3

Case Number 5:22-cv-106-JA-PRL

# Exhibit 10 and 10a
# SH Facts Web Page

Details that can be released are scarce; however, this is what I can tell you.

On Thursday, Jan. 23, I was advised a warrant had been issued for Wolfgang Halbig. I was asked to keep the information secret until the arrest was made.

In order to verify the information, I checked the Circuit Court of Lake County Website and found the case. I took two screen captures. There were two counts of felony 817.568(5B) and it showed a bench warrant had been issued 1/23/20. Before I could take more than two screen captures, the case disappeared from the website.

Since I pre-wrote most this post, I'm not sure if it is back online yet because the site has not been checked.

Here are the two screen captures

**Exhibit 10  SH Facts web page**





The limited backstory I can discuss.

Exhibit ¹⁰³, Sandy HOOK facts EXPANDED WEB PAGE



Case Number 5:22-cv-106-JA-PRL

# Exhibit 11
# News Article

INTERNET ARCHIVE
WayBackMachine

https://www.huffpost.com/entry/wolgang-halbig-charged-sandy-hook-felony_n_5e2f2a42c5b67d8874b7ba3d   Go

9 captures
27 Jan 2020 - 1 Feb 2020

DEC  APR  FEB
◄ 27 ►
2019 2006 2021

☰ Q

# ‖HUFFPOST‖

NEWS   POLITICS   ENTERTAINMENT   COMMUNITY   LIFE   PERSONAL   VIDEO   SHOPPING   HIGHLINE

*U.S. NEWS*   01/27/2020 01:59 pm ET | Updated 1 hour ago

# Sandy Hook Hoaxer Wolfgang Halbig Charged With Felony

Halbig worked in tandem with Infowars host Alex Jones to spread lies about the parents of dead children.

By Sebastian Murdock



TRENDIN

Romney: 'In
Likely' More
Will Support
Bolton As W

Kobe Bryant

https://web.archive.org/web/20060415000000/https://www.huffpost.com/entry/wolgang-halbig-charged-sandy-hook-felony_n_5e2f2a42c5b67d8874b7ba3d

**Exhibit** 11 **News Article**

**Case Number 5:22-cv-106-JA-PRL**

# Exhibit 12
# Pozner Extortion Letter

**MARCUS LAW CENTER, LLC**
SUITE 1111
2600 Douglas Road
CORAL GABLES, FLORIDA 33134

ALAN K. MARCUS, ESQ.                                                              TEL: (305) 507-1203
NICHOLAS M. VICENTE, ESQ.                                                        FAX: (305) 507-1204

March 17, 2017

VIA Email only to wolfgang.halbig@comcast.net

Wolfgang Halbig
25526 Hawks Run Lane
Sorrento, FL 32776

   RE:  COMMUNICATION FOR SETTLEMENT PURPOSES ONLY
       Pozner v. Halbig, Case No. 2015 CA 001693

Dear Mr. Halbig,

My client Leonard Pozner and I have discussed this case in detail and although we feel like we still have a strong case against you for your past defamatory actions, in good faith and in the best interest of all parties hereto, my client has directed me to propose a settlement offer to conclude this litigation.

As you know, my client has significantly suffered great emotional distress as a result of the shooting that took place in the Sandy Hook Elementary School, wherein my client lost his only son Noah Pozner. Likewise, my client's family members have also suffered a degree of distress from having lost a family member to the shooting. Similarly, many other families have also suffered as a result of said shooting, including those other parents and families that lost their children and other loved ones to the shooting.

Based on the foregoing, to prevent further distress from litigations related to this incident, my client is willing to settle this case with you if you agree to the following three points:

1. You agree and covenant that you will never discuss Leonard Pozner's life, including his family members, more specifically Noah Pozner, and including his former wife Veronique Pozner.
2. You agree and covenant to publicly state that you have realized that the theory you were relying upon to prove that the Sandy Hook Shooting did not take place is false and misplaced. However, you are not required to state that the Sandy Hook Shooting actually took place, only that the theory you were relying upon to prove that it was a hoax turned out to be false.
3. You agree and covenant to pay my client the amount of $10,000.00, which will cover all my client's attorney's fees and costs incurred in this litigation to date.

1

Please be advised that pursuant to Florida law, this settlement offer is meant for settlement purposes only and shall not be used for any other purposes, including publishing this letter in full or any part hereof.

We anticipate your prompt acceptance of this settlement offer in light of the circumstances. However, should you have any questions or concerns, please contact our office at your earliest convenience.

Very truly yours,

*/s/ Signed in Mr. Marcus's absence to avoid delay.*

Alan K. Marcus, Esq.
AKM/pje

cc: Leonard Pozner

Case Number 5:22-cv-106-JA-PRL

# Exhibit 13
# "Nolle Prosequi"

Case 5:22-cv-00106-JA-PRL   Document 60   Filed 07/25/22   Page 219 of 221 PageID 711

**IN THE COUNTY COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA**

STATE OF FLORIDA

v.

