UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**WOLFGANG W. HALBIG,**

    **Plaintiff,**

v.                                                             Case No: 5:22-cv-106-JA-PRL

**LAKE COUNTY, FLORIDA, LAKE COUNTY, FLORIDA SHERIFF, ELLORY OSTERBERG, COREY WINGO, TODD ENGLISH, DANIEL CONLEE, MICHAEL MORRIS, JONAH DEMKO, DARREL THOMAS, ERICA RODRIGUEZ, JOSEPH SCHLABACH, LAKE COUNTY DISTRICT ATTORNEY, FLORIDA STATE ATTORNEY and STEPHANIE MAHANEY,**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

This action arises out of Plaintiff Wolfgang Halbig's arrest by the Lake County Sheriff's Office ("LCSO") and his prosecution by the Office of the State Attorney for the Fifth Judicial Circuit ("SAO5"). Halbig, who is proceeding *pro se*, initiated this action by filing a complaint against Defendants from both the LCSO and SAO5 asserting federal claims under 42 U.S.C. §1983 and 18 USC §1961, et seq, the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Defendants moved to dismiss the Complaint and Plaintiff

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

requested leave to file an amended complaint which he has done. (Doc. 60). Defendants have now filed motions to dismiss the Amended Complaint. (Docs. 63, 64).[2] I submit that the motions should be granted because the Amended Complaint constitutes an impermissible shotgun pleading and the claims against the SAO5 and Assistant State Attorney Stephany Mahaney ("ASA Mahaney") are barred by prosecutorial immunity and Eleventh Amendment immunity.[3]

I. Background

Halbig alleges that he was arrested at his residence by officers of the LCSO on January 27, 2020, at 1:30 a.m. and subjected to "illegal and false arrest, excessive, unnecessary force, false imprisonment, and public humiliation." (Doc. 60 at ¶6). According to Halbig, his arrest was unlawful because an arrest warrant could not be properly issued for the misdemeanor offense with which he was charged. (Doc. 60 at ¶7). Halbig asserts that he experienced "wanton police misconduct, illegal and false arrest, collusion, conspiracy, prosecutorial misconduct, and racketeering, with little or no legitimate law enforcement objectives." (Doc. 60 at ¶43). Halbig contends his arrest was designed and planned to embarrass him, suppress his freedom of expression and association, limit his FOIA inquiries regarding public documents and ruin him financially by damaging his business properties and operations. (Doc. 60 at ¶¶44, 45). Halbig asserts that employees of the LCSO and the SAO5 possessed exculpatory material regarding his arrest and that they purposely concealed it or failed to

---

[2] The motion at Doc. 63 is filed by Lake County Florida Sheriff, Ellory Osterberg, Corey Wingo, Todd English, Daniel Conlee, Michael Morris, Jona Demko, Darrel Thomas, Erica Rodriguez and Joseph Schlabach. The motion at Doc. 64 is filed by SAO5 and Assistant State Attorney Stephany Mahaney.

[3] Given the Court's conclusion that Plaintiff's claims against ASA Mahaney are barred by prosecutorial and Eleventh Amendment immunity, it need not address the alternative argument that the claims are barred by qualified immunity.

recognize such material promptly. (Doc. 60 at ¶¶47, 48). He further alleges that the failure to turn over exculpatory material was more than wrongful conduct by one ASA and "had to be perpetuated and ratified by high-level officials within the LCSO and SAO5." (Doc. 60 at ¶50). And Halbig claims that officers, supervisors, and SAO5 Employees provided false and misleading information, omitted material facts, ignored exculpatory evidence, and failed to follow leads regarding officer misconduct.

As for his RICO claims, Halbig alleges that the RICO Enterprise is the LCSO, Lake County, Florida, and the SAO5 which includes the named Defendants and certain officers, directors, and Employees currently unknown to Halbig. (Doc. 60 at ¶206). Halbig alleges that Defendants, utilizing the Enterprise since at least 2013, have engaged and continue to engage in unlawful and intentional obstruction of justice, obstruction of criminal investigations, and obstruction of state or local law enforcement by subjecting him to assault, arrest, intimidation, and false light abuse, then covering up and concealing my legal freedom of information requests and demands to investigate Defendants' abuses. (Doc. 60 at ¶208). Halbig further asserts that Defendants and the Enterprise obtained and continue to receive public funds, assets, and information, and in the process, Defendants cheated and defrauded Halbig out of his potential business enterprise, employment, finances, and support. (Doc. 60 at ¶209). Halbig alleges that Mahaney and currently unknown employees of LCSO and SAO5 used their influence in the LCSO to persuade the LCSO employees, including Deputy Sheriffs Ellory Osterberg and Corey Wingo to conceal, cover-up, condone, and facilitate the arrest and abuse of the Plaintiff. (Doc. 60 at ¶236).

