UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**WOLFGANG W. HALBIG,**

    Plaintiff,

v.                                     Case No: 5:22-cv-106-JA-PRL

**LAKE COUNTY, FLORIDA, LAKE COUNTY, FLORIDA SHERIFF, ELLORY OSTERBERG, COREY WINGO, DANIEL CONLEE and ERICA RODRIGUEZ,**

    Defendants.

## ORDER

Before the Court is Plaintiff's motion to compel responses to three subpoenas he issued. (Doc. 75). The subpoenas at issue seek the production of documents related to Plaintiff's arrest—the felony warrant, felony affidavit of probable cause, and Lake County Sheriff ("LCSO") incident report. Despite serving three subpoenas seeking these documents on August 30, 2022,[1] one to the LCSO and two to non-parties (the Office of the State Attorney, District 5, and Gary J. Cooney, Lake County Clerk of the Court), Plaintiff states he has yet to receive any response. Defendant Sheriff Grinnell, Sheriff of Lake County, has filed a response in opposition to Plaintiff's motion. (Doc. 79). Because the subpoenas suffer from several deficiencies under the Federal Rules of Civil Procedure, the motion is due to be denied.

---

[1] Plaintiff and Defendant Grinnell state the subpoenas were served on August 30, 2022, but it appears that the subpoenas are dated August 23, 2022. (Doc. 66 at 17-19).

As an initial matter, to the extent Plaintiff seeks the production of documents from a party, a request for production is the proper legal mechanism to seek the documents, rather than a subpoena. See Fed. R. Civ. P. 34 ("A party may serve on any other party a request within the scope of Rule 26(b)" to produce documents.).

As a further initial matter, Plaintiff's motion lacks a Local Rule 3.01(g) certification. Local Rule 3.01(g) requires a party, before filing any motion in a civil case (with certain exceptions inapplicable here), to confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion. This failure alone is a sufficient basis to deny the motion.

Substantively, however, as Sheriff Grinnell aptly argues, the motion should be denied because the subpoenas suffer from two deficiencies—being served without notice and not being issued by the clerk of the court or an attorney admitted to practice in this Court.

Under Federal Rule of Civil Procedure 45, a subpoena may compel the production of documents pursuant to Rule 34. Fed. R. Civ. P. 45 & 34. Before serving a subpoena pursuant to Rule 45, "a notice and copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4); *see Kemper v. Equity Ins. Co.*, No. 1:15-cv-2961-TCB, 2016 U.S. Dist. LEXIS 186575, at *16-17 (N.D. Ga. Apr. 29, 2016).[2] Giving the opposing parties notice of the subpoenas (also termed "prior notice") offers them a reasonable possibility of objecting to the subpoenas before the dates each sets forth. *Fla. Media, Inc. v. World Publ'ns, LLC*, 236 F.R.D. 693, 694 (M.D. Fla. 2006). This District's Local Rules establish that prior notice for

---

[2] In full, Rule 45(a)(4) provides: "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

"subpoena[s] duces tecum require fourteen days' written notice." M.D. Fla. Local Rule 3.04. Here, it appears that the subpoenas were served without notice to the opposing parties, in contravention of Rule 45 and this District's Local Rules.

Additionally, the subpoenas appear deficient under Rule 45 because neither a clerk of the court nor an attorney issued them. Under Federal Rule of Civil Procedure 45(a)(3), "[t]he clerk must issue a subpoena . . . . [or] [a]n attorney . . . authorized to practice in the issuing court." Fed. R. Civ. P. 45(a)(3).[3] Here, Plaintiff, who is not an admitted attorney, apparently tried to issue the subpoenas himself, leaving the clerk of court line blank and signing the attorney line with the written addition of "pro se" above his signed name. This signing is plainly deficient under Rule 45, failing to invoke this Court's power to require the production of documents. *Carpenter v. McCrae*, No. 5:20-cv-603-JSM-PRL, 2021 U.S. Dist. LEXIS 186610, at *2 (M.D. Fla. Sep. 29, 2021) (citing *Fla. Media, Inc.*, 236 F.R.D. at 694).

Based on the foregoing, Plaintiff's motion is **DENIED without prejudice**, such that if this relief is necessary at a later time, he may renew his request.

**DONE** and **ORDERED** in Ocala, Florida on November 29, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] In full, Rule 45(a)(3) provides: "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court." Fed. R. Civ. P. 45(a)(3).