UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**WOLFGANG W. HALBIG,**

    **Plaintiff,**

v.                                    Case No: 5:22-cv-106-JA-PRL

**LAKE COUNTY, FLORIDA, LAKE COUNTY, FLORIDA SHERIFF, ELLORY OSTERBERG, COREY WINGO, DANIEL CONLEE and ERICA RODRIGUEZ,**

    **Defendants.**

## ORDER

Before the Court upon referral are Plaintiff's motion to vacate the Court's Order staying the case management conference and report (Doc. 85), and motion to serve non-party subpoenas. (Doc. 86). The Court's Order ("Stay Order") (Doc. 58), stayed the conference until further order, and nothing has changed since then, as motions to dismiss are pending. (Docs. 33, 54, & 83). Plaintiff has failed to show good cause to compel early discovery before the conference. Therefore, the motion to vacate the Stay Order is denied and the motion to serve non-party subpoenas is denied.

### I. Background

On July 8, 2022, the defendants filed a motion to stay the case management conference, pending the adjudication of their motions to dismiss. (Doc. 56). Instead of responding, Plaintiff filed a motion to amend his complaint. (Doc. 57). The Court granted the motion to stay and motion to amend. (Doc. 59). Now pending before the Court is the defendants' motion to dismiss Plaintiff's second amended complaint. (Docs. 74 & 83).

Plaintiff moves to vacate the Stay Order, taking issue with the defendants allegedly refusing to produce discovery prior to the Rule 26 conference, arguing that they are "obfuscat[ing] and hid[ing] material evidence[.]" (Doc. 85 at 18, Doc. 86 at 4); Fed. R. Civ. P. 26. Further, Plaintiff adopts a similar argument in requesting the Court to issue non-party subpoenas, before the Rule 26 conference. (Doc. 86 at 4).

## II.   Discussion

Although Plaintiff fails to cite authority for his motion to vacate, it appears that Rule 60(b) governs his motion. Fed. R. Civ. P. 60(b); *see Jackson v. United States*, No. 6:05-cv-1643-Orl-19KRS, 2006 WL 8448516, at *1 (M.D. Fla. Oct. 27, 2006) ("A motion to vacate an Order of the Court must be made pursuant to Federal Rule of Civil Procedure 60(b).") (citing *Clarke v. Health & Hum. Servs.*, 180 F. App'x 840, 843 (11th Cir. 2006)). "Under Rule 60(b), a litigant can request relief from a court order . . . upon a showing of, *inter alia*, '(1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment.'" *Clarke*, 180 F. App'x at 843 (quoting Fed. R. Civ. P. 60(b)). Under Rule 60(b)(6), the plaintiff must demonstrate a compelling justification, as vacating an Order "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Jackson*, 2006 WL 8448516, at *1 (citing *Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996); quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).

Here, the plaintiff fails to show any reason that would justify vacating the Stay Order. The circumstances are largely unchanged as like when the Court stayed the case management conference, there are motions to dismiss pending. (Docs. 33, 54, & 83). Finally, the plaintiff fails to show good cause that would justify compelling early discovery and serving non-party

subpoenas.[1] *See TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012); *Dorrah v. United States*, 282 F.R.D. 442, 445 (N.D. Iowa 2012). Under Rule 26(d)(1), a party must generally wait until he has conferred with the opposing party in a case management conference pursuant to Rule 26(f) before seeking discovery. Fed. R. Civ. P. 26(d)(1) & 26(f).

### III. Conclusion

Therefore, the plaintiff's motions to vacate the Stay Order (Doc. 85), and to serve non-party subpoenas (Doc. 86), are **DENIED.**

**DONE** and **ORDERED** in Ocala, Florida on January 31, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Although Plaintiff attempts to comply with Local Rule 3.01(g) in his motion to vacate the Stay Order (Doc. 85 at ¶ 1), he makes no such attempt with his motion to serve non-party subpoenas (Doc. 86). M.D. Fla. Local Rule 3.01(g). While the motion to serve non-party subpoenas is denied for a failure to show good cause, Local Rule 3.01(g), also counsels its denial. *Id.*