[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11875

Non-Argument Calendar

_____

WOLFGANG W. HALBIG,

                                                    Plaintiff-Appellant,

*versus*

LAKE COUNTY, FLORIDA,

LAKE COUNTY, FLORIDA SHERIFF,

Individual and Official Capacity,

ELLORY OSTERBERG,

Individual andOfficial Capacity as

Former Deputy,

COREY WINGO,

Individual and Official Capacity as Deputy,

DANIEL CONLEE,

Individual and Official Capacity as Deputy,

2                    Opinion of the Court                    23-11875

ERICA RODRIGUEZ,
Individual and Official Capacity as Corporal,

                                                    Defendants-Appellees,


TODD ENGLISH,
Individual and Official Capacity as Major,
et al.,

                                                    Defendants.


_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:22-cv-00106-JA-PRL

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

        Wolfgang Halbig, a *pro se* litigant, appeals the dismissal of
his second amended 42 U.S.C. § 1983 complaint against Lake
County, Florida, the Lake County, Florida, Sheriff, and officers El-
lory Osterberg, Corey Wingo, Erica Rodriguez, and Dan Conlee in
their individual and official capacities, alleging that his constitu-
tional rights were violated when he was arrested and prosecuted

for committing a state crime. He argues that the district court abused its discretion by dismissing his second amended complaint as a "shotgun" pleading because the magistrate judge, in drafting the report and recommendation that recommended dismissing the filing, had no trouble interpreting the facts and claims contained within the complaint and attributing the facts to their respective causes of action.

We review the district court's dismissal of a complaint on "shotgun" pleading grounds for abuse of discretion. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted, alteration in original). An adequate complaint requires more than bare conclusions and labels. *Id.* A plaintiff must also "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." *Id.* "A dismissal under Rules 8(a)(2) and 10(b) is appropriate where it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Weiland*, 792 F.3d at 1325 (quotation marks omitted).

4                          Opinion of the Court                    23-11875

So-called "shotgun" pleadings do not provide a short and plain statement of a claim under Rule 8. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). We have "little tolerance for shotgun pleadings," given that "[t]hey waste scarce judicial resources, inexorably broaden[] the scope of discovery, wreak havoc on appellate court dockets, and undermine[] the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotation marks omitted, second and third alterations in original).

"Shotgun" pleadings include complaints that: (1) contain multiple counts where each count adopts the allegations of all preceding counts; (2) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; or (4) assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. *Weiland*, 792 F.3d at 1321-23. All these types of "shotgun" pleadings are characterized by their failure "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

In *Weiland* and *Pinson*, we concluded that the district court erred in dismissing a complaint as a "shotgun" pleading. *See id.* at 1326; *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1208 (11th Cir. 2019). In *Weiland*, the plaintiff appealed the district court's dismissal with prejudice of his § 1983 claims after the district court determined that those counts "(1) incorporated all of

23-11875                Opinion of the Court                5

the factual allegations contained in paragraphs 1 through 49 inclusive; and (2) failed to identify which allegations [were] relevant to the elements of which legal theories and which constitutional amendments govern which counts." 792 F.3d at 1324 (quotation marks omitted). In beginning our analysis, we noted that the district court dismissed the claims because the plaintiff had failed to remedy the violations despite previously having the opportunity to amend "even though [the district court] was able to determine from the complaint that [the plaintiff] had stated a claim for relief against the two deputies under the Fourth Amendment and for conspiracy to violate his constitutional rights." *Id.* In reversing the district court's order, we determined that although the complaint appeared to be a common "shotgun" pleading on its face, the plaintiff did not simply reallege irrelevant factual allegations and legal conclusions in each claim. *Id.*

We further explained that "this [was] not a situation where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count." *Id.* Specifically, we determined that both the defendants, who did not make a motion for a more definite statement under Fed. R. Civ. P. 12(e), did not have any trouble understanding the claim against them, and we stated that the same could be said for the district court. *Id.* We undertook an analysis of each count and found no issue in relating the factual allegations to their claims. *Id.* at 1324-25. We further noted that while the defendant included constitutional amendments in his complaints under which he was not entitled to relief, that was not

an appropriate ground for dismissal under Fed. R. Civ. P. 8(a)(2) and 10(b). *Id.* at 1325. Accordingly, we held that the district court abused its discretion by dismissing two counts of the defendant's complaint as a "shotgun" pleading. *Id.* at 1326.