Wolfgang Halbig,
      Defendant.

_____/

CASE NO.   2020-MM-001628-A-JN
AGENCY #: LCSO 190142079

CHARGE:
I HARASSEMENT BY USE OF PERSONAL
IDENTIFICATION INFORMAITON

<u>**NOLLE PROSEQUI**</u>

Comes now the State of Florida, by and through its undersigned Assistant State Attorney, and announces *nolle prosequi* against the Defendant, WOLFGANG HALBIG, in the above-entitled cause based on the following grounds:

OTHER LEGAL ISSUES - IN ORDER TO BE HARASSMENT UNDER FLORIDA LAW, THE ACT CHARGED MUST BE COMPLETELY DEVOID OF LEGITIMATE PURPOSE. BECAUSE THE EMAIL IN THIS CASE WAS SENT ONLY TO GOVERNMENT AGENCIES AND NEWS OUTLETS FOR THE STATED PURPOSE OF INVESTIGATING A POTENTIAL CRIME, THE STATE IS UNABLE TO PROVE HARASSMENT AS A MATTER OF LAW.

DATED this the 7<u>th</u> day of April, 2021.

I HEREBY CERTIFY Michael Barber, 1212 Woodward St Suite 5, Orlando, FL   32803, by hand or mail delivery or electronic service, by electronic service, and the Lake County Jail by facsimile this 7<u>th</u> day of April, 2021.

BRAD KING
STATE ATTORNEY
FIFTH JUDICIAL CIRCUIT OF FLORIDA

BY       _/s/ *Chris Small*_____

Christopher Dawson Small
Assistant State Attorney
Fla. Bar # 23249
Lake County Judicial Center
550 West Main Street
PO Box 7800
Tavares, FL 32778
(352) 742-4236
EServiceLake@sao5.org

**5:22-CV-106-JA-PRL**

# Exhibit 14

# Excerpt

# State Attorney - Obligations and Responsibilities

State Attorney - Obligations and Responsibilities

## PROSECUTION OF CRIMINAL ACTS

### Felony, Misdemeanor and Criminal Traffic Cases

The State Attorney is required to represent the State in the prosecution of all criminal cases arising out of their respective circuits (F.S. 27.02). A criminal case may be generated by several different events.

1.      **Arrest of an offender** - The State Attorney must review every arrest for violations of state law that occur in their respective circuits. This review process can be very extensive especially when body cam evidence as video footage is presented. There may be several officers at a scene equipped with body cams and each video must be reviewed by the intake prosecutor. This may include multiple hours of footage. Law enforcement prepares criminal investigations, arrest reports, victim affidavits and witness statements in addition to securing the evidence needed to prove each and every element of the offense charged by the arrest. Law Enforcement presents their completed investigation, statements and evidence to the State Attorney for review. Once the State Attorney has completed the pre-filing review and the evidence presented, a decision is made to either file an Information charging document, file an amended charge, decline or no-info the charges or defer the case back to the arresting agency for further investigation.

When an Information or Indictment is filed by the State Attorney with the Clerk of the Court, the case then proceeds to arraignment, discovery preparation, depositions, motion responses, pretrial hearings, trial or plea, and sentencing. If there is a conviction then the appellate process may begin. If the appeal is from county court to circuit court the State Attorney must respond. The State Attorney may respond if the appeal is from circuit court to the District Court of Appeals or the Florida Supreme Court.

2.      **Non-Arrest Cases Submitted by Law Enforcement** -The State Attorney receives from law enforcement complaints and reports of criminal activity that require investigation and evaluation prior to arrest. Each one of these complaints must be investigated thoroughly by law enforcement and/or the State Attorney to determine whether a crime has been committed and who has committed the crime. The investigation may include sworn witness statements, evidence collection, search warrants, subpoenas duces tecums, and more.

When the State Attorney has completed its review of the investigation, a decision is made to either file with the Clerk of Court an Information or decline to file any charges. If charges are filed an arrest warrant or issue summons must be prepared to bring the accused into custody. Once the accused is arrested the case proceeds to arraignment, discovery preparation, motion response, pretrial hearings, trial and sentencing. The appellate process then begins as outlined above.

3.      **Complaints submitted by non-Law Enforcement and Citizens** - The State Attorney receives from non-law enforcement and citizens' complaints of alleged criminal activity. These complaints must be thoroughly investigated to determine whether a crime has occurred and who has committed the crime. The investigation may include sworn witness statements, search warrants, evidence collection, subpoena duces tecums and more. When the State Attorney has completed its investigation the same procedure as outlined above for non-arrest law enforcement cases is followed.

4.      **State Attorney Initiated Investigations** - The State Attorney may initiate an investigation if they have reason to believe a crime has occurred and an investigation is warranted.