The Amended Complaint alleges eight counts. Count One is a claim against all Defendants for "False Arrest, False Imprisonment, Excessive Force, and Abridgement of

Privilege." Count Two is a claim for First Amendment Violations of "Free Speech and Assembly" against all Defendants. Count Three is a claim of Fourteenth Amendment Violations of Due Process against all Defendants. Count Four is a claim against all Defendants for a Fourteenth Amendment Violation of the Equal Protection Clause. Count Five is a claim for Conspiracy to Interfere with the Assertion of Constitutional Rights against all Defendants. Count Six is a claim for supervisory liability against all Defendants. Count Seven is a so-called "Monell Civil Rights Violation" against Defendants Lake County, Lake County Florida Sheriff, and "SAO5." Count Eight is a claim for Violation of RICO against all Defendants. He seeks $30 million in compensatory and punitive damages. (*Id*. at 44).

## II. Standard of Review

A *pro se* complaint is entitled to a generous interpretation. *Haines v. Kerner*, 404 U.S. 519 (1972). Even so, the complaint must meet certain pleading requirements. Under Rule 12(b)(6), a complaint that fails to "state a claim upon which relief can be granted" is subject to dismissal. In reviewing a motion to dismiss, a court considers the complaint, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322-23 (2007). To withstand a motion to dismiss, the complaint must state a claim to relief that is plausible on its face; that is, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A pleading that offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. "Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Further, under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." If the court cannot "infer more than the mere possibility of misconduct," the complaint does not show entitlement to relief. *Iqbal*, 556 U.S. at 679.

### III. Discussion

#### A. Shotgun Pleading

Defendants collectively argue that Plaintiff's Amended Complaint should be dismissed because it is a shotgun pleading. Complaints that violate Federal Rules of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23.

The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require

the district court to sift through allegations to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(B)(6) or for a more definite statement under Rule 12(e). *Paylor v. Hartford Fire Ins. Co.* 748 F.3d 1117, 1126 (11th Cir. 2014).

Here, Halbig purports to assert seven counts under §1983 and one count pursuant to RICO. Each Count realleges and incorporates all allegations of the 45-page Amended Complaint, thus making it difficult, if not impossible, to determine which allegations pertain to which count. Moreover, the Amended Complaint groups multiple defendants and causes of action together without clarifying who committed which of the complained-of acts. For example, Count One is brought against all Defendants in their individual, personal and official capacities for alleged "Fourth and Fourteenth Amendment Violations (False Arrest, False Imprisonment, Excessive Force, Abridgment of Privilege." In that Count, Halbig alleges that Officer Wingo or his supervisors directed officers to use excessive force against Halbig; Officer Wingo and "unknown helpers" used improper force and failed to intervene to stop use of force; and unnamed Defendants not physically present at the arrest location participated in the violations by "wanton collusion and conspiracy." (Doc. 60 at ¶¶95-108). The reader is left to guess as to what role, if any, the other Defendants played in the alleged violations. This is further complicated by the fact that the Amended Complaint does not include any specific factual allegations regarding most Defendants.[4] Likewise, Counts Two, Three, Four, Five, Six, and Eight (which are brought against all Defendants) are replete with

---

[4] Although named as Defendants, the Amended Complaint does not include any factual allegations regarding Defendants Todd English, Dan Conlee, Michael Morris, Jonah Demko, Darrel Thomas, Erica Rodriguez, and Joseph Schlabach.

allegations that the Defendants generally engaged in certain conduct, without clarifying how (or if) each of the thirteen Defendants participated in the alleged wrongdoing. Accordingly, Plaintiff's Amended Complaint should be dismissed as a shotgun pleading.

### B. Legally Barred Claims

In addition, the State Attorney Defendants—SAO5 and ASA Mahaney—move to dismiss the Amended Complaint based on various immunities.