In *Pinson*, reviewing the district court's grant of a motion to dismiss for failure to state a claim *de novo*, we similarly reversed the district court's dismissal of the plaintiff's *pro se* complaint as a "shotgun" pleading. *See* 942 F.3d at 1206-08. Although the plaintiff's complaint adopted the allegations of the preceding counts and was "perhaps longer than it need[ed] to be[,]" we stated that that "it d[id] not contain endless irrelevancies." *Id.* at 1208. We explained that the complaint did what it "must do" by giving the defendant adequate notice of the claims against it and the allegations upon which those claims rested. *Id.* We had "no trouble" understanding the plaintiff's allegations and there was no indication that the defendant had any trouble understanding the complaint, which would explain why it failed to move for a more definite statement before the district court. *Id.* We further emphasized that the defendant and the district court understood the claims contained in the complaint "well enough to address the[] merits" in the motion to dismiss and the order granting that motion. *Id.* We ultimately decided to address the plaintiff's complaint on the merits because, although the "shotgun-pleading rule applies to everyone," we liberally construe *pro se* pleadings. *Id.*

"Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the

complaint before the district court dismisses the action with prejudice." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018).  However, a district court need not allow amendment in the event of undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  A district court can dismiss a complaint on "shotgun" pleading grounds under its "inherent authority to control its docket and ensure the prompt resolution of lawsuits."  *Vibe Micro Inc.*, 878 F.3d at 1295 (quotation marks omitted).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers and will be liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).  Nevertheless, *pro se* litigants are required to comply with applicable procedural rules.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). The leniency afforded *pro se* litigants with liberal construction "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *Campbell*, 760 F.3d at 1168-69 (quotation marks omitted). Moreover, although we liberally construe *pro se* pleadings, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  An appellant fails to adequately brief a claim when he does not "plainly and prominently raise it," such as by making only passing references to the court's holding without advancing any arguments or citing any authorities to establish that there was error.  *Sapuppo v. Allstate*

*Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation marks omitted).

As a preliminary matter, Halbig has abandoned any challenge to the district court's determination that he failed to state a claim for relief in his Count Seven *Monell* claim because he failed to raise such an argument in his brief. *Timson*, 518 F.3d at 874. Liberally construed, Halbig only broadly argues that his second amended complaint was not a "shotgun" pleading because the magistrate judge had no trouble interpreting the facts and claims contained within the filing. Accordingly, this Court need not address whether the district court erred in dismissing Count Seven of Halbig's second amended complaint for failure to state a claim.

Turning to the merits of the remaining counts, the district court did not abuse its discretion by dismissing Halbig's second amended complaint as a "shotgun" pleading. Specifically, this case can be distinguished from *Weiland* and *Pinson*, the cases primarily relied upon by Halbig. First, it is true that none of the Defendants here moved for a more definite statement in the district court, and this Court has found the failure to do so is some indication that the Defendants understood the claims against them. *See Weiland*, 792 F.3d at 1324; *Pinson*, 942 F.3d at 1208. Further, Halbig is correct that the magistrate judge attempted to summarize his second amended complaint at the beginning of the Report and Recommendation ("R&R"). However, the magistrate judge was unable to conduct as thorough of an examination of the facts alleged by Halbig as this Court and the district courts appeared to have been able to do in

*Weiland* and *Pinson*.  *See Weiland*, 792 F.3d at 1324-25; *Pinson*, 942 F.3d at 1207-08.  The magistrate judge was only able to give a general overview drawn from the second amended complaint's statement of facts and was unable to name any specific Defendants as responsible in the allegations.  When it came to summarizing the causes of action, the magistrate judge simply recited the titles Halbig had given to each count and pointed out the deficiencies in the context of Count One, showing that the second amended complaint failed to "present more than labels and bare conclusions." Dist. Ct. Doc. 88 at 3, 5; *Twombly*, 550 U.S. at 555.  Additionally, in his objections to the R&R, Halbig pointed out that the magistrate judge had misstated one of the allegations in his complaint, further evidencing the magistrate judge's difficulty in interpreting Halbig's claims.

Further, Halbig's second amended complaint had several additional deficiencies that made it "virtually impossible" for the Defendants "to know which allegations of fact are intended to support which claim(s) for relief."  *Weiland*, 792 F.3d at 1325 (quotation marks omitted).  Although Halbig had corrected his complaint in some ways from the previous filings, the second amended complaint still did not meet the requirements of Fed. R. Civ. P. 8(a) because, despite not specifically reincorporating each count's factual allegations, it still failed to give the Defendants notice of the grounds upon which each claim rests. *Id.* at 1323.  While Halbig made specific allegations against specific defendants regarding some counts, he asserted many of his claims generally and did not identify which claims he was bringing against which Defendant or

what each specific Defendant did with respect to that count.  First, aside from Officers Osterberg and Wingo, Halbig failed to name any of the Defendants who participated in his alleged unlawful arrest and prosecution in his statement of facts.  Moreover, his recitation of the facts ends with his arrest, and he fails to elaborate in the second amended complaint how his constitutional rights were particularly infringed upon by the Defendants in the time that followed his arrest.

Additionally, the causes of action in Halbig's second amended complaint were "replete with conclusory, vague, and immaterial facts," as he failed to describe with specificity what constitutional violations he suffered and only alleged the Defendants generally participated in "the actions" described in the second amended complaint, whether physically present at the scene of his arrest or through "[c]ollusion and [c]onspiracy." *Weiland*, 792 F.3d at 1322.  Halbig further failed to separate each cause of action or claim for relief into separate counts and asserted several claims against multiple defendants in the same counts without specifying which of the Defendants is responsible for the action. *Weiland*, 792 F.3d at 1322 23.  For instance, as the government argues, Count One asserted four different causes of action under the Fourth and Fourteenth Amendments but failed to specify which facts related to each of these claims or name all the Defendants responsible for the alleged excessive force, false imprisonment, false arrest, and abridgement of privilege.  Moreover, in several counts, Halbig specifically named some Defendants but then pointed to unnamed "helpers" and nameless "officers" as jointly responsible for the claimed

violations, which, as the magistrate judge identified, left the reader "to guess as to what role, if any" many of the Defendants had in each of the allegations.

Also, despite Halbig's argument that he should have been given the opportunity to amend his second amended complaint and was not instructed on how to avoid filing future "shotgun" pleadings, the record shows he was given two chances to amend before having it dismissed with prejudice. *Woldeab*, 885 F.3d at 1291. The instant complaint represented his second attempt to cure his defective pleading. In asking the court for leave to amend after receiving the Defendants' motion to dismiss that explained, in part, that he had filed a "shotgun" pleading by alleging multiple causes of action against all the Defendants without specifying which factual allegations related to each party, Halbig recognized that his original complaint was procedurally flawed. He told the court he would be more precise in future filings by "nam[ing] the individuals and their misdeeds that require[d] answers and possibly withdraw[ing] the names of individuals [he] c[ould not] tie to specific allegations."

Also, when recommending the dismissal of his amended complaint, the magistrate judge provided Halbig with ample guidance of what deficiencies caused his amended complaint to be dismissed as a "shotgun" pleading. As relevant to the deficiencies that reappeared in the second amended complaint, the magistrate judge explained that Halbig improperly brought Counts One through Six against all the Defendants without specifically alleging how each

12                    Opinion of the Court                    23-11875

were individually involved in the claims.  The magistrate judge conducted a step by step analysis of the shortcomings of Count One. With this in mind, the district court stated when dismissing the second amended complaint that Halbig had "be[en] on notice from early in the case of the pleading deficiencies" and "ha[d] not, through two amendments, cured those deficiencies."  Therefore, the district court, exercising its inherent authority to control its dockets, did not abuse its discretion by dismissing Halbig's second amended complaint on "shotgun" pleading grounds without giving him another opportunity to amend, as he had repeatedly failed to cure the procedural defects in his filings.  *See Vibe Micro Inc.*, 878 F.3d at 1295; *Foman*, 371 U.S. at 182.

   **AFFIRMED.**

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 07, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  23-11875-B
Case Style:  Wolfgang Halbig v. Lake County, Florida, et al
District Court Docket No:  5:22-cv-00106-JA-PRL

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing <u>must</u> include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** <u>See</u> 11th Cir. R. 35-5(k) and 40-1.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, <u>see</u> FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>
General Information:    404-335-6100       Attorney Admissions:        404-335-6122
Case Administration:    404-335-6135       Capital Cases:               404-335-6200
CM/ECF Help Desk:    404-335-6125       Cases Set for Oral Argument:  404-335-6141

OPIN-1 Ntc of Issuance of Opinion