#### 1. *Prosecutorial Immunity*

"A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government" in the judicial phase of the criminal process. *Rivera v. Leal*, 359 F.3d 1350, 1353–54 (11th Cir. 2004). The prosecutorial function includes the initiation and pursuit of a criminal prosecution, the presentation of the state's case, and other actions that are "intimately associated with the judicial phase of the criminal process," such as court appearances. *Hoffman v. Office of State Attorney, Fourth Judicial Circuit*, 793 Fed. App'x 945, 950 (11th Cir. 2019) (quoting *Mikko v. City of Atlanta, Ga.*, 857 F.3d 1136, 1142 (11th Cir. 2017). "Prosecutorial immunity extends to 'filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, ... [and] threatening ... further criminal prosecutions.'" *Id.,* (quoting. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2019). "In short, '[a] prosecutor is immune for malicious prosecution.'" *Id.*

Here, Halbig takes issue with the State Attorney Defendants' involvement in his arrest and prosecution. He alleges that "[a]t all times pertinent, the Assistant State Attorney's prosecuting him were acting within the scope of their employment." (Doc. 60 at ¶90). Specifically, Halbig alleges that employees of the SAO5 failed to turn over exculpatory

material regarding his arrest; provided false and misleading information, omitted material facts, ignored exculpatory evidence, and failed to follow leads regarding officer misconduct.

Based on these allegations, the State Attorney Defendants are entitled to absolute prosecutorial immunity. As the Eleventh Circuit has explained, "under our binding case law, [a prosecutor] cannot be held liable for initiating and continuing prosecutions against the plaintiffs, even assuming he lacked probable cause at the outset and pursued the prosecutions after receiving overwhelming exculpatory information." *Id*. Likewise, immunity applies where a prosecutor withholds exculpatory information during discovery. *Id.; see also, Smith v. Shorstein*, 217 F. App'x 877, 880 (11th Cir. 2007) ("[A] prosecutor is entitled to absolute immunity for actions taken in his role as a government advocate and that are within the 'scope and territorial jurisdiction of his office." (emphasis omitted) (quoting *Elder*, 54 F.3d at 695)); *Jarallah v. Simmons*, 191 F. App'x 918, 921 (11th Cir. 2006) ("Jarallah's complaint alleged defendants initiated baseless charges against him; however, initiating and pursuing a criminal prosecution falls within a prosecutor's duties and such functions are absolutely protected by prosecutorial immunity."); *Farrell v. Woodham*, No. 2:01-cv-417-FtM-29DNF, 2002 WL 32107645, at *5 (M.D. Fla. May 29, 2002) ("The decision to prosecute is protected by absolute immunity from claims that the decision was malicious and unsupported by probable cause." (citing *Imbler v. Pachtman*, 424 U.S. 409) (1976)).

Accordingly, the motion to dismiss (Doc. 64) on the ground of absolute prosecutorial immunity as to the State Attorney Defendants should be granted.

### 2. *Eleventh Amendment Immunity*

Pursuant to the Eleventh Amendment, states are immune from suits in federal court. *See Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Com'n,* 226 F.3d 1226, 1231 (11th Cir.

2000). This immunity extends to state agencies, including the State Attorney's Office. *See Rich v. City of Jacksonville*, No. 3:09–cv–454–J–34MCR, 2010 WL 4403095, at *3–4 (M.D. Fla. Mar. 31, 2010) (*citing Perez v. State Attorney's Office,* No. 6:08–cv–1199–Orl–31KRS, 2008 WL 4539430, at *2 (M.D. Fla. Oct. 8, 2008)). The same is true for the employees of the agency who are sued in their official capacity—like ASA Mahaney in this case. *See Will v. Michigan Dep't of State Polic*e, 491 U.S. 58, 71 (1989) (suits against state officials in their official capacities are not suits against the officials but rather are suits against the officials' offices and are no different from suits against the State).

Accordingly, the motion to dismiss on the grounds of Eleventh Amendment immunity as it relates to the SAO5 and ASA Mahaney in her official capacity should be granted. *See, e.g., Cyber Zone E-Café, Inc. v. King*, 782 F. Supp. 2d 1331, 1337 (M.D. Fla. 2011) (dismissing official capacity suit against the state attorney under the Eleventh Amendment).

### C. Plaintiff's Motion to Strike

In his response, Halbig asks the Court to strike the motions to dismiss without citing any procedural rule supporting such relief. (Doc. 66). The Federal Rules of Civil Procedure provide that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Thus, "[o]nly material included in a 'pleading' may be subject of a motion to strike .... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." *Eubanks v. Henry County, Ga,* No. 1:11-cv-3969-AJB, 2014 WL 1309338, *2 (N.D. Ga. March 31, 2014) (quoting 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37[2] (3d ed. 1999)). Accordingly, Plaintiff's motion to strike should be denied.

## IV. Recommendation

It is recommended that Defendants' motions to dismiss the Amended Complaint. (Docs. 63, 64) be GRANTED and that the Plaintiff's response, styled as a motion to strike (Doc. 66) be DENIED.

Recommended in Ocala, Florida on September 13, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy